1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THE WESTON FIRM**
GREGORY S. WESTON (239944)
JACK FITZGERALD (257370)
888 Turquoise Street
San Diego, California  92109
Telephone: 858.488.1672
Facsimile:   480.247.4553
greg@westonfirm.com
jack@westonfirm.com

Counsel for Plaintiffs Evangeline Red and
Rachel Whitt, and the Proposed Classes

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELINE RED and RACHEL WHITT, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and KRAFT FOODS GOLBAL, INC.,<br><br>Defendants. | Case No. 2:10-cv-01028 GW (AGRX)<br>Pleading Type: Class Action<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF NOTICE OF TERMINATION OF BECK & LEE**<br><br>Hearing Date: September 9, 2010<br>Time: 8:30 a.m.<br>Courtroom: 10<br>Judge: The Hon. George H. Wu |

## I.      INTRODUCTION AND BACKGROUND

In the past several months, irreconcilable differences arose between The Weston Firm of San Diego and Beck & Lee Business Trial Lawyers of Miami in their plans for the prosecution of several putative class actions. As a result of these differences, Mr. Weston consulted Plaintiffs Evangeline Red and Rachel Whitt and, with their authorization, wrote a letter on August 12, 2010 notifying Beck & Lee of its termination. The letter requested the Becks file the appropriate notice of withdrawal form with the Court. The next day, Mr. Beck wrote acknowledging receipt of the letter but refusing to file a notice of withdrawal, while stating the Becks had information suggesting Mr. Weston had engaged in various improprieties. Because the Becks refused to file a notice of withdrawal, Ms. Red and Ms. Whitt were forced to file a signed Notice of Termination (Dkt. No 49),[1] which the Becks, no longer authorized to file anything here as non-parties, now purportedly "oppose" (Dkt. No. 51).[2]

---

[1] Mr. Weston reviewed the various available forms and concluded that because the Becks refused to file form G-06 removing themselves as counsel as record in this action, and no other form was available, his clients would be required to file a separate signed Notice of Termination, which they did on August 16, 2010. Lacking an official form, the Notice of Termination and Proposed Order was modeled on one submitted to and entered by the Honorable Susan Illston under similar circumstances. *See* Notice of Termination in *Alvarado v. FedEx*, attached hereto as **Exhibit A**.

[2] Three days after the Becks filed the opposition, the Court granted Plaintiffs' Notice of Termination (Dkt. No. 53), and so Plaintiffs never took the opportunity to respond to the Becks' "opposition." Because the Court today vacated its previous Order and set a September 9 hearing on the issue (Dkt. No. 54), Plaintiffs respond to Beck & Lee's Opposition by this brief memorandum.

Plaintiffs,[3] however, have an absolute right to terminate their counsel, and their signed notice unambiguously reflects that they have done so. The Becks are not parties to this action, and their dispute with the Weston Firm over their termination is not an issue for the Court resolve, but a contract dispute between the law firms. Beck & Lee have no standing to file documents with the Court. If the Becks have evidence the Weston Firm is not qualified to represent the proposed class, they are free to provide such evidence to Defendant, who may use it to oppose class certification.[4]

Mr. Weston's clients filed similar Notices in *Red et al. v. The Kroger Company*, No. CV 10-01025 DMG (C.D. Cal.); *Logan v. Apple, Inc. et al.*, No. 3:10-cv-02588-CW (N.D. Cal.); *Red et al. v. Unilever United States*, No. 10-cv-00387-JW (N.D. Cal.); and *Henderson et al. v. Gruma Corp.*, No. 2:10-cv-04173-AHM (C.D. Cal.). Recognizing Plaintiffs' rights to terminate, the Honorable Dolly

---

[3] Plaintiffs are both happy clients of only the Weston Firm. They both first contacted Mr. Weston in 2008 because they were class members in another class action involving real estate investments, and periodically contacted Mr. Weston during its pendency. In that action, the Hon. Margaret M. Morrow appointed the Weston Firm sole class counsel and both Ms. Red and Ms. Whitt received sizable settlements. Thereafter, they stayed in touch with Mr. Weston and sometimes brought other legal issues they had to him.  They have, by contrast, never even spoken to the two Beck attorneys in Miami. Nor have they signed any retainer agreement with the Becks, whose involvement in the action is solely the result of the Weston Firm's invitation. Beck & Lee's involvement, unfortunately, was marked by constant conflict, poor performance, and repeated instances of unprofessional behavior by the Becks.

[4] In a similar action challenging the use of trans fat and deceptive labeling of margarine, which has tentatively settled on a class-wide basis, the Weston Firm filed an exhaustive brief demonstrating the Becks' allegations are false. That brief was 31 pages, and was supported by seven declarations and affidavits, and 51 exhibits. *See Red et al. v. Unilever*, No. 10-00387-JW (N.D. Cal., Dkt. Nos. 83-94).

