1 | **THE WESTON LAW FIRM**
2 | Gregory S. Weston (Cal. Bar No. 239944)
Jack Fitzgerald (Cal. Bar No. 257370)
3 | 88 Turquoise Street
San Diego, CA 92109
Tel: 848-488-1672
4 | Fax: 480-247-4553
5 | greg@westonfirm.com

6 | Attorneys for Plaintiffs

7 | **JENNER & BLOCK LLP**
Kenneth K. Lee (Cal. Bar No. 264296)
8 | klee@jenner.com
633 West 5th Street, Suite 3500
9 | Los Angeles, CA 90071-2054
Phone:      (213) 239-5100
10 | Facsimile: (213) 239-5199

*NOTE CHANGES MADE BY THE COURT*

11 | Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
12 | Stacy S. Jakobe (*pro hac vice*)
sjakobe@jenner.com
13 | Jill M. Hutchison (*pro hac vice*)
jhutchison@jenner.com
14 | 353 N. Clark Street
Chicago, IL 60654-3456
15 | Phone:      (312) 222-9350
Fax:      (312) 527-0484

*NOTE CHANGES MADE BY THE COURT*

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EVANGELINE RED and RACHEL WHITT, on Behalf of Themselves and All Others Similarly Situated, | No. CV10-01028 (GW) (AGRX) |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and KRAFT FOODS GLOBAL, INC., | Hon. George H. Wu |
| Defendants. | |

Plaintiffs Evangeline Red and Rachel Whitt ("Plaintiffs") and Defendants Kraft Foods Global, Inc., improperly sued as Kraft Foods North America, and Kraft Foods Inc. (collectively, "Kraft"), by their undersigned counsel, believe that good cause exists for the entry of this Protective Order pursuant to Federal Rule of Civil Procedure 26.

This action involves claims under three California consumer protection statutes alleging that Kraft engaged in false and misleading advertising in connection with the sale and marketing of certain snack food products. Discovery already served on Kraft in this action has called for production of documents and information that Kraft considers confidential, proprietary, or trade secret business information, including marketing research, sales analysis and other non-public information that is of significant competitive importance. The public disclosure of such information would prejudice Kraft's competitive position in the marketplace. The parties expect that discovery served on Plaintiffs in this action may request production of documents and information concerning non-public information.

The Parties, therefore, STIPULATE AND AGREE to entry of the following Protective Order and to abide by its terms:

1.    As used in this Stipulated Protective Order (this "Order"), the following terms shall have the meanings as defined herein.

    a.    The term "this Action" shall mean and refer to the matter styled, Red and Whitt v. Kraft Foods Inc., Kraft Foods North America, and Kraft Foods Global, Inc., United States District Court, Central District of California, Case No. CV10-01028 (GW) (AGRX).

    b.    The term "producer" or "producing party" shall mean a party to this Action, or a non-party that produces information and/or documentation, including, but not limited to, responses to interrogatories, responses to request for production, responses to requests for admission, experts' statements, documents, deposition testimony, and responses to subpoena

1   in this Action. The term "receiving party" shall mean the recipient of any

2   such information and/or documentation.

3   2.   This Order shall apply to all information produced by the parties to this

4   Action during the course of discovery in this litigation, including document

5   productions, interrogatory answers, responses to requests for admissions, depositions,

6   and discovery materials otherwise produced or provided to the parties by non-parties), if they so request,

7   pursuant to judicial procedures (collectively defined as "Litigation Materials"). All

8   Litigation Materials produced in the course of the Litigation shall be used solely for

9   the purposes of preparing for and conducting the Litigation and for no other purpose

10  whatsoever. No Litigation Materials, whether or not designated as confidential by the

11  terms of this Order, may be used or disseminated to any person or entity other than the

12  attorneys of record, the parties to the Litigation, expert witnesses, or the Court, as

13  provided for in this Protective Order.

14  3.   Any party or non-party may designate Litigation Materials produced, used

15  or disclosed in connection with this Action as "CONFIDENTIAL" and subject to the

16  protections and requirements of this Order by stamping or otherwise writing

17  "CONFIDENTIAL" on documents produced, or orally or by letter if recorded as part

18  of a deposition or court record, pursuant to the terms of this Order.