M. Gee entered an Order terminating Beck & Lee notwithstanding that it "vigorously opposes its termination." (*See* **Exhibit B**.) The Honorable Claudia Wilken similarly terminated Beck & Lee, before the Plaintiff in that case even had a chance to respond to Beck & Lee's identical "opposition." (*See* **Exhibit C**.) The third action (against Unilever) presented a different posture to the Court because a preliminary approval hearing is scheduled for September 27, 2010. As a result, the Honorable James Ware scheduled a September 13 hearing on Plaintiffs' Notice of Termination. (*See* **Exhibit D**.) Yesterday, the Honorable A. Howard Matz issued an order taking Plaintiffs' Notice of Termination under advisement pending the September 13 hearing in *Unilever*, but stating "Meanwhile, Beck & Lee may not file any papers on behalf of the Plaintiffs in this lawsuit . . . ." (*See* **Exhibit E**.)

## II.   PLAINTIFFS HAVE THE ABSOLUTE RIGHT TO TERMINATE BECK & LEE

A client's power to discharge an attorney, with or without cause, is absolute. *Fracasse v. Brent*, 6 Cal. 3d 784, 790 (1972). *See also Fed. Sav. & Loan Ins. Corp. v. Angell, Holmes & Lea*, 838 F.2d 395, 395 (9th Cir. 1988); *In re Aesthetic Specialties, Inc.*, 37 B.R. 679, 680 (B.A.P. 9th Cir. 1984); *Plessinger v. Castleman & Haskell*, 838 F. Supp. 448, 450 (N.D. Cal. 1993). This Circuit has long recognized "the right of the client to dismiss the attorney, whether with or without cause and at any time, is an implied condition of the contract of employment." *Marquam v. Vachon*, 7 F.2d 607, 607 (9th Cir. 1925).

The right is even codified—Cal. Code Civ. P. § 284 "confer[s] upon clients . . . the "[absolute] power to discharge an attorney, with or without cause." *Santa Clara County Counsel Attys. Ass'n v. Woodside*, 7 Cal. 4th 525, 555 (1994) (citing *Fracasse*; *Gage v. Atwater*, 136 Cal. 170, 172 (1902) ("the interest of the client in the successful prosecution or defense of the action is superior to that of the

attorney, and he has the right to employ such attorney as will in his opinion best subserve his interest.”)).

"It should be sufficient that the client has, for whatever reason, lost faith in the attorney, to establish 'cause' for discharging him." *Fracasse*, 6 Cal. 3d at 790. Once the Court determines a party has terminated her counsel, it has no discretion to deny that termination and force upon the party the services of terminated lawyers. *See, e.g.*, *Alvarado v. Fedex Corp.*, No. 04-0098, 2009 U.S. Dist. LEXIS 122581, at *12-13 (N.D. Cal. Dec. 18, 2009) (after clearing up "conflicting submissions" about who represented plaintiffs, Judge Illston granted Notices of Termination substantially similar to the Notice Plaintiff filed here).

It makes no difference that the Weston Firm and Beck & Lee were parties to a fee sharing agreement. In order for such an agreement to be enforceable, the client must give written consent to the agreement after a full written disclosure of its terms. This has not happened, and the Becks do not even claim it has. As a matter of law, that renders the agreements void and unenforceable. *Chambers*, 29 Cal. 4th 142 (2002). Even if the contract between the Weston Firm and Beck & Lee were not void and the Weston Firm breached it, specific performance is not a remedy for breaches of contracts for personal services, especially here where it would force Plaintiff to use the services of attorneys she has unambiguously stated she does not want to represent her. *See generally*, *Fracasse*, 6 Cal. 3d at 792 ("since the attorney agreed initially to take his chances on recovering any fee whatever, we believe that the fact that the success of the litigation is not longer under his control is insufficient to justify imposing a new and more onerous burden on the client"). *See also Pac. Elec. Ry. Co. v. Campbell-Johnston*, 153 Cal. 106, 117 (1908); Cal. Civ. Code § 3390(2), (5) (personal service contracts can never be specifically enforced).

III.   **CONCLUSION**

Plaintiffs' desire to terminate Beck & Lee is made clear by their signed Notice of Termination. The Becks nowhere dispute this. Rather than file the appropriate notice of withdrawal form, they have instead retaliated by filing unauthorized documents purportedly on Plaintiffs' behalves but without their permission or authorization,[5] and besmirching Plaintiffs' counsel.

Plaintiffs respectfully requests the Court recognize and enter their Notice of Termination and remove Beck & Lee's attorneys from the ECF notification list.