19  4.   Only Litigation Materials that a party believes in good faith constitute or

20  contain nonpublic, confidential information or proprietary information that is not

21  generally available to or accessible by the general public may be designated as

22  "CONFIDENTIAL."

23  5.   Documents that are produced for inspection shall be treated as

24  "CONFIDENTIAL" pursuant to this Order, whether or not marked, until copies (if

25  any) of the documents are requested and produced. Produced documents and

26  information therein shall be held pursuant to this Order based upon the designation, if

27  any, marked upon the documents by the producing party, once copied.

28

6.     Information conveyed or discussed in testimony at a deposition or hearing shall be subject to this Order provided it is designated as "CONFIDENTIAL" orally or in writing either (i) at the time such testimony is given or (ii) within 20 days of receipt by the parties of the transcript of such testimony. Counsel for the parties may, if desired, agree on the record during testimony that the entire deposition transcript, and the information contained therein, is to be initially treated as "CONFIDENTIAL" for a period of time not to exceed 20 days after the testifying party receives a copy of the deposition transcript, during which time the testifying party may designate, in writing, specific portions of the transcript as "CONFIDENTIAL" as appropriate.

7.     Subject to the provisions above, the failure to designate Litigation Materials as "CONFIDENTIAL" in accordance with this Order, and/or the failure to object to such a designation shall not preclude a party at a later time from subsequently designating or objecting to designation of such Litigation Materials as "CONFIDENTIAL." No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time thereafter.

8.     If any party objects to the designation of any Litigation Materials as "CONFIDENTIAL," that party shall state the objection in a letter to counsel for the party making the designation. If the dispute cannot be resolved by agreement, the parties shall have the right, on reasonable notice, to apply to the Court to have the materials designated as non-confidential. Until the Court rules on the motion, the information at issue shall continue to be treated as designated. This Order shall also be without prejudice to the right of a party or non-party to apply to the Court for relief from any of the requirements hereof, for good cause.

9.     Any information or document designated as "CONFIDENTIAL" shall be used (other than by the producing party) solely in connection with this Action and shall not be disclosed to anyone other than:

a.   the Court, and Court personnel;

b.   the parties to this Action and clerical employees thereof, provided that

    (i)   such disclosure may be needed to assist in the prosecution or defense of this Action;

    (ii)  such information is maintained in separate and identifiable files, access to which is restricted to the foregoing persons and their clerical personnel;

    (iii) counsel for the parties (including but not limited to counsel of record, and in-house counsel of the parties) and their employees;

    (iv) testifying experts, investigators, consulting experts and advisors provided, however, that before such person is shown or receives any information or document designated as "CONFIDENTIAL" he or she must execute a Declaration in the form of Exhibit A, attached hereto, and the procedures of Paragraph 12 must be followed;

    (v)  persons testifying in depositions or court proceedings to the extent the "CONFIDENTIAL" document or information was authored by or addressed to the person testifying or such person is knowledgeable of such information or contents of the document prior to the testimony; and

    (vi) such other persons as the parties may designate in writing by stipulation or orally agree upon the record at a deposition in this Action, provided, however, that unless the person otherwise qualifies for access to such information or documents pursuant to this order, before any such persons are shown or receive any information or document designated as "CONFIDENTIAL" they must (1) execute a Declaration in the form of Exhibit A attached

1    hereto or (2) agree orally on the record at a deposition in this

2    Action to be bound by the terms of this Order, and further provided

3    that any documents designated as "CONFIDENTIAL" shall not be

4    left in the possession of such a deponent, unless the deponent

5    qualifies for access to such documents pursuant to this Order.

6        10.    The attorneys of record for each of the parties shall retain the original,

7    executed Declarations (in the form of Exhibit A hereto) which have been executed by

8    that party and/or its employees and that party's witnesses, court reports, testifying

9    experts, investigators, consultants and advisors.