DATED:   September 4, 2010          Respectfully submitted,


                                     s/Jack Fitzgerald
                                    Jack Fitzgerald

                                    **THE WESTON FIRM**
                                    Gregory S. Weston
                                    Jack Fitzgerald
                                    888 Turquoise Street
                                    San Diego, CA 92109
                                    Telephone: 858 488 1672
                                    Facsimile: 480 247 4553
                                    greg@westonfirm.com
                                    jack@westonfirm.com

                                    ***Attorneys for Plaintiffs and
                                    the Proposed Class***

---

[5] "A client has great latitude in discharging his or her attorney, and an attorney's authority to act for a client is freely revocable by the client." *Pippin v. Playboy Entm't Group, Inc.*, No. 02-CV-2329, 2006 U.S. Dist. LEXIS 3066, at *48 n.3 (M.D. Fla. Jan. 27, 2006).

# Exhibit A

WAUKEEN Q. McCOY (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD ALVARADO, et al,

        Plaintiffs,

v.

FEDEX CORPORATION, a Delaware
corporation, dba FEDEX EXPRESS,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. C-04-0098 SI

**NOTICE OF TERMINATION OF
ATTORNEY KAY MCKENZIE PARKER
BY PLAINTIFF KEVIN NEELY AND
[PROPOSED] ORDER**

**HONORABLE SUSAN ILLSTON**

1

TERMINATION OF REPRESENTATION

CASE NO. C04 – 0098 SI

I, a Plaintiff in the matter <u>Alvarado, *et al* v. FedEx</u>, hereby terminate Kay McKenzie Parker as my attorney of record in this matter. Ms. McKenzie Parker's business address is 703 Market Street, Suite 1401 San Francisco, CA 94103. From this date forward, my only attorney of record in this case is Waukeen McCoy, and the Law Offices of Waukeen Q McCoy at 703 Market St, Suite 1407, San Francisco, CA 94103 Please allow the court docket to reflect this fact.

DATED: 3-29-06

_____
Kevin Neely

IT IS HEREBY ORDERED:

The record shall reflect that Plaintiffs attorney of record is Waukeen Q. McCoy.

.Plaintiffs request to terminate Kay McKenzie Parker as counsel is granted.

DATED: _____, 2006

_____
Honorable Susan Illston
U.S. District Judge, Northern District CA

TERMINATION OF REPRESENTATION

2

CASE NO. C04 – 0098 SI

# Exhibit B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 10-01025 DMG (MANx)** | | Date | September 2, 2010 |
|---|---|---|---|---|

| Title | ***Jennifer Red et al. v. The Kroger Company*** | | Page | 1 of 1 |
|---|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

|  |  |
|---|---|
| YOLANDA SKIPPER | NOT REPORTED |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE NOTICE OF TERMINATION OF COUNSEL**

On August 16, 2010, Plaintiffs filed a "Notice of Termination of Beck & Lee by Plaintiffs Jennifer Red and Rebecca Yumul." [Doc. # 44] The firm of Beck & Lee vigorously opposes its termination as Plaintiffs' counsel. [Doc. # 45, 47] Notwithstanding Beck & Lee's opposition, "a client's power to discharge an attorney, with or without cause, 'is absolute.'" *Federal Savings & Loan Ins. Corp. v. Angell, Holmes & Lea*, 838 F.2d 395 (9th Cir. 1988) (quoting *Fracasse v. Brent*, 6 Cal. 3d 784, 790 (1972)). Accordingly, Plaintiffs' express request to terminate Jared H. Beck and Elizabeth Lee Beck of the firm of Beck & Lee as their counsel of record is GRANTED.

**IT IS SO ORDERED.**

**CIVIL MINUTES—GENERAL**    Initials of Deputy Clerk <u>ys</u>

# Exhibit C

1 | **THE WESTON FIRM**
GREGORY S. WESTON (239944)
2 | 888 Turquoise Street
San Diego, CA 92109
3 | Telephone: (858) 488-1672
Facsimile: (480) 247-4553
4 | greg@westonfirm.com
5 |
JACK FITZGERALD (257370)
6 | 2811 Sykes Court
Santa Clara, CA 95051
7 | Telephone: (408) 459-0305
Facsimile: (480) 247-4553
8 | jack@westonfirm.com
9 |

10 | <u>**Counsel for Plaintiff and the Proposed Class**</u>

11 |                **UNITED STATES DISTRICT COURT**
12 |                **NORTHERN DISTRICT OF CALIFORNIA**

13 |                                        | Case No: 4:10-cv-02588-CW

14 | STUART LOGAN, on behalf of himself
15 | and all others similarly situated,        | **NOTICE OF TERMINATION OF**
**BECK & LEE BY PLAINTIFF**
**STUART LOGAN AND [PROPOSED]**
16 |                              Plaintiff,   | **ORDER**

17 |         v.