10       11.    Motion papers or other Court filings, including exhibits, that disclose

11   protected material shall be the subject of an application to file the protected material

12   under seal pursuant to Rule 79-5 of the Civil Local Rules for the United States District

13   Court for the Central District of California and General Order 08-02. ~~Whenever any~~ *If the application is granted,*

14   ~~document designated as "CONFIDENTIAL" is filed with the Court,~~ such document or

15   pleading shall be filed under seal and shall display a bold heading on its first page in

16   substantially the following form: "FILED UNDER SEAL UNDER PROTECTIVE

17   ORDER."

18       12.    Unless otherwise permitted herein, within sixty (60) days after the final

19   disposition of this Action, including all appeals therefrom, all documents designated as

20   "CONFIDENTIAL," all copies of documents designated as "CONFIDENTIAL," and

21   all excerpts therefrom in the possession, custody or control of parties other than the

22   producing party shall be destroyed or returned to counsel for the producing party.  The

23   parties and their counsel shall separately provide written certification to the producing

24   party within sixty (60) days after the final disposition of this Action that the actions

25   required by this paragraph have been completed.

26       13.    The Court shall retain jurisdiction over the parties ~~and any subpoenaed~~

27   ~~third parties~~ for the purpose of ensuring compliance with this Order and granting such

28

1   amendments, modifications and additions to this order and such other and further relief

2   as may be necessary, and either party may apply to the Court ~~at any time~~ for an

3   amendment, modification or addition to this Order.  This Order may only be amended

4   or modified by written stipulation of the parties or by order of the Court.

5        14.   The designation of materials as "CONFIDENTIAL" is not admissible

6   before any trier of fact and in no way implies that the party so designating the

7   materials believes such materials are of any significance to this litigation.  Neither this

8   Order nor any stipulation therefore, nor any disclosure or use of information or

9   documents, in whatever form, pursuant to this Order, shall be deemed an admission,

10  waiver, or agreement by any party that any information or documents designated as

11  "CONFIDENTIAL" hereunder is or is not a trade secret or confidential information for

12  purposes of determining the merits of any claims either party may have against one

13  another or a third party.  Neither this Order nor any stipulation therefore shall be

14  deemed to expand the scope of discovery in this Action beyond the limits otherwise

15  prescribed by law, nor to enlarge the scope of discovery to matters unrelated to this

16  lawsuit.

17       15.   This Order shall not control the use of any evidence during the trial or any

18  hearing of this case.  Nor shall anything herein preclude any party or non-party from

19  seeking the assistance of the Court in maintaining the confidential nature of any

20  evidence that is presented at hearing or trial.

21       16.   The parties producing subject to this Order agree to abide by and be

22  bound by the terms of this Order upon signature hereof as if the Order had been

23  entered on that date.  This Order shall survive the termination of this Action and

24  continue in full force and effect unless waived by the written consent of the producer.

25  If any party ceases its involvement in this Action, by settlement or otherwise, such

26  party shall comply with the terms of this Order within a reasonable time thereafter.

27

28

17.   If a party to this Order in possession of Litigation Materials receives a subpoena from a non-party seeking the production or other disclosure of Litigation Materials, whether or not such materials have been designated as Confidential, that party shall immediately give written notice to counsel of record for the party who provided the Litigation Materials being sought, which such notice shall include a copy of the subpoena.  Where possible, at least seven days' notice before production or other disclosure should be given.  In no event shall production or disclosure be made before telephone notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the party to whom such notice has been given, in at least three business days, to take appropriate action, including seeking judicial relief.

18.   The inadvertent or unintentional production of information or material protected by the attorney-client privilege or work product doctrine shall not be deemed a waiver in whole or in part of the producing party's claim of privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

19.   This Order may be executed in counterparts, each of which shall be deemed to be an original and all of which shall be deemed one and the same stipulation and agreement.

20.   All persons bound by this Order are hereby notified that if this Order is in any manner violated, the person or entity that commits such violation may be subject to such sanctions as the Court, on motion and after a hearing, deems just. The Court retains jurisdiction to make such amendments, modifications, and additions to this Order as it may from time to time deem appropriate.

21.   In the event that there is any inadvertent violation of this Order discovered by either party, both parties will take steps to immediately alert and/or correct the disclosure and any inadvertent disclosure that is timely corrected will not be considered a violation of this Order.

IT IS SO ORDERED.

DATED: 3/14/11

alicia G. Rosenberg

UNITED STATES MAGISTRATE JUDGE