18 | APPLE INC. and AT&T MOBILITY LLC,          | The Honorable Claudia Wilken

19 |                              Defendants.

20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

1       I am the Plaintiff in the above-captioned action and hereby terminate Beck & Lee

2   Business Trial Lawyers, and its attorneys, Jared H. Beck and Elizabeth Lee Beck, as my

3   attorneys of record in this matter. Beck & Lee's business address is 28 West Flagler Street, Suite

4   555, Miami, FL 33130. From this date forward, my only attorneys of record in this case are

5   Gregory S. Weston and Jack Fitzgerald, and The Weston Firm, whose business address is 888

6   Turquoise Street, San Diego, CA 92109.

7

8   Dated: _8-13-2010_

                                                           Stuart Logan

9

10

11  IT IS HEREBY ORDERED

12      The record shall reflect that Plaintiff's attorneys of record are Gregory S. Weston and

13  Jack Fitzgerald, of The Weston Firm. Plaintiff's request to terminate as attorneys of record Jared

14  H. Beck and Elizabeth Lee Beck, of Beck & Lee is granted.

15      As Jared H. Beck and Elizabeth Lee Beck no longer represent any parties in this action,

16  the Clerk is directed to remove Jared H. Beck and Elizabeth Lee Beck from the ECF Notification

17  list.

18

19  Dated: _8/24/2010_

                                         Honorable Claudia Wilken

20                                           U.S. District Judge

21                                           Northern District CA

22

23

24

25

26

27

28

                                        1

1    DATED:   August 16, 2010          Respectfully submitted,

2                                      /s/ Jack Fitzgerald
                                       **THE WESTON FIRM**
3
4                                      Gregory S. Weston
                                       888 Turquoise Street
5                                      San Diego, CA 92109
                                       Telephone: 858 488 1672
6                                      Facsimile: 480 247 4553
                                       greg@westonfirm.com
7
8                                      Jack Fitzgerald
                                       2811 Sykes Court
9                                      Santa Clara, CA 95051
                                       Telephone: (408) 459-0305
10                                     jack@westonfirm.com

11                                     ***Attorneys for Plaintiffs***

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit D

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Evangeline Red, et al., | NO. C 10-00387 JW |
| Plaintiffs, | **ORDER SETTING HEARING** |
| v. | **RE: NOTICE OF** |
| Unilever PLC, et al., | **TERMINATION OF BECK & LEE** |
| Defendants. | |
| _____/ | |

Presently before the Court is a Notice of Termination of Beck & Lee and Reese Richman LLP by Plaintiffs Evangeline Red, Jennifer Red, and Rachel Whitt. (Docket Item No. 70.) Attorneys Beck & Lee have filed an opposition. (Docket Item No. 71.)

Upon review, the Court finds that a hearing is necessary to resolve the various issues raised in the parties' submissions. Accordingly, the Court orders all affected parties, including the Plaintiffs, to appear on **September 13, 2010 at 9:00 a.m** for a hearing on the Notice. On or before **August 27, 2010**, any party may file supplemental briefing regarding the proposed termination.

Dated: August 20, 2010

_____
JAMES WARE
United States District Judge

United States District Court

For the Northern District of California

1 | **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2 | Elizabeth Lee Beck elizabeth@beckandlee.com
Gregory S Weston greg@westonfirm.com

3 | Gregory Steven Weston greg@westonfirm.com
Janelle Jad Sahouria jsahouria@mofo.com

4 | Jared Harrison Beck jared@beckandlee.com
John Joseph Fitzgerald jack@westonfirm.com

5 | Michael Robert Reese michael@reeserichman.com
William Lewis Stern wstern@mofo.com

6

7

8 | **Dated:  August 20, 2010**                              **Richard W. Wieking, Clerk**

9

10 |                                                        **By:____/s/ JW Chambers_____**

11 |                                                              **Elizabeth Garcia**
                                                              **Courtroom Deputy**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit E

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-4173 AHM (AJWx) | Date | September 1, 2010 |
|---|---|---|---|
| Title | MARY HENDERSON *et al*. v. GRUMA CORPORATION *et al*. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

The Court takes under advisement the Notice of Termination of Beck & Lee by Plaintiffs Mary Henderson and Eileen Joy Peviani, and the opposition and reply thereto. The Court reserves taking final action on the Notice of Termination pending the outcome of the hearing on the similar notice filed in *Evangeline Red, et al. v. Unilever PLC, et al.,* Case No. CV 10-387-JW (N.D. Cal.). Meanwhile, Beck & Lee may not file any papers on behalf of the Plaintiffs in this lawsuit, but Beck & Lee are not currently terminated as counsel of record.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |