**JENNER & BLOCK LLP**
Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Phone:      (213) 239-5100
Facsimile:  (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
Stacy S. Jakobe (*pro hac vice*)
sjakobe@jenner.com
Jill M. Hutchison (*pro hac vice*)
jhutchison@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone:      (312) 222-9350
Fax:        (312) 527-0484

Attorneys for Defendants Kraft Foods Global, Inc., improperly sued as Kraft Foods North America, and Kraft Foods Inc.

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELINE RED and RACHEL WHITT, on Behalf of Themselves and All Others Similarly Situated,<br><br>        Plaintiffs,<br>    vs.<br><br>KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and KRAFT FOODS GLOBAL, INC.,<br><br>        Defendants. | No. CV10-01028 (GW) (AGRX)<br><br>**DECLARATION OF KENNETH K. LEE IN SUPPORT OF KRAFT FOODS GLOBAL, INC.'S POSITION IN JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL**<br><br>Judge: Hon. George H. Wu<br>Action Filed: February 11, 2010 |

I, Kenneth K. Lee, declare:

1.     I am a lawyer at Jenner & Block LLP, which represents Kraft Foods in this matter.   I submit this declaration in support of Kraft Foods' Position in Joint Stipulation Regarding Plaintiffs' Motion to Compel Responses to Requests for Production and Interrogatories and Produce Witnesses Pursuant to Rule 30(b)(6).   I have personal knowledge of the facts set forth below, and if called to testify regarding them, I could do so competently.

2.     Attached as Exhibit A is a true and correct copy of the transcript of the January 13, 2011 hearing before Judge Wu in this matter.

3.     Attached as Exhibit B is a true and correct copy of Plaintiffs' First Set of Interrogatories to Defendant Kraft Foods Global, Inc.

4.     Attached as Exhibit C is a true and correct copy of Plaintiffs' Notice of Taking Rule 30(b)(6) Deposition of Defendants.

5.     Attached as Exhibit D is a true and correct copy of Plaintiffs' First Set of Requests for the Production of Documents to Defendant Kraft Foods Global, Inc.

6.     Attached as Exhibit E is a true and correct copy of Kraft Foods Global, Inc.'s Answers to Plaintiffs' First Set of Interrogatories

7.     Attached as Exhibit F is a true and correct copy of Kraft Foods Global, Inc.'s Objections to Plaintiffs' Notice of Taking Rule 30(b)(6) Deposition of Defendants.

8.     Attached as Exhibit G is a true and correct copy of Kraft Foods Global, Inc.'s Response to Plaintiffs' First Set of Requests for the Production of Documents.

9.     Attached as Exhibit H is a true and correct copy of the April 30, 2011 letter that Dean Panos and I received from Greg Weston.

10.    Attached as Exhibit I is a true and correct copy of the May 26, 2011 e-mail that I received from Jack Fitzgerald.

DECLARATION OF KENNETH K. LEE  IN SUPPORT OF KRAFT FOODS GLOBAL, INC.'S
POSITION IN JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
CV10-01028 (GW) (AGRX)

- 1 -

11.     Attached as Exhibit J is a true and correct copy of excerpts from the transcript of the April 26, 2011 deposition of Jim Low.

12.     Attached as Exhibit K is a true and correct copy of the Stipulation Regarding Numerosity and States Where Products Were Sold.

13.     Attached as Exhibit L is a true and correct copy of excerpts from the transcript of the April 13, 2011 deposition of Amelia Strobel.

14.     Attached as Exhibit M is a true and correct copy of the Declaration of Ellen M. Smith.

15.     Attached as Exhibit N is a true and correct copy of the Declaration of Jill M. Hutchison.

I declare under the penalty of perjury under the laws of United States that the foregoing is true and correct.

Executed June _15_, 2011 in Los Angeles, California.

/s/ Kenneth K. Lee

# Exhibit A

Page 1

```
 1
 2              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
 3              Case NO.: 2:10-CV-01028-GW (AGRx)
                Pleading Type:  Class Action
 4
 5     --------------------------------------*
       EVANGELINE RED and RACHEL WHITT, on
 6     Behalf of Themselves and All Others
       similarly situated,
 7
                              Plaintiffs,
 8
           vs.
 9
       KRAFT FOODS, INC., KRAFT FOODS NORTH
10     AMERICA,and KRAFT FOODS GLOBAL, INC.,
11                            Defendants.
       --------------------------------------*
12
13
14
15              DEPOSITION OF: JAMES LOW
16              DATE TAKEN: April 26, 2011
17                   Livingston, NJ
18
19
20
21
22
23
24     Job # 37708
25     Reporter: Faith Kringer
```

1    case.  Theirs is a case of degree, your Honor, which you just

2    said.  It is, well, you say this and that's true, but there

3    are some other ingredients in there that may be of greater

4    significance than the other.  That's not an omission case,

5    that's not a misrepresentation case.

6         THE COURT:  Well, yes, but if you look at what

7    *Williams* talks about, *Williams* talks about the use of the

8    words *fruit juice* juxtaposed alongside of images of fruits

9    such as oranges, peaches, strawberries, cherries, when the

10   only juice that's contained in there was white grape juice

11   from concentrate.  Either you, you know --

12        MR. PANOS:  Your Honor, if you -- if you saw that

13   Gerber packaging, you would probably understand why they kept

14   the case alive.  It had nothing to do with this language, and

15   it was not at all this case.

16        THE COURT:  Yes, but unfortunately *Williams* doesn't

17   include a picture of that in its decision.  And also, the

18   other factors -- I mean, the stuff that I cited on Page 2,

19   again, you know -- well, let's put it this way.  I understand

20   the defense position, and I'm not saying that in the end the

21   plaintiffs are going to win, but I'd say for purposes of

22   where we are now, let's get this case going, and we'll see

23   what happens.  That being said, the next matter that's been

24   scheduled is what for this case?

25        MR. PANOS:  Actually nothing.

*UNITED STATES DISTRICT COURT*

# Exhibit B

1

**THE WESTON FIRM**
2
GREGORY S. WESTON (239944)
JACK FITZGERALD (257370)
3
888 Turquoise Street
San Diego, CA 92109
4
Telephone:  858 488 1672
5
Facsimile:    480 247 4553
greg@westonfirm.com
6
jack@westonfirm.com
7
8
Counsel for Plaintiffs

9
UNITED STATES DISTRICT COURT
10
CENTRAL DISTRICT OF CALIFORNIA

11
EVANGELINE RED, and RACHEL     | Case No.: 2:10-cv-01028-GW(AGRX)
12
WHITT, on behalf of themselves and    | Pleading Type: Class Action
all others similarly situated,
13
14
Plaintiffs,      | **PLAINTIFFS' FIRST SET OF INTERROGATORIES ADDRESSED TO KRAFT FOODS GLOBAL, INC.**
15
v.
16
KRAFT FOODS, INC., KRAFT      | Judge: The Hon. George Wu
17
FOODS NORTH AMERICA, and      | Action Filed: February 11, 2010
KRAFT FOODS GLOBAL, INC.,
18
19
Defendants.
20

21
PROPOUNDING PARTY:        PLAINTIFFS Evangeline Red and Rachel Whitt.
22
RESPONDING PARTY:        DEFENDANT Kraft Foods Global, Inc.
23
SET:        One
24
25
   Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs
26
Evangeline Red and Rachel Whitt hereby serve these Interrogatories on Defendant
27
Kraft Foods Global, Inc. Pursuant to the Court's Scheduling Order dated February
28
2, 2011 (Dkt. No. 84), Defendant is required to respond to these Interrogatories by

---

March 2, 2011. Defendant shall serve such responses upon Plaintiffs, by and through their attorneys of record herein, as required by Fed. R. Civ. P. 26 and 33.

## I.  <u>DEFINITIONS AND INSTRUCTIONS</u>

1.  "YOU" and "YOUR" mean the defendant responding to these Requests, and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other PERSONS acting under their control or on their behalf.

2.  "PERSON" means natural PERSONS, proprietorships, public or private corporations, partnerships, trusts, joint ventures, groups, associations, organizations or other legal entities, including representatives of any such PERSON or PERSONS.

3.  The term "CONCERNING" means relating to, referring to, describing, evidencing or constituting.

4.  "DOCUMENT" is defined to be synonymous and equal in scope to usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure. A copy or duplicate of a DOCUMENT which has any non-conforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing is a separate DOCUMENT within the meaning of this term. DOCUMENTS include, by way of example only, any memorandum, letter, envelope, correspondence, electronic mail, report, note, Post-It, message, telephone message, telephone log, diary, journal, appointment calendar, calendar, group scheduler calendar, drawing, painting, accounting paper, minutes, working paper, financial report, accounting report, work papers, drafts, facsimile, report, contract, invoice, record of purchase or sale, Teletype message, chart, graph, index, directory, computer directory, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, or graphic matter however produced or

1

1  reproduced. DOCUMENTS also include the file, folder tabs, and labels appended

2  to or containing any DOCUMENTS.

3      5.    "COMMUNICATION" means the transmission, sending and/or

4  receipt of information of any kind by and/or through any means including, but not

5  limited to speech, writings, language (computer, foreign or otherwise), computer

6  electronics of any kind (including, but not limited to "email"), magnetic tape,

7  videotape, photographs, graphs, symbols, signs, magnetic and/or optical disks,

8  "floppy disks," compact discs, CD ROM discs, sound, radio and/or video signals,

9  telecommunication, telephone, teletype, facsimile, telegram, microfilm,

10  microfiche, photographic film of all types and/or other media of any kind. The

11  term "COMMUNICATION" also includes, without limitation, all

12  "DOCUMENTS" (as defined herein) and all inquiries, discussions, conversations,

13  negotiations, agreements, understandings, MEETINGS, notices, requests,

14  responses, demands, complaints, and/or press, publicity or trade releases.

15      6.    "MEETING," "MEET," or "MET" means any assembly, convocation,

16  encounter, or contemporaneous presence of two or more PERSONS for any

17  purpose, whether planned or not planned, arranged or scheduled in advance during

18  which a communication of any kind occurred and shall include, but not be limited

19  to, formal gatherings, conversations, video conferences, and telephone calls.

20      7.    "MARKETING" or "MARKET" means all activities involved in the

21  distribution of a PRODUCT including, without limitation, advertising, locating and

22  contacting prospective customers, attempting to sell, making sales presentations,

23  selling, preparing and submitting bids, shipping PRODUCTS, servicing customers

24  and the supervision and management of the same.

25      8.    "CLASS PERIOD" refers to January 1, 2000 to the present.

26      9.    "PRODUCT" means a manufactured packaged food item made by

27  YOU identified in the Complaint, i.e., Teddy Grahams Chocolatey Chip Graham

28  Snacks, Teddy Grahams Honey Graham Snacks, Vegetable Thins Baked Snack

2

*Red et al. v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW(AGRX)
PLAINTIFFS' FIRST SET OF INTERROGATORIES ADDRESSED TO KRAFT FOODS GLOBAL, INC.

Crackers, Ritz Crackers Roasted Vegetable, Ritz Crackers Hint of Salt, Ritz Crackers Reduced Fat, Ritz Crackers Whole Wheat, Original Premium Saltine Crackers, Honey Maid Honey Grahams, Honey Maid Low Fat Honey Grahams, and Ginger Snaps, and shall further include any PRODUCTS subsequently added to the Complaint by amendment.

10. The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the request any information that might otherwise be construed outside its scope.

11. The words "and" and "or" shall be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed outside its scope.

## II. <u>INTERROGATORIES</u>

<u>INTERROGATORY NO. 1:</u>

Identify all PRODUCTS YOU sold during the CLASS PERIOD, including but not limited to the PRODUCTS, that contained partially hydrogenated oil, and for each such PRODUCT (a) identify the amount of revenue YOU received from its sale during the CLASS PERIOD; and (b) the time period during the Class Period which such products that contained partially hydrogenated oil were sold or manufactured by YOU.

<u>INTERROGATORY NO. 2:</u>

Identify each of YOUR employees involved in the MARKETING, advertising, and/or promotion of YOUR PRODUCTS and for each individual (a) state his or her employer and title, (b) describe the nature of his or her involvement, and (c) identify his or her address of employment.

<u>INTERROGATORY NO. 3:</u>

Identify the amount of partially hydrogenated oil and trans fat for each PRODUCT during the CLASS PERIOD to the nearest one hundred milligrams and

3

1    any changes thereto.

2    <u>INTERROGATORY NO. 4:</u>

3      Provide on a quarterly basis the net sales and cost of goods sold attributable

4    to the sale of the PRODUCTS in the United States during the CLASS PERIOD, as

5    these terms are used in Generally Accepted Accounting Practices.

6    <u>INTERROGATORY NO. 5:</u>

7      Provide on a quarterly basis the advertising and promotional expenses

8    attributable to the sale of the PRODUCTS in the United States during the CLASS

9    PERIOD.

10    <u>INTERROGATORY NO. 6:</u>

11      State the amount of money YOU spent on the advertising and promotion of

12    the PRODUCTS in the United States for each year in the CLASS PERIOD or

13    fraction thereof.

14    <u>INTERROGATORY NO. 7:</u>

15      Identify all PERSON(S) involved at any time in the creation of advertising

16    for the PRODUCTS by stating each PERSON(S) name, title, employer, business

17    address, department or division, whether the PERSON is currently employed by

18    YOU and, if not, the PERSON'S last known home address, business address, and

19    telephone number.

20    <u>INTERROGATORY NO. 11:</u>

21      Identify the name, address, and phone number of any advertising agencies

22    YOU used during the CLASS PERIOD for services relating to the PRODUCTS.

23    <u>INTERROGATORY NO. 12:</u>

24      Identify to the best of YOUR knowledge and ability, the number of

25    consumers who purchased YOUR PRODUCTS in the United States during the

26    CLASS PERIOD, and state the basis for YOUR response.

27    <u>INTERROGATORY NO. 13:</u>

28      Identify, by name and address, all stores and/or distributors carrying YOUR

4

1    PRODUCTS in the United States during the CLASS PERIOD, including the name

2    and address of all such stores and distributors.

3    <u>INTERROGATORY NO. 14:</u>

4         State whether YOU intend to contest in opposition to class certification that

5    the numerosity, commonality, typicality and adequacy requirements of Federal

6    Rules of Civil Procedure 23(a)(1)-(4) and, if YOU do intend to contest any such

7    requirement, describe substantively and in full each basis therefor, and identify any

8    documentary, testimonial or other evidence on which you intend to rely in

9    contesting any such requirement.

10   <u>INTERROGATORY NO. 14:</u>

11        Identify any expert with whom YOU consulted and any expert whose

12   testimony YOU intend to rely upon in opposing class certification.

13

14

15   Dated: February 2, 2011                    <u>/s/ Gregory S. Weston</u>

16                                              Gregory S. Weston

17                                              **THE WESTON FIRM**
18                                              GREGORY S. WESTON
19                                              JACK FITZGERALD
                                                888 Turquoise Street
20                                              San Diego, CA 92109
                                                Telephone:  858 488 1672
21                                              Facsimile:   480 247 4553
22
23                                              ***Counsel for Plaintiffs and the***
                                                ***Proposed Classes***
24

25

26

27

28

# Exhibit C

1  **THE WESTON FIRM**
2  GREGORY S. WESTON (239944)
   JACK FITZGERALD (257370)
3  888 Turquoise Street
   San Diego, CA 92109
4  Telephone: (858) 488-1672
5  Facsimile: (480) 247-4553
   greg@westonfirm.com
6  jack@westonfirm.com
7
8  **Counsel for Plaintiff and the Proposed Classes**
9
10         **UNITED STATES DISTRICT COURT**
11         **CENTRAL DISTRICT OF CALIFORNIA**
12
13
14  EVANGELINE RED and RACHEL              Case No: CV 10-00927 GW AGRx
    WHITT, on Behalf of Themselves and
15  All Others Similarly Situated,         Pleading Type: Class Action
16                          Plaintiffs,    **PLAINTIFF'S NOTICE OF
                                           TAKING RULE 30(B)(6)**
17                                         **DEPOSITION OF DEFENDANTS**
18      v.
                                           Judge: The Hon. George Wu
19  KRAFT FOODS INC., KRAFT
    FOODS NORTH AMERICA, and
20  KRAFT FOODS GOLBAL, INC.,
21
22      Defendants.
23
24
25
26
27
28

Pursuant to the Federal Rule of Civil Procedure 30(b)(6), Plaintiffs will take before a notary public or officer duly authorized to administer oaths in the State of California, one or more depositions of Defendants Kraft Foods Inc., Kraft Foods North America, and Kraft Foods Global, Inc. ("Defendants") by the person or persons most knowledge about:

1. The advertising and marketing of Teddy Grahams, Vegetable Thins, Ritz Crackers, Original Premium Saltine Crackers, Honey Maid Grahams, and Ginger Snaps (the "Kraft PHVO Products") from January 2000 to the present (the "Class Period").

2. The creation, makeup, formula, recipe, and/or ingredients in the Kraft PHVO Products throughout the Class Period.

3. The manufacture and distribution of the Kraft PHVO Products throughout the Class Period.

4. Sales numbers and figures concerning the Kraft PHVO Products throughout the Class Period.

5. The geographic scope of sales of the Kraft PHVO Products throughout the Class Period.

6. Profit and revenue from the sale of the Kraft PHVO Products throughout the Class Period.

7. Defendants' compliance with the Federal Food, Drug and Cosmetic Act, its implementing regulations, and any other federal or state law, statute, regulation, rule or requirement affecting the manufacture, distribution, marketing, advertising and sale of the Kraft PHVO Products throughout the Class Period.

8. Defendants' knowledge of, study of, or research relating to the effects of the Kraft PHVO Products on consumers' health.

9. Defendants' knowledge of, study of, or research relating to the effects or impact of its advertising of the Kraft PHVO Products during the Class Period on consumers' perceptions of the Kraft PHVO Products.

10. Defendants' knowledge of, study of, or research relating to the effects or impact of its advertising of the Kraft PHVO Products during the Class Period on consumers' purchases of the Kraft PHVO Products.

11. Defendants' knowledge of, study of, or research relating to the effects or impact of its advertising of the Kraft PHVO Products during the Class Period on Defendants' revenue and profit.

12. Defendant's document retention policies.

13. Defendants' records relating to the Products.

14. Defendants' internal systems relating to the Kraft PHVO Products (for example, systems used by Defendants' employees involved in the creation, marketing, manufacture, distribution, sale and tracking of the Kraft PHVO Products relating to electronic communications, bookkeeping, record-keeping, finance, sales and distribution, etc.).

These depositions may be videotaped and Plaintiffs provide notice to Defendants and other parties to this action that the deposition may be used at the trial. Defendants shall identify the persons who will speak on its behalf on each topic above at least seven days before the deposition(s). The taking of these deposition(s) may be adjourned day to day until completed, and may occur over several days if more than one person is necessary to provide the information requested.

Dated: February 2, 2011

/s/ Gregory S. Weston

Gregory S. Weston
**THE WESTON FIRM**
GREGORY S. WESTON
JACK FITZGERALD
888 Turquoise Street
San Diego, CA 92109
Telephone:  858 488 1672
Facsimile:   480 247 4553
**Counsel for Plaintiffs and the Proposed Classes**

2

# Exhibit D

1 | **THE WESTON FIRM**
2 | GREGORY S. WESTON (239944)
  | JACK FITZGERALD (257370)
3 | 888 Turquoise Street
4 | San Diego, CA 92109
  | Telephone:  858 488 1672
5 | Facsimile:    480 247 4553
6 | greg@westonfirm.com
  | jack@westonfirm.com
7 |
8 | Counsel for Plaintiffs and the Proposed Class
9 | UNITED STATES DISTRICT COURT
10 | CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11 EVANGELINE RED and RACHEL | Case No.: 2:10-cv-01028-GW(AGRX) |
| 12 WHITT, on behalf of themselves and all | Pleading Type: Class Action |
| 13 others similarly situated, | |
| 14 Plaintiffs, | **PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS FROM KRAFT FOODS GLOBAL, INC.** |
| 15 v. | |
| 16 | |
| 17 KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and | Judge: The Hon. George Wu |
| 18 KRAFT FOODS GLOBAL, INC., | Action Filed: February 11, 2010 |
| 19 Defendants. | |
| 20 | |
| 21 | |

22 | PROPOUNDING PARTY:        PLAINTIFFS Evangeline Red and Rachel Whitt.
23 | RESPONDING PARTY:        DEFENDANT Kraft Foods Global, Inc.
24 | SET:                                One
25 |
26 |         Pursuant to Rules 26 and 34 the Federal Rules of Civil Procedure, Plaintiffs
27 | Evangeline Red and Rachel Whitt hereby request that Defendant Kraft Foods
28 | Global, Inc. produce for inspection and copying all DOCUMENTS, as defined

1

herein, that are specified in this Request. Pursuant to the Court's Scheduling Order dated February 2, 2011 (Dkt. No. 84), Defendant is required to respond by March 2, 2011, and production shall be made to the Weston Firm, 888 Turquoise Street, San Diego, CA 92109. Defendant shall also serve upon Plaintiffs, by and through their attorneys of record herein, the written response as required by Fed. R. Civ. P. 26 and 34.

## I.   **DEFINITIONS AND INSTRUCTIONS**

1.   "YOU" and "YOUR" mean the defendant responding to these Requests, and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other PERSONS acting under their control or on their behalf.

2.   "PERSON" means natural PERSONS, proprietorships, public or private corporations, partnerships, trusts, joint ventures, groups, associations, organizations or other legal entities, including representatives of any such PERSON or PERSONS.

3.   "DOCUMENT" is defined to be synonymous and equal in scope to usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure. A copy or duplicate of a DOCUMENT which has any non-conforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing is a separate Document within the meaning of this term. DOCUMENTS include, by way of example only, any memorandum, letter, envelope, correspondence, electronic mail, report, note, Post-It, message, telephone message, telephone log, diary, journal, appointment calendar, calendar, group scheduler calendar, drawing, painting, accounting paper, minutes, working paper, financial report, accounting report, work papers, drafts, facsimile, report, contract, invoice, record of purchase or sale, Teletype message, chart, graph, index, directory,

2

computer directory, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. DOCUMENTS also include the file, folder tabs, and labels appended to or containing any DOCUMENTS.

4.   "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by and/or through any means including, but not limited to speech, writings, language (computer, foreign or otherwise), computer electronics of any kind (including, but not limited to "email"), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic and/or optical disks, "floppy disks," compact discs, CD ROM discs, sound, radio and/or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types and/or other media of any kind. The term "COMMUNICATION" also includes, without limitation, all "DOCUMENTS" (as defined herein) and all inquiries, discussions, conversations, negotiations, agreements, understandings, Meetings, notices, requests, responses, demands, complaints, and/or press, publicity or trade releases.

5.   "MEETING," "MEET," or "MET" means any assembly, convocation, encounter, or contemporaneous presence of two or more PERSONS for any purpose, whether planned or not planned, arranged or scheduled in advance during which a communication of any kind occurred and shall include, but not be limited to, formal gatherings, conversations, video conferences, and telephone calls.

6.   "MARKETING" or "MARKET" means all activities involved in the distribution of a PRODUCT including, without limitation, advertising, locating and contacting prospective customers, attempting to sell, making sales presentations, selling, preparing and submitting bids, shipping products, servicing customers and the supervision and management of the same.

7.   "RELATING TO" means in whole or in part constituting, containing, CONCERNING, discussing, referring, describing, analyzing, identifying,

3

1   evidencing, or stating.

2       8.   "CONCERNING" means and includes relating to, referring to,

3   describing, discussing, analyzing, identifying, evidencing, containing, stating, or

4   constituting.

5       9.   "CLASS PERIOD" refers to January 1, 2000 to the present.

6       10.   "PRODUCT" means a manufactured packaged food item made by

7   YOU identified in, the currently-operative Complaint, *i.e.*, Teddy Grahams

8   Chocolatey Chip Graham Snacks, Teddy Grahams Honey Graham Snacks,

9   Vegetable Thins Baked Snack Crackers, Ritz Crackers Roasted Vegetable, Ritz

10  Crackers Hint of Salt, Ritz Crackers Reduced Fat, Ritz Crackers Whole Wheat,

11  Original Premium Saltine Crackers, Honey Maid Honey Grahams, Honey Maid

12  Low Fat Honey Grahams, and Ginger Snaps, and shall further include any products

13  subsequently added to the Complaint by amendment

14      11.   The singular form of a word should be interpreted as plural wherever

15  necessary to bring within the scope of the request any information that might

16  otherwise be construed outside its scope.

17      12.   The words "and" and "or" shall be construed either disjunctively or

18  conjunctively wherever necessary to bring within the scope of this request any

19  information that might otherwise be construed to be outside its scope.

20      13.   In responding to this Request, YOU are required to furnish all

21  DOCUMENTS that are available to YOU, including DOCUMENTS in the

22  possession, custody or control of YOUR attorneys, officers, agents, employees,

23  accountants, consultants, representatives, or any PERSONS directly or indirectly

24  employed by or connected with YOU or YOUR attorneys or anyone else subject to

25  YOUR control. All DOCUMENTS that are responsive, in whole or in part, to any

26  portion of this Request shall be produced in their entirety, including all

27  attachments.

28      14.   All DOCUMENTS should be produced as they are kept in the

4

ordinary course of business or should be organized and labeled to correspond to the specific requests to which they are responsive. All DOCUMENTS should be produced in any file folder or carton in which they have been maintained, and should be stored, clipped, stapled, or otherwise arranged in the same form and manner in which they were found.

15.   Electronic stored information ("ESI") should be produced in the following formats:

**A.    NATIVE FILES.** For ESI originally created using common, off-the-shelf software (e.g., Microsoft Office products), YOU should produce DOCUMENTS in native format. If YOU are unable to produce certain DOCUMENTS in native format, YOU should describe the reason for the inability (e.g., the document was created using proprietary software).

**B.    TIFFs/JPEGs.** For ESI created using proprietary software or otherwise unable to be produced in native format, black and white images should be delivered as 300 D.P.I. Group IV compression single page TIFFs and color images should be delivered as single page JPEGs. Images shall be clearly labeled to show redacted, privileged material. Each image should have a unique file name and should be named with the Bates number assigned to it. For any hard-copy DOCUMENTS scanned to ESI, either for production or in the regular course of business, any such ESI images (whether in tiff, jpeg, pdf, or some other format) should be produced so that they are either text-readable, or along with a concurrent Optical Character Recognition (OCR) file. Extracted OCR files for scanned document should be provided within the Concordance delimited file (DAT).

**C.    DATABASE LOAD FILES/CROSS-REFERENCE FILES.** DOCUMENTS should be provided with (1) a Concordance delimited file (DAT), and (2) an Opticon delimited file (LOG or OPT).

**D.    UNITIZING OF DOCUMENTS.** In scanning paper DOCUMENTS, distinct DOCUMENTS should not be merged into a single record, and single

5

1  DOCUMENTS should not be split into multiple records (i.e., paper DOCUMENTS
2  should be logically unitized).

3      **E.      PARENT-CHILD RELATIONSHIPS.** Parent-child relationships
4  (the association between an attachment and its parent document) should be
5  preserved.

6      **F.      TEXT.** Extracted text for electronic files should be provided within
7  the Concordance delimited file (DAT).

8      **G.      OBJECTIVE CODING FIELDS.** The following objective coding
9  fields should be provided for each electronic document converted to TIFF:

10         •    Beginning Bates Number
11         •    Ending Bates Number
12         •    Beginning Attachment Number
13         •    Ending Attachment Number
14         •    Source/Custodian.

15      **H.      OBJECTIVE CODING FORMAT.** The objective coding
16  information should be provided in the following format:

17         •    Fields should be Pipe (|) delimited.
18         •    String values within the file should be enclosed with Carats (^).
19         •    Multi-entries in a field should have a semi-colon (;) delimiter.
20         •    The first line should contain headers and below the first line there
21  should be exactly one line for each document.

22      Each line of objective coding information, corresponding to a single
23  document, must contain the same number of fields as the header row.

24      16.    If and to the extent that YOU object to any request, state with
25  specificity all grounds for any such objection.

26      17.    Unless otherwise indicated, each matter or request listed below shall
27  cover the period from January 1, 2000 to the present.

28      18.    If YOU assert any claim of privilege to object to any request, and

6

YOU withhold DOCUMENTS based on that asserted privilege, state the title and nature of the DOCUMENT(S), and furnish a list signed by the attorney of record giving the following information with respect to each withheld Document: (a) the name and title of the author and/or sender and the name and title of the recipient; (b) the date of the Document's origination; (c) the name of each PERSON or PERSONS participating in the preparation of the Document; (d) the name and position, if any, of each PERSON to whom the contents of the Document have been communicated by copy, exhibition, reading, or substantial summarization; (e) a statement of the specific basis on which privilege is claimed and whether or not the subject matter or the contents of that Document is limited to legal advice or information provided for the purpose of securing legal advice; and (f) the identity and position, if any, of the other PERSON or PERSONS supplying the attorney signing the list with the information requested in subparagraphs above.

19.    In the event that any Document called for by these requests has been destroyed or discarded, identify that Document by stating the title (if known) and nature of the Document and furnish a list signed by the attorney of record giving the following information with respect to each Document: (a) any addressor or addressee; (b) any indicated or blind copies; (c) the Document's date, subject matter, number of pages, and attachments or appendices; (d) all PERSONS to whom the Document was distributed, shown, or explained; (e) its date of destruction or discard and the manner of destruction or discard; and (f) the PERSONS authorizing or carrying out such destruction or discard.

20.    The following requests are continuing in nature and in the event YOU become aware of or acquire additional information relating or referring thereto, such additional information is to be promptly produced.

7

## II.   <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

<u>REQUEST NO. 1</u>

All advertisements CONCERNING the PRODUCTS used during the CLASS PERIOD.

<u>REQUEST NO. 2</u>

All of YOUR document retention policies in effect during the CLASS PERIOD.

<u>REQUEST NO. 3</u>

Organization charts sufficient to show YOUR employees who, during the CLASS PERIOD, were involved in MARKETING, manufacturing, or developing any of the PRODUCTS.

<u>REQUEST NO. 4</u>

DOCUMENTS sufficient to show the identity of any suppliers, vendors or distributors involved in the MARKETING, manufacturing, or developing of any of the PRODUCTS during the CLASS PERIOD.

<u>REQUEST NO. 5</u>

All DOCUMENTS on which YOU intend to rely in opposition to class certification.

<u>REQUEST NO. 6</u>

All DOCUMENTS summarizing the sales, Generally Accepted Accounting Principles, attributable to the sale of the PRODUCTS in the United States during the CLASS PERIOD.

<u>REQUEST NO. 7</u>

All DOCUMENTS summarizing the cost of goods sold attributable to the sale of the PRODUCTS in the United States during the CLASS PERIOD.

<u>REQUEST NO. 8</u>

All DOCUMENTS summarizing the advertising and promotional expenses attributable to the sale of the PRODUCTS in the United States during the CLASS

8

1 PERIOD.

2 REQUEST NO. 9

3    All DOCUMENTS summarizing the research and development expenses
4 attributable to the PRODUCTS during the CLASS PERIOD.

5 REQUEST NO. 10

6    All DOCUMENTS summarizing the operating income, as defined under
7 Generally Accepted Accounting Principles, attributable to the sale of the
8 PRODUCTS in the United States during the CLASS PERIOD.

9 REQUEST NO. 11

10    All DOCUMENTS summarizing the gross margin, Generally Accepted
11 Accounting Principles, for the PRODUCTS and any other similar products not
12 containing trans fat manufactured, sold or licensed for sale by YOU in the United
13 States during the CLASS PERIOD.

14 REQUEST NO. 12

15    All DOCUMENTS or COMMUNICATIONS sent or received by YOU from
16 or to any health care professional, science-related organization or nutrition-related
17 organization regarding the PRODUCTS, including, but not limited to, letters,
18 correspondence and reports.

19 REQUEST NO. 13

20    All DOCUMENTS that refer to or discuss the United States Food and Drug
21 Administration and the advertising, MARKETING, sale or distribution of the
22 PRODUCTS.

23 REQUEST NO. 14

24    Exemplars of all sales materials, promotional materials and advertisements,
25 including, but not limited to, print, radio, and television advertisements, packaging,
26 product labeling and point of sale literature which in anyway refer to, depict and/or
27 discuss the PRODUCTS, including all versions and drafts.

28 REQUEST NO. 15

9

1    Exemplars of all packaging, labeling, instructions, package inserts and

2    informational brochures relating to the PRODUCTS, including all versions, drafts,

3    and revisions.

4    <u>REQUEST NO. 16</u>

5    All DOCUMENTS RELATING TO, constituting or comprising

6    substantiation of claims made by YOU about the PRODUCTS to third parties

7    during the CLASS PERIOD, including requests by third parties for claims

8    substantiation and YOUR response(s).

9    <u>REQUEST NO. 17</u>

10    All DOCUMENTS that evidence, discuss, or reflect when and where print,

11    radio or television advertisements relating to the PRODUCTS were disseminated

12    in the United States during the CLASS EPRIOD including, without limitation,

13    media plans.

14    <u>REQUEST NO. 18</u>

15    All DOCUMENTS which evidence, memorialize, summarize or discuss any

16    decision about how to MARKET or advertise the PRODUCTS in the United States

17    during the CLASS PERIOD.

18    <u>REQUEST NO. 19</u>

19    All DOCUMENTS which constitute, evidence, embody, refer to or discuss

20    any focus group report, consumer survey, study, report, poll or any other

21    MARKETING analysis or research conducted in connection with the promotion,

22    advertising, packaging, labeling, distribution or sale of the PRODUCTS during the

23    CLASS PERIOD.

24    <u>REQUEST NO. 20</u>

25    All DOCUMENTS which evidence, reflect, or discuss any potential or

26    actual revisions or modifications made in the packaging or advertisement of the

27    PRODUCTS.

28    <u>REQUEST NO. 21</u>

1  All DOCUMENTS which evidence, reflect or RELATE TO any
2  MARKETING analysis or surveys which compare on any basis, the PRODUCTS
3  to any other similar products, including YOUR own products.

4  REQUEST NO. 22

5  All DOCUMENTS sent to retailers, distributors, or healthcare professionals
6  regarding or constituting the MARKETING, promotion, advertisement or sale of
7  the PRODUCTS.

8  REQUEST NO. 23

9  All DOCUMENTS which reflect, summarize, analyze or discuss the pricing
10  of the PRODUCTS, including wholesale or retail prices.

11  REQUEST NO. 24

12  All general ledgers, trial balances, monthly, quarterly, semiannual, and
13  annual financial reports reflecting revenues, profits and/or losses from the sale of
14  the PRODUCTS in the United States during the CLASS PERIOD.

15  REQUEST NO. 25

16  All DOCUMENTS YOU sent to, or received from, any accountant or
17  accounting firm, regarding revenues, profits and/or losses from the sale of the
18  PRODUCTS in the United States during the CLASS PERIOD.

19  REQUEST NO. 26

20  All DOCUMENTS YOU prepared regarding revenues, profits and/or losses
21  from the sale of the PRODUCTS in the United States during the CLASS PERIOD.

22  REQUEST NO. 27

23  All DOCUMENTS and COMMUNICATIONS relating to or
24  CONCERNING periodic (annual, monthly, weekly, etc.) financial budgets or plans
25  regarding revenues, profits and/or losses from the sale of the PRODUCTS in the
26  United States during the CLASS PERIOD.

27  REQUEST NO. 28

28  All audited financial statements (or portions thereof) regarding revenues,

11

1   profits and/or losses from the sale of the PRODUCTS in the United States during

2   the CLASS PERIOD.

3   REQUEST NO. 29

4       DOCUMENTS sufficient to show in which U.S. states the PRODUCTS

5   were available during the CLASS PERIOD, including any changes thereto.

6   REQUEST NO. 30

7       For each of YOUR PRODUCTS, DOCUMENTS sufficient to show the

8   amount and percentage of units manufactured in the United States that were

9   manufactured entirely in California for each year of the CLASS PERIOD.

10   REQUEST NO. 31

11       For each of YOUR PRODUCTS, DOCUMENTS sufficient to show the

12   amount and percentage of units manufactured in the United States that were

13   manufactured partly in California for each year of the CLASS PERIOD.

14   REQUEST NO. 32

15       For each of YOUR PRODUCTS, DOCUMENTS sufficient to show the

16   amount and percentage of sales in the United States that were sold in California for

17   each year of the CLASS PERIOD.

18   REQUEST NO. 33

19       For each of YOUR PRODUCTS, DOCUMENTS sufficient to show the

20   amount and percentage of funds spent on television advertisements in California

21   media markets relative to the amount and percentage of funds spent on television

22   advertisements that did not reach California media markets, for each year during

23   the CLASS PERIOD.

24   REQUEST NO. 34

25       For any advertisement of any PRODUCT that ran on television during the

26   CLASS PERIOD, DOCUMENTS sufficient to show (a) the location where the

27   advertisement was produced and filmed, and (b) the company or companies that

28   produced and filmed the advertisement.

REQUEST NO. 35

For each of YOUR PRODUCTS, DOCUMENTS sufficient to show or calculate YOUR total revenue from the sale of such PRODUCTS in the United States for each year in the CLASS PERIOD.

REQUEST NO. 36

For each of YOUR PRODUCTS, DOCUMENTS sufficient to show or calculate YOUR total profit from the sale of PRODUCTS in the United States for each year in the CLASS PERIOD.

REQUEST NO. 37

All DOCUMENTS constituting or RELATING TO advertisements during the CLASS PERIOD for the following PRODUCTS:

1. Teddy Grahams Chocolatey Chip Graham Snacks
2. Teddy Graham Honey Graham Snacks
3. Vegetable Thins Baked Snack Crackers
4. Ritz Crackers Roasted Vegetable
5. Ritz Crackers Hint Of Salt
6. Ritz Crackers Reduced Fat
7. Ritz Crackers Whole Wheat
8. Original Premium Saltine Crackers
9. Honey Maid Honey Grahams
10. Honey Maid Low Fat Honey Grahams
11. Ginger Snaps

REQUEST NO. 38

For each of the PRODUCTS, all labels used during the CLASS PERIOD, and DOCUMENTS sufficient to show the period of time during which each such label was used.

REQUEST NO. 39

For each of the PRODUCTS, all newspaper advertisements used during the

13

1    CLASS PERIOD and DOCUMENTS sufficient to show the period of time during

2    which each such advertisement was used.

3    <u>REQUEST NO. 40</u>

4        For each of the PRODUCTS, (a) all radio and television advertisements used

5    during the CLASS PERIOD, (b) transcriptions of each such radio and television

6    advertisement, and (c) DOCUMENTS sufficient to show the period of time during

7    which each such radio or television advertisement was used.

8    <u>REQUEST NO. 41</u>

9        For each of the PRODUCTS, all Internet advertising used during the CLASS

10   PERIOD, including native form HTML files and image files used on YOUR

11   internet sites.

12   <u>REQUEST NO. 42</u>

13        For each of the PRODUCTS, all other advertisements used during the

14   CLASS PERIOD including, without limitation, any direct mail, coupons, circulars,

15   fliers, or handouts, and DOCUMENTS sufficient to show the period of time during

16   which each such advertisement was used.

17   <u>REQUEST NO. 43</u>

18        For each of the PRODUCTS, DOCUMENTS sufficient to show the year and

19   date when YOU began producing the PRODUCT.

20   <u>REQUEST NO. 44</u>

21        DOCUMENTS sufficient to show the amount of partially hydrogenated oil

22   used in each of the PRODUCTS during the CLASS PERIOD, including any

23   changes thereto.

24   <u>REQUEST NO. 45</u>

25        DOCUMENTS sufficient to show the amount of high fructose corn syrup

26   used in each of the PRODUCTS during the CLASS PERIOD, including any

27   changes thereto.

28   <u>REQUEST NO. 46</u>

DOCUMENTS sufficient to show the amount and makeup of vegetable powder used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

REQUEST NO. 47

DOCUMENTS sufficient to show the amount of honey used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

REQUEST NO. 48

DOCUMENTS sufficient to show the amount of unbleached enriched flour used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

REQUEST NO. 49

DOCUMENTS sufficient to show the amount of graham flour used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

REQUEST NO. 50

DOCUMENTS sufficient to show the amount of ginger used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

REQUEST NO. 51

DOCUMENTS sufficient to show the amount of molasses used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

REQUEST NO. 52

DOCUMENTS sufficient to show the amount of disodium 5'-guanylate used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

REQUEST NO. 53

DOCUMENTS sufficient to show the amount of monosodium glutamate used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

REQUEST NO. 54

15

1    DOCUMENTS sufficient to show the amount of hydrolyzed soy and wheat

2  protein used in each of the PRODUCTS during the CLASS PERIOD, including

3  any changes thereto.

4  REQUEST NO. 55

5    All DOCUMENTS constituting or RELATING TO any internal studies,

6  market analyses, competitive analyses or other research RELATING TO the labels

7  of the PRODUCTS.

8  REQUEST NO. 56

9    All DOCUMENTS constituting or RELATING TO any internal studies,

10  market analyses, competitive analysis or other research CONCERNING actual or

11  anticipated consumer reactions to or perceptions of the PRODUCTS, including

12  without limitation the labeling of the PRODUCTS.

13  REQUEST NO. 57

14    All DOCUMENTS CONCERNING any projections, predictions, estimates,

15  forecasts, analyses, summaries, surveys, or reports RELATING TO the impact on

16  consumers (actual or projected) of advertising the PRODUCTS in any manner

17  alleged by Plaintiffs in the currently-operative Complaint to be unlawful,

18  including, for example, any such projections, predictions, estimates, forecasts,

19  analyses, summaries, surveys or reports RELATING TO any of the specific

20  labeling statements Plaintiffs challenge.

21  REQUEST NO. 58

22    All DOCUMENTS CONCERNING any projections, predictions, estimates,

23  forecasts, analyses, summaries, surveys, or reports RELATING TO the impact on

24  YOUR revenue and profit (actual or projected) of advertising the PRODUCTS in

25  any manner alleged by Plaintiffs in the currently-operative Complaint to be

26  unlawful, including, for example, any such projections, predictions, estimates,

27  forecasts, analyses, summaries, surveys or reports RELATING TO any of the

28  specific labeling statements Plaintiffs challenge.

16

1   REQUEST NO. 59

2       All DOCUMENTS RELATING TO the effects of artificial trans fat on

3   human or animal health.

4   REQUEST NO. 60

5       All DOCUMENTS RELATING TO or CONCERNING expert testimony

6   you intend to rely upon in opposing class certification.

7   REQUEST NO. 61

8       All DOCUMENTS received by you from customers or consumers of the

9   Products commenting or complaining about their content, labels, or adverse

10  reactions.

11

12

13  Dated: February 2, 2011                    /s/ Gregory Weston

14                                             Gregory S. Weston

15                                             **THE WESTON FIRM**
                                               GREGORY S. WESTON
16                                             JACK FITZGERALD
17                                             888 Turquoise Street
                                               San Diego, CA 92109
18                                             Telephone:  858 488 1672
                                               Facsimile:   480 247 4553
19

20                                             Counsel for Plaintiffs and the
21                                             Proposed Class

22

23

24

25

26

27

28

# Exhibit E

**JENNER & BLOCK LLP**
Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Phone:      (213) 239-5100
Facsimile:  (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
Stacy S. Jakobe (*pro hac vice*)
sjakobe@jenner.com
Jill M. Hutchison (*pro hac vice*)
jhutchison@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone:      (312) 222-9350
Fax:        (312) 527-0484

Attorneys for Defendants Kraft Foods Global, Inc., improperly sued as Kraft Foods North America, and Kraft Foods Inc.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELINE RED and RACHEL WHITT, on Behalf of Themselves and All Others Similarly Situated, | No. CV10-01028 (GW) (AGRX) <br> Pleading Type: Class Action |
| Plaintiffs, <br> vs. | **DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES ADDRESSED TO KRAFT FOODS GLOBAL, INC.** |
| KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and KRAFT FOODS GLOBAL, INC., | Judge: Hon. George H. Wu <br> Action Filed: February 11, 2010 |
| Defendants. | |

PROPOUNDING PARTY:   PLAINTIFFS Evangeline Red and Rachel Whitt.

RESPONDING PARTY:   Defendant Kraft Foods Global, Inc.

SET:   One

Defendant Kraft Foods Global, Inc.[1] ("Kraft Foods"), by its attorneys Jenner & Block LLP, answers Plaintiffs' First Set of Interrogatories Addressed to Kraft Foods Global, Inc. as follows:

## I.   GENERAL STATEMENT

In answering Plaintiffs' Interrogatories, Kraft Foods has made reasonable efforts to research documents and data regarding the subject matter of the present lawsuit. These responses are based upon information presently available to Kraft Foods and its attorneys and specifically known to the individuals who are preparing these responses. It is possible that future discovery and independent investigation may supply additional facts or information, add meaning to known facts, and may establish entirely new factual conclusions and contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth here.

These responses are made without prejudice to the right of Kraft Foods to provide additional evidence at the time of trial.

## II.   GENERAL OBJECTIONS

1.   Kraft Foods objects to Plaintiffs' Interrogatories as premature and beyond the scope of class certification issues.  No class has yet been certified, and neither the time period nor the geographic scope of the class claims have been confirmed by the Court.

2.   Kraft Foods objects to Plaintiffs' Interrogatories to the extent that they are overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

---

[1] Only Kraft Foods is a proper party to this suit.  Nonetheless, Kraft Foods also responds to Plaintiffs' First Set of Requests for the Production of Documents on behalf of Kraft Foods North America and Kraft Foods Inc.

3.     Kraft Foods objects to Plaintiffs' Interrogatories to the extent that they seek documents related to Kraft's marketing, sale, and distribution of products in states other than California as not relevant and unduly burdensome.

4.     Kraft Foods objects to Plaintiffs' Interrogatories to the extent that they seek information going back ten years as beyond the applicable statute of limitations. A three-year statute of limitations applies to CLRA claims, and a four-year statute of limitations applies to the alleged UCL and FAL claims.  Cal. Civ. Code § 1783; Cal. Bus. & Prof. Code § 17208.  Therefore, to the extent Kraft Foods agrees to provide information, Kraft Foods will provide only information going back four years from the date the initial Complaint was filed on February 11, 2010.

5.     Kraft Foods objects to Plaintiffs' Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection.

6.     Kraft Foods objects to Plaintiffs' Interrogatories to the extent that they seek information that is outside of Kraft Foods' possession, custody, or control.

7.     Kraft Foods objects to Plaintiffs' Interrogatories to the extent that they seek information that can be obtained from other sources, including public sources, in a manner that is more convenient, less burdensome, and/or less expensive.

8.     Kraft Foods objects to Plaintiffs' Interrogatories to the extent that they purport to impose obligations upon Kraft Foods that are inconsistent with and/or in addition to those obligations imposed by the applicable provisions of the Federal Rules of Civil Procedure or applicable local rules.

9.     Kraft Foods objects to Plaintiffs' Interrogatories to the extent that they call for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.  To the extent such information is responsive, relevant, and non-privileged, Kraft Foods will produce such information pursuant to an appropriate protective order agreed to by the parties.

*Red et al. v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW(AGRX)
DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES ADDRESSED TO KRAFT FOODS GLOBAL, INC.

- 3 -

1      10.   Discovery and investigation are continuing.   Therefore, Kraft Foods

2   reserves the right to revise, correct, supplement, or clarify its objections and responses

3   based upon the discovery of new and/or additional information.

4

5   **III.   RESPONSES**

6

7   <u>INTERROGATORY NO. 1:</u>

8      Identify all PRODUCTS YOU sold during the CLASS PERIOD, including but

9   not limited to the PRODUCTS, that contained partially hydrogenated oil, and for each

10   such PRODUCT (a) identify the amount of revenue YOU received from its sale during

11   the CLASS PERIOD; and (b) the time period during the Class Period which such

products that contained partially hydrogenated oil were sold or manufactured by YOU.

12      <u>RESPONSE:</u>   Kraft Foods incorporates by reference all of its General

13   Objections as if specifically stated herein.   Kraft Foods specifically objects to

14   Plaintiffs' Interrogatory as seeking information that is not relevant to class

15   certification issues.   Kraft Foods specifically objects to this Interrogatory on the

16   grounds that it is vague, ambiguous, overly broad, and unduly burdensome.   In

17   particular, this Interrogatory is overly broad, unduly burdensome, and unlikely

18   to lead to the discovery of relevant evidence because it asks Kraft Foods to

19   identify and provide information regarding "all products" Kraft Foods sold that

20   contained partially hydrogenated oil, while the Plaintiffs' claims are limited to

21   specific products: Ritz Crackers, Original Premium Saltine Crackers, Vegetable

22   Thins, Ginger Snaps, and Teddy Grahams.   Further, this Interrogatory is overly

23   broad and unduly burdensome because the temporal limit on the information

24   requested exceeds the applicable statute of limitations.

25

26

27

28

*Red et al. v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW(AGRX)
DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES ADDRESSED TO KRAFT FOODS GLOBAL, INC.

- 4 -

## INTERROGATORY NO. 2:

Identify each of YOUR employees involved in the MARKETING, advertising, and/or promotion of YOUR PRODUCTS and for each individual (a) state his or her employer and title, (b) describe the nature of his or her involvement, and (c) identify his or her address of employment.

**RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Interrogatory as seeking information that is not relevant to class certification issues.   Kraft Foods specifically objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.   In particular, this Interrogatory is overly broad and unduly burdensome because it asks Kraft Foods to identify "each of Your employees" involved in the marketing, advertising and/or promotion of the Products and to describe each person's role.   Numerous individuals who potentially have information relating to some portion of the listed subjects already have been identified by Kraft Foods as part of its Federal Rules of Civil Procedure Rule 26 initial disclosures. Further, this Interrogatory is overly broad and unduly burdensome because there is no geographic or temporal limit on the employees for which this information is requested.

## INTERROGATORY NO. 3:

Identify the amount of partially hydrogenated oil and trans fat for each PRODUCT during the CLASS PERIOD to the nearest one hundred milligrams and any changes thereto.

**RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Interrogatory as seeking information that is not relevant to class certification issues.   Kraft Foods further objects to this Interrogatory on the

*Red et al. v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW(AGRX)
DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES ADDRESSED TO KRAFT FOODS GLOBAL, INC.

- 5 -

grounds that it is overly broad and unduly burdensome because the temporal limit on the documents requested exceeds the applicable statute of limitations.

INTERROGATORY NO. 4:

Provide on a quarterly basis the net sales and cost of goods sold attributable to the sale of the PRODUCTS in the United States during the CLASS PERIOD, as these terms are used in Generally Accepted Accounting Practices.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to Plaintiffs' Interrogatory as seeking information that is not relevant to class certification issues.  Kraft Foods specifically objects to this Interrogatory as unduly burdensome and vague to the extent that it asks Kraft Foods to determine undefined "costs of goods sold."  This Interrogatory is overly broad and unduly burdensome because the temporal limit on the information requested exceeds the applicable statute of limitations.

INTERROGATORY NO. 5:

Provide on a quarterly basis the advertising and promotional expenses attributable to the sale of the Products in the United States during the Class Period.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to Plaintiffs' Interrogatory as seeking information that is not relevant to class certification issues.  Kraft Foods specifically objects to this Interrogatory as unduly burdensome and vague to the extent that it asks Kraft Foods to determine undefined "advertising and promotional expenses" on a "quarterly basis."  This Interrogatory also is overly broad and unduly burdensome because the temporal limit on the information requested exceeds the applicable statute of limitations.

*Red et al. v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW(AGRX)
DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES ADDRESSED TO KRAFT FOODS GLOBAL, INC.

- 6 -

## INTERROGATORY NO. 6:

State the amount of money YOU spent on the advertising and promotion of the PRODUCTS in the United States for each year in the CLASS PERIOD or fraction thereof.

> RESPONSE:    Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to Plaintiffs' Interrogatory as seeking information that is not relevant to class certification issues.  Kraft Foods specifically objects to this Interrogatory as unduly burdensome and vague to the extent that it asks Kraft Foods to determine undefined "advertising and promotion" spending.  This Interrogatory also is overly broad and unduly burdensome because the temporal limit on the information requested exceeds the applicable statute of limitations.

## INTERROGATORY NO. 7:

Identify all PERSON(S) involved at any time in the creation of advertising for the PRODUCTS by stating each PERSON(S) name, title, employer, business address, department or division, whether the PERSON is currently employed by YOU and, if not, the PERSON'S last known home address, business address, and telephone number.

> RESPONSE:    Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to Plaintiffs' Interrogatory as seeking information that is not relevant to class certification issues.  Kraft Foods specifically objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  In particular, this Interrogatory is overly broad and unduly burdensome because it asks Kraft Foods to identify "each Person" involved in the creation of advertising for the Products over an undefined period of time.   Numerous individuals who potentially have information relating to some portion of the listed subjects already have been identified by Kraft Foods as part of its Federal Rules of Civil Procedure Rule 26 initial disclosures.  Further, this Interrogatory

*Red et al. v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW(AGRX)
DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES ADDRESSED TO KRAFT FOODS GLOBAL, INC.

- 7 -

is overly broad and unduly burdensome because there is no geographic or temporal limit on the employees for which this information is requested.

## INTERROGATORY NO. 11:

Identify the name, address, and phone number of any advertising agencies YOU used during the CLASS PERIOD for services relating to the PRODUCTS.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to Plaintiffs' Interrogatory as seeking information that is not relevant to class certification issues.  Kraft Foods further specifically objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because there is no geographic limit contained in this Interrogatory, and the temporal limit on the information requested exceeds the applicable statute of limitations.

## INTERROGATORY NO. 12:

Identify to the best of YOUR knowledge and ability, the number of consumers who purchased YOUR PRODUCTS in the United States during the CLASS PERIOD, and state the basis for YOUR response.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to this Interrogatory on the grounds that it is vague and ambiguous.  In particular, this Interrogatory is vague and ambiguous because it does not define "consumer."  To the extent "consumer" means an individual who purchased at retail for consumption, Kraft Foods does not have responsive information because Kraft Foods sells to its customers, who are not end-use consumers. Kraft Foods further objects that this Interrogatory is overly broad and unduly burdensome because the temporal limit on the information requested exceeds the applicable statute of limitations.

*Red et al. v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW(AGRX)
DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES ADDRESSED TO KRAFT FOODS GLOBAL, INC.

- 8 -

**INTERROGATORY NO. 13:**

Identify, by name and address, all stores and/or distributors carrying YOUR RPRODUCTS in the United States during the CLASS PERIOD, including the name and address of all such stores and distributors.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. In particular, this Interrogatory is overly broad and unduly burdensome because the temporal limit on the information requested exceeds the applicable statute of limitations.

Without waiving its General or Specific Objections, Kraft Foods responds that Kraft Foods sells to its customers and does not have specific information as to which retail outlets receive the Products from Kraft Foods' customers.   As a general matter, Kraft Foods believes that the Products are currently available for purchase in California in large club stores and large retail groceries.   Further responding, Kraft Foods will supplement its Response with a list of customers located in California who are or were distributors or retailers of some or all of the Products during some or all of the time period covered by the applicable statute of limitations.

**INTERROGATORY NO. 14:**

State whether YOU intend to contest in opposition to class certification that the numerosity, commonality, typicality and adequacy requirements of Federal Rules of Civil Procedure 23(a) (1)-(4) and, if YOU do intend to contest any such requirement, describe substantively and in full each basis therefor, and identify any documentary, testimonial or other evidence on which you intend to rely in contesting any such requirement.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to

*Red et al. v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW(AGRX)
DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES ADDRESSED TO KRAFT FOODS GLOBAL, INC.

- 9 -

this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably ascertainable at the present time.

<u>INTERROGATORY NO. 14[sic]:</u>

Identify any expert with whom YOU consulted and any expert whose testimony YOU intend to rely upon in opposing class certification.

<u>RESPONSE:</u>   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably ascertainable at the present time.

Dated:  March 1, 2011

KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and KRAFT FOODS GLOBAL, INC.

By one of their attorneys

JENNER & BLOCK LLP
Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
Stacy S. Jakobe (*pro hac vice*)
sjakobe@jenner.com
Jill M. Hutchison (*pro hac vice*)
jhutchison@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone:      (312) 222-9350
Fax:         (312) 527-0484

JENNER & BLOCK LLP
Kenneth K. Lee (Cal. Bar No. 264296)
633 West 5th Street, Suite 3500
Los Angeles, CA  90071-2054
Phone:      (213) 239-5100
Fax:         (312) 239-5199

**Attorneys for Defendants**

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March 2011, a copy of Defendant's Responses to Plaintiffs' First Set of Interrogatories Addressed to Kraft Foods Global, Inc. was served on the following parties by U.S. Mail and by e-mail:

Gregory S. Weston
The Weston Firm
888 Turquoise Street
San Diego, CA 92109
858-488-1672
480-247-4553 (fax)
greg@westonfirm.com

John Joseph Fitzgerald, IV
The Weston Firm
888 Turquoise Street
San Diego, CA 92109
858-488-1672
858-247-4553 (fax)
jack@westonfirm.com


Dated:  March 1, 2011                    KRAFT FOODS INC., KRAFT FOODS
                                         NORTH AMERICA, and KRAFT
                                         FOODS GLOBAL, INC.


                                         By one of their attorneys

                                         JENNER & BLOCK LLP
                                         Dean N. Panos (*pro hac vice*)
                                         dpanos@jenner.com
                                         Stacy S. Jakobe (*pro hac vice*)
                                         sjakobe@jenner.com
                                         Jill M. Hutchison (*pro hac vice*)
                                         jhutchison@jenner.com
                                         353 N. Clark Street
                                         Chicago, IL  60654-3456
                                         Phone:      (312) 222-9350

*Red et al. v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW(AGRX)
DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES ADDRESSED TO KRAFT FOODS GLOBAL, INC.

- 1 -

Fax:            (312) 527-0484

JENNER & BLOCK LLP
Kenneth K. Lee (Cal. Bar. No. 264296)
633 West 5th Street
Los Angeles, CA  90071-2054
Phone:         (213) 239-5100
Fax:            (213) 239-5199

Attorneys for Defendants

*Red et dl. v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW(AGRX)
DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES ADDRESSED TO KRAFT FOODS GLOBAL, INC.

- 2 -

# Exhibit F

**JENNER & BLOCK LLP**
Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
633 West 5th Street, Suite 3500
Los Angeles, CA  90071-2054
Phone:      (213) 239-5100
Facsimile:  (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
Stacy S. Jakobe (*pro hac vice*)
sjakobe@jenner.com
Jill M. Hutchison (*pro hac vice*)
jhutchison@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone:      (312) 222-9350
Fax:        (312) 527-0484

Attorneys for Defendants Kraft Foods Global, Inc., improperly sued as Kraft Foods
North America, and Kraft Foods Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELINE RED and RACHEL WHITT, on Behalf of Themselves and All Others Similarly Situated, | No. CV10-01028 (GW) (AGRX) |
| | Pleading Type:  Class Action |
| Plaintiffs, | |
| vs. | **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING RULE 30(B)(6) DEPOSITION OF DEFENDANTS** |
| KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and KRAFT FOODS GLOBAL, INC., | |
| Defendants. | Judge: Hon. George H. Wu |
| | Action Filed:  February 11, 2010 |

Defendant Kraft Foods Global, Inc.[1] ("Kraft Foods"), by its attorneys Jenner & Block LLP, responds to Plaintiffs' Notice of Taking Rule 30(b)(6) Deposition of Defendants as follows:

## I.   GENERAL OBJECTIONS

1.   Kraft Foods objects to the topics of Plaintiffs' Notice as premature and beyond the scope of class certification issues.  No class has yet been certified, and neither the time period nor the geographic scope of the class claims have been confirmed by the Court.

2.   Kraft Foods objects to the topics of Plaintiffs' Notice to the extent that they are overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

3.   Kraft Foods objects to Plaintiffs' Notice to the extent that it seeks testimony related to Kraft Foods' marketing, distribution, and sale of products in states other than California as not relevant and unduly burdensome.

4.   Kraft Foods objects to the topics of Plaintiffs' Notice to the extent that they seek information going back to 2000 as beyond the applicable statute of limitations.  A three-year statute of limitations applies to CLRA claims, and a four-year statute of limitations applies to the alleged UCL and FAL claims.  Cal. Civ. Code § 1783; Cal. Bus. & Prof. Code § 17208.  Therefore, to the extent Kraft Foods agrees to provide responsive information, it will provide only information going back four years from the date the initial Complaint was filed, February 11, 2010.

5.   Kraft Foods objects to the topics of Plaintiffs' Notice to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection.

---

[1] Only Kraft Foods is a proper party to this suit.  Nonetheless, Kraft Foods also responds to Plaintiffs' Notice of Taking 30(b)(6) Deposition of Defendants on behalf of Kraft Foods North America and Kraft Foods Inc.

*Red et al., v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW (AGRX)
DEFENDANT'S OBJECTIONS TO PLAINTIFFS' NOTICE OF TAKING RULE 30(B)(6) DEPOSITION OF DEFENDANTS

- 1 -

6.      Kraft Foods objects to the topics of Plaintiffs' Notice to the extent that they seek information that can be obtained from other sources, including public sources, in a manner that is more convenient, less burdensome, and/or less expensive.

7.      Kraft Foods objects to Plaintiffs' Notice to the extent that it purports to impose obligations upon Kraft Foods that are inconsistent with and/or in addition to those obligations imposed by the applicable provisions of the Federal Rules of Civil Procedure or applicable local rules.

8.      Kraft Foods objects to the topics of Plaintiffs' Notice to the extent that they call for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.  Kraft Foods will produce witnesses with such information pursuant to an appropriate protective order.

9.      Whether Plaintiffs' Notice calls for knowledge of "Defendant" or "Defendants," Kraft Foods responds on behalf of Kraft Foods, Inc., Kraft Foods Global, Inc., and Kraft Foods North America with regard to the products identified in the Second Amended Complaint (the "Products").

## II.    SPECIFIC OBJECTIONS

TOPIC NO. 1:

The advertising and marketing of Teddy Grahams, Vegetable Thins, Ritz Crackers, Original Premium Saltine Crackers, Honey Maid Grahams, and Ginger Snaps (the "Kraft PHVO Products") from January 2000 to the present (the "Class Period").

RESPONSE:    Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects on the grounds that this topic seeks information that is not relevant and is overly broad and unduly burdensome because it seeks information beyond the applicable statute of limitations and has no geographic limit on the information sought.  Subject to and without waiving its General and Specific Objections,

Kraft Foods will make available to Plaintiffs at a mutually agreed time and place a witness who is knowledgeable about the advertising and marketing of the Products in California during the time period covered by the applicable statute of limitations.

**TOPIC NO. 2:**

The creation, makeup, formula, recipe, and/or ingredients in the Kraft PHVO Products throughout the Class Period.

<u>RESPONSE:</u>   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to this topic as seeking information that is not relevant to class certification issues and because it seeks information beyond the applicable statute of limitations. This topic is also overly broad and unduly burdensome because it contains no geographic limit on the information sought.  Further, information about the "creation, formula, recipe" of the Products is not relevant to any of Plaintiffs' claims, and the ingredients of the Products are fully disclosed and are known to Plaintiffs.

**TOPIC NO. 3:**

The manufacture and distribution of the Kraft PHVO Products throughout the Class Period.

<u>RESPONSE:</u>   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to this topic as seeking information that is not relevant to class certification issues and is beyond the applicable statute of limitations.  This topic is also overly broad and unduly burdensome because it contains no geographic limit on the information sought.  Further, information about the manufacture of the Products is not relevant to any of Plaintiffs' claims.

*Red et al., v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW (AGRX)
DEFENDANT'S OBJECTIONS TO PLAINTIFFS' NOTICE OF TAKING RULE 30(B)(6) DEPOSITION OF DEFENDANTS

- 3 -

TOPIC NO. 4:

Sales numbers and figures concerning the Kraft PHVO Products throughout the Class Period.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to this topic as seeking information that is not relevant to class certification issues and is beyond the applicable statute of limitations.  This topic is also overly broad and unduly burdensome because it contains no geographic limit on the information sought.  In particular, Kraft Foods objects to Plaintiffs' noticed topic as unduly burdensome and vague to the extent that it fails to define "sales numbers" and "figures."

TOPIC NO. 5:

The geographic scope of sales of the Kraft PHVO Products throughout the Class Period.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to this topic as seeking information that is not relevant to class certification issues and is beyond the applicable statute of limitations.  Kraft Foods further objects on the grounds that this topic is vague, overly broad and unduly burdensome to extent it seeks information regarding the "geographic scope of sales of Kraft's products."  To the extent this topic seeks information regarding the states in which Kraft Foods sells the Products, Kraft Foods will propose a stipulation identifying the states in which Kraft Foods sells these Products in lieu of producing a witness.

*Red et al., v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW (AGRX)
DEFENDANT'S OBJECTIONS TO PLAINTIFFS' NOTICE OF TAKING RULE 30(B)(6) DEPOSITION OF DEFENDANTS

- 4 -

TOPIC NO. 6:

Profit and revenue from the sale of the Kraft PHVO Products throughout the Class Period.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to this topic as seeking information that is not relevant to class certification issues and is beyond the applicable statute of limitations.  This topic is also overly broad and unduly burdensome because it contains no geographic limit on the information sought.

TOPIC NO. 7:

Defendants' compliance with the Federal Food, Drug and Cosmetic Act, its implementing regulations, and any other federal or state law, statute, regulation, rule or requirement affecting the manufacture, distribution, marketing, advertising and sale of the Kraft PHVO Products throughout the Class Period.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to this topic as seeking information that bears no relevance to the claims asserted in the Second Amended Complaint, and therefore, seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence.  The topic is also vague, overly broad, and unduly burdensome because it fails to identify the provisions of the federal Food, Drug & Cosmetic Act or federal or state laws or regulations about which a witness is requested to testify.  Additionally, Kraft Foods objects to this topic to the extent that it seeks information protected from disclosure by the attorney-client privilege and the work-product doctrine.

TOPIC NO. 8:

Defendants' knowledge of, study of, or research relating to the effects of the Kraft PHVO Products on consumers' health.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to this as seeking information that is not relevant to class certification issues.  Kraft Foods further objects that this topic is vague, overly broad, and unduly burdensome and seeks information that is not relevant to any claims in the Second Amended Complaint, as Plaintiffs have not alleged that they were physically injured by any of Kraft Foods' products.

TOPIC NO. 9:

Defendants' knowledge of, study of, or research relating to the effects or  impact of its advertising of the Kraft PHVO Products during the Class Period on consumers' perceptions of the Kraft PHVO Products.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects on the grounds that this topic is overly broad and unduly burdensome.   In particular, it is overly broad and unduly burdensome and seeks information beyond the applicable statute of limitations.  Subject to and without waiving its General and Specific Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place a witness who is knowledgeable about the noticed topic for the Products identified in the Second Amended Complaint during the time period covered by the applicable statute of limitations.

TOPIC NO. 10:

Defendants' knowledge of, study of, or research relating to the effects or impact of its advertising of the Kraft PHVO Products during the Class Period on consumers' purchases of the Kraft PHVO Products.

*Red et al., v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW (AGRX)
DEFENDANT'S OBJECTIONS TO PLAINTIFFS' NOTICE OF TAKING RULE 30(B)(6) DEPOSITION OF DEFENDANTS

- 6 -

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects on the grounds that this topic is overly broad and unduly burdensome.  In particular, it is overly broad and unduly burdensome because it seeks information beyond the applicable statute of limitations.  Subject to and without waiving its General and Specific Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place a witness who is knowledgeable about the noticed topic for the Products during the time period covered by the applicable statute of limitations.

**TOPIC NO. 11:**

Defendants' knowledge of, study of, or research relating to the effects or impact of its advertising of the Kraft PHVO Products during the Class Period on Defendants' revenue and profit.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to this topic as seeking information that is not relevant to class certification issues and seeking information beyond the applicable statute of limitations.

**TOPIC NO. 12:**

Defendant's document retention policies.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to this topic as seeking information that not relevant to class certification issues or any claim or allegation in Plaintiffs' Second Amended Complaint.

TOPIC NO. 13:

Defendants' records relating to the Products.

RESPONSE:    Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects on the grounds that this topic is vague, ambiguous, overly broad, unduly burdensome in that it seeks a witness to testify about undefined "records relating to the Products," and therefore is not reasonably calculated to lead to discovery of admissible evidence.

TOPIC NO. 14:

Defendants' internal systems relating to the Kraft PHVO Products (for example, systems used by Defendants' employees involved in the creation, marketing, manufacture, distribution, sale and tracking of the Kraft PHVO Products relating to electronic communications, bookkeeping, record-keeping, finance, sales and distribution, etc.).

RESPONSE:    Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects on the grounds that this topic is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence in that it provides no definition of what Plaintiffs mean by "internal systems."

*Red et al., v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW (AGRX)
DEFENDANT'S OBJECTIONS TO PLAINTIFFS' NOTICE OF TAKING RULE 30(B)(6) DEPOSITION OF DEFENDANTS

- 8 -

Dated: March 1, 2011

KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and KRAFT FOODS GLOBAL, INC.

By one of their attorneys

JENNER & BLOCK LLP
Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
Stacy S. Jakobe (*pro hac vice*)
sjakobe@jenner.com
Jill M. Hutchison (*pro hac vice*)
jhutchison@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone:      (312) 222-9350
Fax:         (312) 527-0484

JENNER & BLOCK LLP
Kenneth K. Lee (Cal. Bar No. 264296)
633 West 5th Street, Suite 3500
Los Angeles, CA  90071-2054
Phone:      (213) 239-5100
Fax:         (312) 239-5199

Attorneys for Defendants

*Red et al. v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW(AGRX)
DEFENDANT'S OBJECTIONS TO PLAINTIFFS' NOTICE OF TAKING RULE 30(B)(6) DEPOSITION OF DEFENDANTS

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March 2011, a copy of Defendant's Objections to Plaintiffs' Notice of Taking Rule 30(b)(6) Deposition of Defendants was served on the following parties by U.S. Mail and by e-mail:

Gregory S. Weston
The Weston Firm
888 Turquoise Street
San Diego, CA 92109
858-488-1672
480-247-4553 (fax)
greg@westonfirm.com

John Joseph Fitzgerald, IV
The Weston Firm
888 Turquoise Street
San Diego, CA 92109
858-488-1672
858-247-4553 (fax)
jack@westonfirm.com


Dated:  March 1, 2011            KRAFT FOODS INC., KRAFT FOODS
                                 NORTH AMERICA, and KRAFT
                                 FOODS GLOBAL, INC.


                                 By one of their attorneys

                                 JENNER & BLOCK LLP
                                 Dean N. Panos (*pro hac vice*)
                                 dpanos@jenner.com
                                 Stacy S. Jakobe (*pro hac vice*)
                                 sjakobe@jenner.com
                                 Jill M. Hutchison (*pro hac vice*)
                                 jhutchison@jenner.com
                                 353 N. Clark Street

Chicago, IL  60654-3456
Phone:      (312) 222-9350
Fax:        (312) 527-0484

JENNER & BLOCK LLP
Kenneth K. Lee (Cal. Bar. No. 264296)
633 West 5th Street
Los Angeles, CA  90071-2054
Phone:      (213) 239-5100
Fax:        (213) 239-5199

**Attorneys for Defendants**

*Red et al., v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW (AGRX)
DEFENDANT'S OBJECTIONS TO PLAINTIFFS' NOTICE OF TAKING RULE 30(B)(6) DEPOSITION OF DEFENDANTS

- 2 -

# Exhibit G

**JENNER & BLOCK LLP**
Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Phone:      (213) 239-5100
Facsimile:  (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
Stacy S. Jakobe (*pro hac vice*)
sjakobe@jenner.com
Jill M. Hutchison (*pro hac vice*)
jhutchison@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone:      (312) 222-9350
Fax:        (312) 527-0484

Attorneys for Defendants Kraft Foods Global, Inc., improperly sued as Kraft Foods
North America, and Kraft Foods Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELINE RED and RACHEL WHITT, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and KRAFT FOODS GLOBAL, INC., <br><br> Defendants. | Case No. CV10-01028 (GW) (AGRX) <br> Pleading Type: Class Action <br><br> **DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS ADDRESSED TO KRAFT FOODS GLOBAL, INC.** <br><br> Judge: Hon. George H. Wu <br> Action Filed: February 11, 2010 |

PROPOUNDING PARTY:      PLAINTIFFS Evangeline Red and Rachel Whitt.

RESPONDING PARTY:       DEFENDANT Kraft Foods Global, Inc.

SET:                    One

Defendant Kraft Foods Global, Inc.[1] ("Kraft Foods"), by its attorneys Jenner & Block LLP, answers Plaintiffs' First Set of Requests for the Production of Documents Addressed to Kraft Foods Global, Inc. as follows:

## I.    GENERAL OBJECTIONS

1.     Kraft Foods objects to Plaintiffs' Requests as premature and beyond the scope of class certification issues.

2.     Kraft Foods objects to Plaintiffs' Requests to the extent that they are overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

3.     Kraft Foods objects to Plaintiffs' Requests to the extent that they seek documents related to Kraft's marketing, sale, and distribution of products in states other than California as not relevant and unduly burdensome.

4.     Kraft Foods objects to Plaintiffs' Requests to the extent that they seek information going back over ten years to 2000 as beyond the applicable statute of limitations.  A three-year statute of limitations applies to CLRA claims, and a four-year statute of limitations applies to the alleged UCL and FAL claims.  Cal. Civ. Code § 1783; Cal. Bus. & Prof. Code § 17208.  Therefore, to the extent Kraft Foods agrees to provide responsive documents, Kraft Foods will provide only information going back four years from the date the initial Complaint was filed on February 11, 2010.

5.     Kraft Foods objects to Plaintiffs' Requests to the extent that they seek documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection.

---

[1] Only Kraft Foods is a proper party to this suit.  Nonetheless, Kraft Foods also responds to Plaintiffs' First Set of Requests for the Production of Documents on behalf of Kraft Foods North America and Kraft Foods Inc.

*Red et al., v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW(AGRX)
DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS ADDRESSED TO KRAFT FOODS GLOBAL, INC.

- 1 -

6.     Kraft Foods objects to Plaintiffs' Requests to the extent that they seek documents that are outside of Kraft Foods' possession, custody, or control.

7.     Kraft Foods objects to Plaintiffs' Requests to the extent that they seek documents that can be obtained from other sources, including public sources, in a manner that is more convenient, less burdensome, and/or less expensive.

8.     Kraft Foods objects to Plaintiffs' Requests to the extent that they purport to impose obligations upon Kraft Foods that are inconsistent with and/or in addition to those obligations imposed by the applicable provisions of the Federal Rules of Civil Procedure or applicable local rules.

9.     Kraft Foods objects to Plaintiffs' Requests to the extent that they call for production of documents or electronically stored information in more than one form or in a form other than the form required by the Federal Rules of Civil Procedure.

10.     Kraft Foods objects to Plaintiffs' Requests to the extent that they call for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.  To the extent such documents are responsive, relevant, and non-privileged, Kraft Foods will produce such information pursuant to an appropriate protective order.

11.     Discovery and investigation are continuing.  Therefore, Kraft Foods reserves the right to revise, correct, supplement, or clarify its objections and responses based upon the discovery of new and/or additional information.

## II.    REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1

    All advertisements CONCERNING the PRODUCTS used during the CLASS PERIOD.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods specifically objects to this Request on the grounds that it is overly broad and unduly burdensome because there is no geographic limit on the documents requested, and the temporal limit on the documents requested exceeds the applicable statute of limitations. Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place the advertisements for the products identified in the Second Amended Complaint that were used in California during the time period covered by the applicable statute of limitations.

**REQUEST NO. 2**

All of YOUR document retention policies in effect during the CLASS PERIOD.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues. Kraft Foods further objects to this Request on the grounds that it is overly broad and unduly burdensome because the temporal limit on the documents requested exceeds the applicable statute of limitations.

**REQUEST NO. 3**

Organization charts sufficient to show YOUR employees who, during the CLASS PERIOD, were involved in MARKETING, manufacturing, or developing any of the PRODUCTS.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods specifically objects to Plaintiffs' Request as not relevant to class certification issues. Kraft Foods

further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence because there is no geographic limit on the documents requested, and the temporal limit on the documents requested exceeds the applicable statute of limitations.

<u>REQUEST NO. 4</u>

DOCUMENTS sufficient to show the identity of any suppliers, vendors or distributors involved in the MARKETING, manufacturing, or developing of any of the PRODUCTS during the CLASS PERIOD.

<u>RESPONSE:</u>   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to Plaintiffs' Request as not relevant to class certification issues.  Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information about "suppliers" and "vendors" related to Kraft Foods' manufacturing or developing of the products.

<u>REQUEST NO. 5</u>

All DOCUMENTS on which YOU intend to rely in opposition to class certification.

<u>RESPONSE:</u>  Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information and will produce such documents only pursuant to an appropriate protective order.  Subject to and without waiving its General Objections, at the time Kraft Foods files its Response to Plaintiffs'

Motion for Class Certification, Kraft Foods will produce responsive documents to Plaintiffs.

## REQUEST NO. 6

All DOCUMENTS summarizing the sales, Generally Accepted Accounting Principles, attributable to the sale of the PRODUCTS in the United States during the CLASS PERIOD.

**RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues. Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because the temporal limit on the documents requested exceeds the applicable statute of limitations.   Kraft Foods also objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

## REQUEST NO. 7

All Documents summarizing the cost of goods sold attributable to the sale of the PRODUCTS in the United States during the CLASS PERIOD.

**RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues. Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not

reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is overly broad and unduly burdensome because the temporal limit on the documents requested exceeds the applicable statute of limitations. Kraft Foods also objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

**REQUEST NO. 8**

All Documents summarizing the advertising and promotional expenses attributable to the sale of the PRODUCTS in the United States during the CLASS PEROD.

RESPONSE: Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues. Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is vague, overly broad and unduly burdensome because it seeks to have Kraft Foods determine which specific advertisements or promotions attributed to specific sales of its products. Kraft Foods will make available to Plaintiffs at a mutually agreeable time and place the advertisements for the Products identified in the Second Amended Complaint that were used in California during the applicable statute of limitations.

**REQUEST NO. 9**

All DOCUMENTS summarizing the research and development expenses attributable to the PRODUCTS during the CLASS PERIOD.

**RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues.   Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because the temporal limit on the documents requested exceeds the applicable statute of limitations.   Kraft Foods also objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

**REQUEST NO. 10**

All DOCUMENTS summarizing the operating income, as defined under Generally Accepted Accounting Principles, attributable to the sale of the PRODUCTS in the United States during the CLASS PERIOD.

**RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues.   Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because the temporal limit on the documents requested exceeds the applicable statute of limitations.   Kraft Foods also objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

## REQUEST NO. 11

All DOCUMENTS summarizing the gross margin, Generally Accepted Accounting Principles, for the PRODUCTS and any other similar products not containing trans fat manufactured, sold or licensed for sale by YOU in the United States during the CLASS PERIOD.

RESPONSE:    Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues.  Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks to have Kraft Foods identify and then produce documents related to "other similar products not containing trans fat."

## REQUEST NO. 12

All DOCUMENTS or COMMUNICATIONS sent or received by YOU from or to any health care professional, science-related organization or nutrition-related organization regarding the PRODUCTS, including, but not limited to, letters, correspondence and reports.

RESPONSE:    Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues.  Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 13

All DOCUMENTS that refer to or discuss the United States Food and Drug Administration and the advertising, MARKETING, sale or distribution of the PRODUCTS.

RESPONSE: Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods specifically objects to this Request on the grounds that it seeks all documents that "refer to or discuss the United States Food and Drug Administration" or which refer to or discuss the "sale" or "distribution" of products as vague, ambiguous, overly broad, unduly burdensome and not relevant to class certification issues. In particular, this Request is overly broad and unduly burdensome because there is no geographic or temporal limit on the documents requested, and it seeks all documents which refer to or discuss the FDA and the "marketing, sale or distribution" of the products at issue. Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information and will produce such documents only pursuant to an appropriate protective order. Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place non-privileged documents of its advertising and marketing in California of the Products identified in the Second Amended Complaint during the time period covered by the applicable statute of limitations.

## REQUEST NO. 14

Exemplars of all sales materials, promotional materials and advertisements, including, but not limited to, print, radio, and television advertisements, packaging, product labeling and point of sale literature which in anyway refer to, depict and/or discuss the PRODUCTS, including all versions and drafts.

RESPONSE:    Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.    Further, to the extent this Request seeks drafts of marketing materials it is overly broad, unduly burdensome, and seeks information which is not relevant.  Kraft Foods further specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information and will produce such documents only pursuant to an appropriate protective order.    Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place non-privileged, responsive documents that reflect actual packaging or marketing of the products in California during the time period covered by the applicable statute of limitations.

REQUEST NO. 15

Exemplars of all packaging, labeling, instructions, package inserts and informational brochures relating to the PRODUCTS, including all versions, drafts, and revisions.

RESPONSE:    Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.    Further, to the extent this Request seeks drafts of marketing materials it is overly broad, unduly burdensome, and seeks information which is not relevant.  Kraft Foods further specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information and will produce such

documents only pursuant to an appropriate protective order. Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place non-privileged, responsive documents reflecting the actual packaging and marketing used in California during the time period covered by the applicable statute of limitations.

## REQUEST NO. 16

All DOCUMENTS RELATING TO, constituting or comprising substantiation of claims made by YOU about the PRODUCTS to third parties during the CLASS PERIOD, including requests by third parties for claims substantiation and YOUR response(s).

RESPONSE: Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues. Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous in that the Request does not identify for which "claims" Plaintiffs seek responsive information. Further, this Request is overly broad and unduly burdensome because the temporal limit on the documents requested exceeds the applicable statute of limitations.

## REQUEST NO. 17

All DOCUMENTS that evidence, discuss, or reflect when and where print, radio or television advertisements relating to the PRODUCTS were disseminated in the United States during the CLASS PERIOD including, without limitation, media plans.

RESPONSE: Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods specifically objects to this Request on the grounds that it is vague, ambiguous, overly broad, and

unduly burdensome in that it seeks documents that "evidence, discuss, or reflect" where and when Kraft Foods advertised its products in the United States and seeks information which is beyond the applicable statute of limitations. Kraft Foods further objects to this request as seeking documents that are not relevant because they concern advertisements disseminated outside of California. Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information and will produce such documents only pursuant to an appropriate protective order. Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place non-privileged, documents that identify where print, radio, or television advertisements were used in California, if any exist, for the Products identified in the Second Amended Complaint during the time period covered by the applicable statute of limitations.

## REQUEST NO. 18

All DOCUMENTS which evidence, memorialize, summarize or discuss any decision about how to MARKET or advertise the PRODUCTS in the United States during the CLASS PERIOD.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods specifically objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome in that it seeks documents that "evidence, memorialize, summarize or discuss" how Kraft Foods marketed or advertised its products in the United States and seeks information which is beyond the applicable statute of limitations. Kraft Foods further objects to this request as seeking documents that are not relevant because they concern marketing or advertising outside of

California.   Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information and will produce such documents only pursuant to an appropriate protective order.   Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place non-privileged, responsive documents consisting of the actual advertisements and marketing materials used in California for the Products identified in the Second Amended Complaint during the time period covered by the applicable statute of limitations.

REQUEST NO. 19

All DOCUMENTS which constitute, evidence, embody, refer to or discuss any focus group report, consumer survey, study, report, poll or any other MARKETING analysis or research conducted in connection with the promotion, advertising, packaging, labeling, distribution or sale of the PRODUCTS during the CLASS PERIOD.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.   In particular, this Request is overly broad and unduly burdensome because the temporal limit on the documents requested exceeds the applicable statute of limitations.   Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information and will produce such documents only pursuant to an appropriate protective order.   Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place non-privileged, responsive documents from the time period covered by the applicable statute of limitations.

## REQUEST NO. 20

All DOCUMENTS which evidence, reflect, or discuss any potential or actual revisions or modifications made in the packaging or advertisement of the PRODUCTS.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to this Request on the grounds that it seeks information that is not relevant to the extent it seeks documents which reflect "potential" revisions to packaging and advertising, or advertising or packaging which Kraft Foods did not use or disseminate in California.   Further, this Request is overly broad and unduly burdensome because there is no geographic or temporal limit on the documents requested.   Kraft Foods further specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information and will produce such documents only pursuant to an appropriate protective order.  Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place non-privileged, responsive documents relating to the actual packaging or advertising that was used in California, if any exist, for the Products identified in the Second Amended Complaint  during the time period covered by the applicable statute of limitations.

## REQUEST NO. 21

All DOCUMENTS which evidence, reflect or RELATE TO any MARKETING analysis or surveys which compare on any basis, the PRODUCTS to any other similar products, including YOUR own products.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to this Request on the grounds that it is vague and ambiguous in that it does not

specify what constitutes "similar matters," overly broad, and unduly burdensome. In particular, this Request is overly broad and unduly burdensome because there is no geographic or temporal limit on the documents requested. Kraft Foods further objects to this request as seeking documents that are not relevant because they do not relate to product or product labeling characteristics at issue in the Second Amended Complaint. Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information and will produce such documents only pursuant to an appropriate protective order. Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place any marketing analysis or survey related to the Products identified in the Second Amended Complaint, if any, from during the time period covered by the applicable statute of limitations.

## REQUEST NO. 22

All DOCUMENTS sent to retailers, distributors, or healthcare professionals regarding or constituting the MARKETING, promotion, advertisement or sale of the PRODUCTS.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods specifically objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. In particular, this Request is overly broad and unduly burdensome because there is no geographic or temporal limit on the documents requested. Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information and will produce such documents only

pursuant to an appropriate protective order.  Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place non-privileged, responsive documents regarding or constituting the  marketing, promotion, advertisement, or sale of the Products identified in the Second Amended Complaint in California, if any exist, during the time period covered by the applicable statute of limitations.

## REQUEST NO. 23

All DOCUMENTS which reflect, summarize, analyze or discuss the pricing of the PRODUCTS, including wholesale or retail prices.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues.  Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because the there is no geographic or temporal limit on the documents requested.  Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

## REQUEST NO. 24

All general ledgers, trial balances, monthly, quarterly, semiannual, and annual financial reports reflecting revenues, profits and/or losses from the sale of the PRODUCTS in the United States during the CLASS PERIOD.

**RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues.  Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because the temporal limit on the documents requested exceeds the applicable statute of limitations.   Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

**REQUEST NO. 25**

All DOCUMENTS YOU sent to, or received from, any accountant or accounting firm, regarding revenues, profits and/or losses from the sale of the PRODUCTS in the United States during the CLASS PERIOD.

**RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues.  Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and not reasonably ascertainable.   In particular, this Request is overly broad and unduly burdensome because the temporal limit on the documents requested exceeds the applicable statute of limitations.  Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

## REQUEST NO. 26

All DOCUMENTS YOU prepared regarding revenues, profits and/or losses from the sale of the PRODUCTS in the United States during the CLASS PERIOD.

**RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues.  Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because the temporal limit on the documents requested exceeds the applicable statute of limitations.   Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

## REQUEST NO. 27

All DOCUMENTS and COMMUNICATIONS relating to or CONCERNING periodic (annual, monthly, weekly, etc.) financial budgets or plans regarding revenues, profits and/or losses from the sale of the PRODUCTS in the United States during the CLASS PERIOD.

**RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues.  Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because the

temporal limit on the documents requested exceeds the applicable statute of limitations.   Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

## REQUEST NO. 28

All audited financial statements (or portions thereof) regarding revenues, profits and/or losses from the sale of the PRODUCTS in the United States during the CLASS PERIOD.

**RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues or any other issues in the case. Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 29

DOCUMENTS sufficient to show in which U.S. states the PRODUCTS were available during the CLASS PERIOD, including any changes thereto.

**RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues or any other issues that would be relevant to a putative class of California residents.   Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 30

For each of YOUR PRODUCTS, DOCUMENTS sufficient to show the amount and percentage of units manufactured in the United States that were manufactured entirely in California for each year of the CLASS PERIOD.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues or any other issues in this case.  Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 31

For each of YOUR PRODUCTS, DOCUMENTS sufficient to show the amount and percentage of units manufactured in the United States that were manufactured partly in California for each year of the CLASS PERIOD.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues or any other issues in this case.  Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 32

For each of YOUR PRODUCTS, DOCUMENTS sufficient to show the amount and percentage of sales in the United States that were sold in California for each year of the CLASS PERIOD.

**RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues.   Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because the temporal limit on the documents requested exceeds the applicable statute of limitations.   Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.   To the extent Kraft Foods maintains such information, Kraft Foods will propose a stipulation in lieu of production of documents.

## REQUEST NO. 33

For each of YOUR PRODUCTS, DOCUMENTS sufficient to show the amount and percentage of funds spent on television advertisements in California media markets relative to the amount and percentage of funds spent on television advertisements that did not reach California media markets, for each year during the CLASS PERIOD.

**RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues or any other issues in this case.   Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because the temporal limit on the documents requested exceeds the

applicable statute of limitations.  Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

**REQUEST NO. 34**

For any advertisement of any PRODUCT that ran on television during the CLASS PERIOD, DOCUMENTS sufficient to show (a) the location where the advertisement was produced and filmed, and (b) the company or companies that produced and filmed the advertisement.

<u>RESPONSE:</u>   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues.  Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because the temporal limit on the documents requested exceeds the applicable statute of limitations.  Kraft Foods further objects to this Request as seeking information that has no relevance to any claims made in Plaintiffs' Second Amended Complaint.    Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

**REQUEST NO. 35**

For each of YOUR PRODUCTS, DOCUMENTS sufficient to show or calculate YOUR total revenue from the sale of such PRODUCTS in the United States for each year in the CLASS PERIOD.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues. Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because the temporal limit on the documents requested exceeds the applicable statute of limitations.   Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

REQUEST NO. 36

For each of YOUR PRODUCTS, DOCUMENTS sufficient to show or calculate YOUR total profit from the sale of PRODUCTS in the United States for each year in the CLASS PERIOD.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues. Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because the temporal limit on the documents requested exceeds the applicable statute of limitations.   Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

## REQUEST NO. 37

All DOCUMENTS constituting or RELATING TO advertisements during the CLASS PERIOD for the following PRODUCTS:

    1.   Teddy Grahams Chocolatey Chip Graham Snacks

    2.   Teddy Graham Honey Graham Snacks

    3.   Vegetable Thins Baked Snack Crackers

    4.   Ritz Crackers Roasted Vegetable

    5.   Ritz Crackers Hint Of Salt

    6.   Ritz Crackers Reduced Fat

    7.   Ritz Crackers Whole Wheat

    8.   Original Premium Saltine Crackers

    9.   Honey Maid Honey Grahams

  10.   Honey Maid Low Fat Honey Grahams

  11.   Ginger Snaps.

**RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, is duplicative of other Requests, and is overly broad and unduly burdensome because the temporal limit on the documents requested exceeds the applicable statute of limitations.  Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information and will produce such documents only pursuant to an appropriate protective order.  Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place non-privileged,

responsive documents consisting of the actual advertisements in California for Products identified in the Second Amended Complaint during the time period covered by the applicable statute of limitations.

REQUEST NO. 38

For each of the PRODUCTS, all labels used during the CLASS PERIOD, and DOCUMENTS sufficient to show the period of time during which each such label was used.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  In particular, this Request is duplicative of other Requests. It is overly broad and unduly burdensome because there is no geographic limit on the documents requested, and the temporal limit on the documents requested exceeds the applicable statute of limitations.  Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place non-privileged, responsive documents consisting of the actual labeling used in California for Products identified in the Second Amended Complaint during the time period covered by the applicable statute of limitations.

REQUEST NO. 39

For each of the PRODUCTS, all newspaper advertisements used during the CLASS PERIOD and DOCUMENTS sufficient to show the period of time during which each such advertisement was used.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to

this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, is duplicative of other Requests, and is overly broad and unduly burdensome because the temporal limit on the documents requested exceeds the applicable statute of limitations. Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information and will produce such documents only pursuant to an appropriate protective order. Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place non-privileged, responsive documents constituting the newspaper advertisements in California, if any exist, for Products identified in the Second Amended Complaint during the time period covered by the applicable statute of limitations.

### REQUEST NO. 40

For each of the PRODUCTS, (a) all radio and television advertisements used during the CLASS PERIOD, (b) transcriptions of each such radio and television advertisement, and (c) DOCUMENTS sufficient to show the period of time during which each such radio or television advertisement was used.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods specifically objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of other Requests. This Request is also unduly burdensome and seeks information that is not relevant because there is no geographic limit on the documents requested, and the temporal limit on the documents requested exceeds the applicable statute of limitations. Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place non-privileged, responsive

documents consisting of radio and televisions advertisements that were used in
California, if any exist, during the time period covered by the applicable statute
of limitations.

REQUEST NO. 41

For each of the PRODUCTS, all Internet advertising used during the CLASS
PERIOD, including native form HTML files and image files used on YOUR internet
sites.

RESPONSE:  Kraft Foods incorporates by reference all of its General
Objections as if specifically stated herein.  Kraft Foods specifically objects to
this Request on the grounds that it is vague, ambiguous, overly broad, and
unduly burdensome because it seeks to have Kraft Foods produce responsive
information in native form HTML files and image files and because the
temporal limit on the documents requested exceeds the applicable statute of
limitations.  Further, Kraft Foods specifically objects to the extent that this
Request calls for the disclosure of trade secrets or confidential, proprietary, or
competitively sensitive information and will produce such documents only
pursuant to an appropriate protective order.  Subject to and without waiving its
General Objections, Kraft Foods will make available to Plaintiffs at a mutually
agreed time and place non-privileged, responsive documents from the time
period covered by the applicable statute of limitations.

REQUEST NO. 42

For each of the PRODUCTS, all other advertisements used during the CLASS
PERIOD including, without limitation, any direct mail, coupons, circulars, fliers, or
handouts, and DOCUMENTS sufficient to show the period of time during which each
such advertisement was used.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods specifically objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence, and is duplicative of other Requests. The Request also seeks information which is not relevant because there is no geographic limit on the documents requested, and the temporal limit on the documents requested exceeds the applicable statute of limitations. Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place non-privileged, responsive documents consisting of marketing materials that were used in California, if any exist, during the time period covered by the applicable statute of limitations.

REQUEST NO. 43

For each of the PRODUCTS, DOCUMENTS sufficient to show the year and date when YOU began producing the PRODUCT.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues. Kraft Foods further objects to this Request on the grounds that it is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 44

DOCUMENTS sufficient to show the amount of partially hydrogenated oil used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

**RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues. Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because there is no geographic limit on the documents requested, and the temporal limit on the documents requested exceeds the applicable statute of limitations.   Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

## REQUEST NO. 45

DOCUMENTS sufficient to show the amount of high fructose corn syrup used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

**RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues. Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because there is no geographic limit on the documents requested, and the temporal limit on the documents requested exceeds the applicable statute of limitations.   Further, Kraft Foods specifically objects to the extent that this Request calls for the

disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

## REQUEST NO. 46

DOCUMENTS sufficient to show the amount and makeup of vegetable powder used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues.  Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because there is no geographic limit on the documents requested, and the temporal limit on the documents requested exceeds the applicable statute of limitations.   Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

## REQUEST NO. 47

DOCUMENTS sufficient to show the amount honey used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues.  Kraft Foods further objects to this Request on the grounds

that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is overly broad and unduly burdensome because there is no geographic limit on the documents requested, and the temporal limit on the documents requested exceeds the applicable statute of limitations. Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

REQUEST NO. 48

DOCUMENTS sufficient to show the amount of unbleached enriched flour used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues. Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is overly broad and unduly burdensome because there is no geographic limit on the documents requested, and the temporal limit on the documents requested exceeds the applicable statute of limitations. Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

**REQUEST NO. 49**

DOCUMENTS sufficient to show the amount of graham flour used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues. Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because there is no geographic limit on the documents requested, and the temporal limit on the documents requested exceeds the applicable statute of limitations.   Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

**REQUEST NO. 50**

DOCUMENTS sufficient to show the amount of ginger used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues. Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because there is no geographic limit on the documents requested, and the temporal limit on the

documents requested exceeds the applicable statute of limitations. Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

## REQUEST NO. 51

DOCUMENTS sufficient to show the amount of molasses used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

RESPONSE: Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues. Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is overly broad and unduly burdensome because there is no geographic limit on the documents requested, and the temporal limit on the documents requested exceeds the applicable statute of limitations. Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

## REQUEST NO. 52

DOCUMENTS sufficient to show the amount of disodium 5'-guanylate used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

RESPONSE: Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class

certification issues.  Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because there is no geographic limit on the documents requested, and the temporal limit on the documents requested exceeds the applicable statute of limitations.   Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

REQUEST NO. 53

DOCUMENTS sufficient to show the amount of monosodium glutamate used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues.  Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because there is no geographic limit on the documents requested, and the temporal limit on the documents requested exceeds the applicable statute of limitations.   Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

## REQUEST NO. 54

DOCUMENTS sufficient to show the amount of hydrolyzed soy and wheat protein used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues.  Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because there is no geographic limit on the documents requested, and the temporal limit on the documents requested exceeds the applicable statute of limitations.   Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

## REQUEST NO. 55

All DOCUMENTS constituting or RELATING TO any internal studies, market analyses, competitive analyses or other research RELATING TO the labels of the PRODUCTS.

RESPONSE:   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, that it is duplicative of other Requests, and that there is no temporal limit on the documents requested.   Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or

confidential, proprietary, or competitively sensitive information and will produce such documents only pursuant to an appropriate protective order. Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place non-privileged, responsive documents, if any exist, from the time period covered by the applicable statute of limitations.

REQUEST NO. 56

All DOCUMENTS constituting or RELATING TO any internal studies, market analyses, competitive analysis or other research CONCERNING actual or anticipated consumer reactions to or perceptions of the PRODUCTS, including without limitation the labeling of the PRODUCTS.

RESPONSE:  Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, that it is duplicative of other Requests, and that there is no temporal limit on the documents requested.  Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information and will produce such documents only pursuant to an appropriate protective order. Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place non-privileged, responsive documents from the time period covered by the applicable statute of limitations.

REQUEST NO. 57

All DOCUMENTS CONCERNING any projections, predictions, estimates, forecasts, analyses, summaries, surveys, or reports RELATING TO the impact on

consumers (actual or projected) of advertising the PRODUCTS in any manner alleged by Plaintiffs in the currently-operative Complaint to be unlawful, including, for example, any such projections, predictions, estimates, forecasts, analyses, summaries, surveys or reports RELATING TO any of the specific labeling statements Plaintiffs challenge.

> **RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, that it is duplicative of other Requests, and that there is no temporal limit on the documents requested.   Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information and will produce such documents only pursuant to an appropriate protective order. Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place non-privileged, responsive documents concerning market research regarding the actual product labels from the time period covered by the applicable statute of limitations.

**REQUEST NO. 58**

All DOCUMENTS CONCERNING any projections, predictions, estimates, forecasts, analyses, summaries, surveys, or reports RELATING TO the impact on YOUR revenue and profit (actual or projected) of advertising the PRODUCTS in any manner alleged by Plaintiffs in the currently-operative Complaint to be unlawful, including, for example, any such projections, predictions, estimates, forecasts, analyses, summaries, surveys or reports RELATING TO any of the specific labeling statements Plaintiffs challenge.

> **RESPONSE:**   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.   Kraft Foods specifically objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, that it is duplicative of other Requests, and that there is no

temporal limit on the documents requested.  Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information and will produce such documents only pursuant to an appropriate protective order. Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place non-privileged, responsive documents concerning market research regarding the actual product labels from the time period covered by the applicable statute of limitations.

<u>REQUEST NO. 59</u>

All DOCUMENTS RELATING TO the effects of artificial trans fat on human or animal health.

<u>RESPONSE:</u>   Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Kraft Foods specifically objects to Plaintiffs' Request as seeking documents that are not relevant to class certification issues. Kraft Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   In particular, this Request is overly broad and unduly burdensome because there is no geographic or temporal limit on the documents requested.  Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information.

<u>REQUEST NO. 60</u>

All DOCUMENTS RELATING TO or CONCERNING expert testimony you intend to rely upon in opposing class certification.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. This request is premature. Kraft Foods will disclose any expert testimony at the time set by the court's scheduling order.

REQUEST NO. 61

All DOCUMENTS received by you from customers or consumers of the Products commenting or complaining about their content, labels, or adverse reactions.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods specifically objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, that it is duplicative of other Requests, and that there is no geographic or temporal limit on the documents requested. Further, Kraft Foods specifically objects to the extent that this Request calls for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information and will produce such documents only pursuant to an appropriate protective order. Subject to and without waiving its General Objections, Kraft Foods will make available to Plaintiffs at a mutually agreed time and place non-privileged, responsive documents received from California consumers during the time period covered by the applicable statute of limitations, if any exist.

Dated:  March 1, 2011

KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and KRAFT FOODS GLOBAL, INC.

By one of their attorneys

JENNER & BLOCK LLP
Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
Stacy S. Jakobe (*pro hac vice*)
sjakobe@jenner.com
Jill M. Hutchison (*pro hac vice*)
jhutchison@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone:     (312) 222-9350
Fax:        (312) 527-0484

JENNER & BLOCK LLP
Kenneth K. Lee (Cal. Bar No. 264296)
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Phone:     (213) 239-5100
Fax:        (312) 239-5199

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March 2011, a copy of Defendant's Responses to Plaintiffs' First Set of Requests for the Production of Documents Addressed to Kraft Foods Global, Inc. was served on the following parties by U.S. Mail and by e-mail:

Gregory S. Weston
The Weston Firm
888 Turquoise Street
San Diego, CA 92109
858-488-1672
480-247-4553 (fax)
greg@westonfirm.com

John Joseph Fitzgerald, IV
The Weston Firm
888 Turquoise Street
San Diego, CA 92109
858-488-1672
858-247-4553 (fax)
jack@westonfirm.com

Dated:  March 1, 2011                        KRAFT FOODS INC., KRAFT FOODS
                                             NORTH AMERICA, and KRAFT
                                             FOODS GLOBAL, INC.

                                             By one of their attorneys

                                             JENNER & BLOCK LLP
                                             Dean N. Panos (*pro hac vice*)
                                             dpanos@jenner.com
                                             Stacy S. Jakobe (*pro hac vice*)
                                             sjakobe@jenner.com
                                             Jill M. Hutchison (*pro hac vice*)
                                             jhutchison@jenner.com
                                             353 N. Clark Street

*Red et al., v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028-GW(AGRX)
DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS ADDRESSED TO KRAFT FOODS GLOBAL, INC.

- 1 -

Chicago, IL  60654-3456
Phone:      (312) 222-9350
Fax:        (312) 527-0484

JENNER & BLOCK LLP
Kenneth K. Lee (Cal. Bar. No. 264296)
633 West 5th Street
Los Angeles, CA  90071-2054
Phone:      (213) 239-5100
Fax:        (213) 239-5199

Attorneys for Defendants

# Exhibit H

# THE WESTON FIRM

888 Turquoise Street | San Diego, CA 92109

TEL: 858-488-1672
FAX: 480-247-4553
www.westonfirm.com

April 30, 2011

**VIA EMAIL AND FIRST CLASS MAIL**

Dean N. Panos
JENNER & BLOCK
353 N. Clark Street
Chicago, IL 60654
dpanos@jenner.com

RE:   *Red et al. v. Kraft Foods, Inc.*, No. 10-cv-01028-GW-AGR (C.D. Cal.)
<u>**Meet & Confer Regarding Plaintiff's Requests for Class Certification Discovery**</u>

Dear Mr. Panos:

I write on behalf of Plaintiffs in the above-referenced action, in response to:

• Kraft's Objections to Plaintiffs' Notice of Taking Rule 30(b)(6) Deposition of Defendants, dated March 1, 2011 (the "30(b)(6) Objection");

• Kraft's Responses to Plaintiffs' First Set of Interrogatories Addressed to Kraft Foods Global, Inc., dated March 1, 2011 (the "Interrogatory Responses");

• Kraft's Responses to Plaintiffs" First Set of Requests for Production of Documents Addressed to Kraft Foods Global, Inc., dated March 1, 2011 (the "RFP Responses," together with the 30(b)(6) Objection and the Interrogatory Responses, the "Discovery Responses"); and

• Your e-mail of April 19, 2011, subject "RE: A Message From Greg Weston," which states:
> *Please note that in our responses to plaintiffs' Rule 30(b)(6) notices, Kraft objected to producing any person to provide responsive information dating back to January 2000, and therefore, your deposition notice indicating that Mr. Low would testify about Kraft's marketing and advertising for the products at issue going back to January 2000 is incorrect.*

Pursuant to Local Rule 37-1, we request a meet and confer conference within 10 days with respect to the following discovery issues:

1. **Kraft's General Objection to the Time & Geographical Scope of Discovery**

Each of Kraft's Discovery Responses lodged the identical general objection to the time
scope of Plaintiffs' discovery requests, that is:

> Kraft Foods objects to Plaintiffs' Requests to the extent they seek information
> going back over ten years to 2000 as beyond the applicable statute of limitations.
> A three-year statute of limitations applies to CLRA claims, and a four-year statute
> of limitations applies to the alleged UCL and FAL claims. Cal. Civ. Code § 1783;
> Cal. Bus. & Prof. Code § 17208. Therefore, to the extent Kraft Foods agrees to
> provide responsive documents, Kraft Foods will provide only information going
> back four years from the date the initial Complaint was filed on February 11,
> 2010.

*See* RFP Responses at 1 ¶ 4; Interrogatory Responses at 3 ¶ 4; 30(b)(6) Objection at 1 ¶ 4.

Kraft's objection is improper. Plaintiffs' Second Amended Complaint alleges delayed
discovery (SAC ¶¶ 140-144), and asserts a putative class of purchasers of the Kraft products at
issue in this case beginning January 1, 2000. Kraft had the opportunity to challenge the alleged
class period at the pleading stage, but elected not to. Moreover, after multiple rounds of detailed
briefing, the Court denied Kraft's Motion to Dismiss the SAC in full. *Red v. Kraft*, 2011 U.S.
Dist. LEXIS 26893 (C.D. Cal. Jan. 13, 2011). Thus, the currently-operative complaint on which
Plaintiffs will soon move for class certification and are entitled full discovery alleges a class
beginning in January 2000. Since the proper scope of discovery is matters "relevant to the claim
or defense of any party," Fed. R. Civ. P. 26(b), Kraft's objection is improper.

We note, moreover, that Kraft's Answer (Dkt. No. 83) asserts eight affirmative defenses,
***but does not assert a statute of limitations defense***. It is improper for Kraft to assert such a
defense as a shield to producing relevant discovery Plaintiffs are entitled and which they need in
order to file their Motion for Class Certification. Even if Kraft were correct that the statute of
limitations applied, Kraft is not entitled to make a unilateral decision as to the cut-off date of the
discovery it will produce, and documents and testimony predating the limitations period would,
in any event, still be relevant to Plaintiffs' claims.

Therefore, please confirm that Kraft withdraws this objection and will immediately
produce discovery for the complete proper time period. Alternatively, in the spirit of
compromise, we would be amenable to Kraft producing responsive information for only a
portion of the disputed 6-year time period (from 2000 to 2006), a solution other parties have used
under similar circumstances. *See Perez v. State Farm Mut. Auto Ins. Co.*, 2011 U.S. Dist. LEXIS
41009, at *13 (N.D. Cal. Apr. 11, 2011). We would suggest Kraft produce information for three
years, probably 2000, 2002 and 2004.

Similarly, each of Kraft's Discovery Responses lodges the following general objection
with respect to the geographical scope of discovery:

Kraft objects to Plaintiffs'' Requests to the extent that they seek documents related to Kraft's marketing, sale, and distribution of products in states other than California as not relevant and unduly burdensome.

*See* RFP Responses at 1 ¶ 3; Interrogatory Responses at 3 ¶ 3; 30(b)(6) Objection at 1 ¶ 3.

Like Kraft's objection to the time scope of discovery, Kraft's objection to producing discovery relevant to its nationwide marketing and sale of the Kraft PHVO Products is improper where Plaintiffs seek to represent a nationwide class.

### 2.   Kraft's 30(b)(6) Objections

Of the 14 topics on which Plaintiffs sought a knowledgeable Kraft witness for issues relating to class certification, Kraft objected and refused to produce witnesses for all but three topics. Moreover, the witness Kraft produced on Topics 9 & 10, Amelia Strobel, only began working for Kraft in July 2009, and so had *no* knowledge about relevant information during almost the entire class period. *See generally Beauperthuy v. 24 Hour Fitness United States, Inc.*, 2009 U.S. Dist. LEXIS 104906, at *12-19 & n.5 (N.D. Cal. Nov. 10, 2009) (discussing requirements of Rule 30(b)(6) in context of recently-hired employee designated as witness most knowledgeable about company issues predating employment). Plaintiffs therefore request Kraft meet and confer with respect to the following:

30(b)(6) Topic No. 2

**The creation, makeup, formula, recipe, and/or ingredients in the Kraft PHVO Products throughout the Class Period**

Plaintiffs allege Kraft's advertising of the Kraft PHVO Products was misleading in part because of their composition. While Kraft asserts "the ingredients of the Products are fully disclosed and are known to Plaintiffs," this request seeks testimony about more than just the ingredients in the products, including, for example, the proportions and any changes thereto. That information informs the commonality and typicality requirements of Rule 23, since any substantial differences in the formula of the products during the class period may exclude certain groups and/or require certain subclasses. Therefore, please confirm Kraft will produce a 30(b)(6) witness on this topic.

<u>30(b)(6) Topic Nos. 3-6, 11</u>

(3) The manufacture and distribution of the Kraft PHVO Products throughout the Class Period.

(4) Sales numbers and figures concerning the Kraft PHVO Products throughout the Class Period.

(5) The geographic scope of sales of the Kraft PHVO Products throughout the Class Period.

(11) Defendants' knowledge of, study of, or research relating to the effects or impact of its advertising of the Kraft PHVO Products during the Class Period on Defendants' revenue and profit.

Plaintiffs seek a nationwide California law class. Information relating to the location of Kraft's manufacture and distribution of the Kraft PHVO Products during the Class Period, and relating to the geographical scope or distribution of sales of the Kraft PHVO Products during the Class Period, is relevant to the question of whether the Court may constitutionally apply California law to a nationwide class. Moreover, elsewhere Kraft agreed to produce documents relating to "MARKETING analysis or research conducted *in connection with the promotion, advertising, packaging, labeling, distribution or sale* of the PRODUCTS," acknowledging the relevance of these topics to issues on class certification (*see* RFP Response No. 19). Therefore, please confirm Kraft will produce a 30(b)(6) witness on these topics.[1]

<u>30(b)(6) Topic No. 8</u>

Defendants' knowledge of, study of, or research relating to the effects of the Kraft PHVO Products on consumers' health.

This topic is relevant to the question of commonality, inasmuch as Plaintiffs seek information relating to the common behavior of Defendant Kraft. To the extent that Kraft studied or knew of the harmful effects of the Kraft PHVO Products and advertised them as healthy anyway, as Plaintiffs allege, this would factor into the question of whether the challenged advertisements were deceptive, or likely to deceive reasonable consumers and other members of the class. Therefore, please confirm Kraft will produce a 30(b)(6) witness on this topic.

---

[1] In response to Topic No. 5, Kraft stated that it "will propose a stipulation identifying the states in which Kraft Foods sells these Produces in lieu of producing a witness. To date Plaintiffs have not received such a stipulation.

30(b)(6) Topic Nos. 9-10

**(9) Defendants' knowledge of, study of, or research relating to the effects or impact of its advertising of the Kraft PHVO Products during the Class Period on consumers' perceptions of the Kraft PHVO Products.**

**(10) Defendants' knowledge of, study of, or research relating to the effects or impact of its advertising of the Kraft PHVO Products during the Class Period on consumers' perceptions of the Kraft PHVO Products.**

As noted above, Kraft produced a 30(b)(6) witness on these topics, Ms. Strobel, but Ms. Strobel did not have any information predating the beginning of her employment in July 2009. Therefore, please confirm Kraft will produce a 30(b)(6) witness on these topics who is knowledgeable about the full class period.[2]

Plaintiffs reserve the right to seek meet and confer discussions with respect to any of the remaining topics to which Kraft objected and refused to produce a witness.

3.    **Kraft's Interrogatory Responses**

Interrogatory No. 1

**Identify all PRODUCTS YOU sold during the CLASS PERIOD, including but not limited to the PRODUCTS, that contained partially hydrogenated oil, and for each such PRODUCT (a) identify the amount of revenue YOU received from its sale during the CLASS PERIOD; and (b) the time period during the CLASS PERIOD which such products that contained partially hydrogenated oil were sold or manufactured by YOU.**

Kraft objects to this interrogatory on several grounds, including that it asks Kraft to identify products, other than those already identified in the SAC, which contained trans fat during the class period. But this is exactly the information Plaintiffs seek by this interrogatory, and to which they are entitled, since they may amend their Complaint to the extent Kraft engaged in related unlawful behavior. The law provides that Plaintiffs need not share the exact injury of every class member. Moreover, if necessary, Plaintiffs could seek additional class representatives. This information is relevant to defining the full scope of the class and issues in this case.

Kraft also objects on grounds that the interrogatory is not relevant to class certification, but Kraft's revenue from the sale of the challenged products during the time period is relevant to numerosity, CAFA jurisdiction (Plaintiffs must prove jurisdiction as part of their class certification motion), whether Kraft's behavior is provable on a class-wide basis, and the propriety of applying a nationwide California law class.

---

[2] We note that Ms. Strobel identified her predecessor at her deposition.

Therefore, please confirm that Kraft will provide a full response to this Interrogatory, or propose a reasonable compromise.

Interrogatory Nos. 2, 7

(2) Identify each of YOUR employees involved in the MARKETING, advertising and/or promotion of YOUR PRODUCTS and for each individual (a) state his or her employer or title, (b) describe the nature of his or her involvement, and (c) identify his or her address of employment.

(7) Identify all PERSON(S) involved at any time in the creation of advertising for the PRODUCTS by stating each PERSON(S) name, title, employer, business address, department or division, whether the PERSON is currently employed by YOU and, if not, the PERSON'S last known home address, business address, and telephone number.

Kraft responds in part by reference to its Rule 26 initial disclosures. With respect to Interrogatory No. 2, this answer is insufficient because it fails to identify the nature of each person's involvement such that Plaintiffs may seek the deposition of the most appropriate witnesses. Plaintiffs are willing to compromise, for example, by permitting Kraft to identify the 10 individuals most involved during the class period, or identifying all people who were in certain positions during the class period. Plaintiff is also amenable to any suggestion from Kraft.

Plaintiffs believe Kraft's response is also insufficient and Kraft's objections unwarranted with respect to Interrogatory No. 7. Plaintiffs will nevertheless, in the spirit of compromise, stand momentarily on Kraft's answer to Interrogatory No. 7, while expressly reserving all rights to seek further response from Kraft (unless Kraft voluntarily elects to more fully supplement its response).

Interrogatory No. 3

Identify the amount of partially hydrogenated oil and trans fat for each PRODUCT during the CLASS PERIOD to the nearest one hundred milligrams and any changes thereto.

Kraft objects to this request as not relevant to class certification issues, but Plaintiffs in this action allege Kraft's advertising is misleading because of the products' trans fat content. In order to show how they intend to prove their claims on a class-wide basis, Plaintiffs are entitled to know exactly how much trans fat was in each of the Kraft products throughout the class period. Therefore, please confirm Kraft will provide a full response to this interrogatory.

Interrogatory No. 4-6

**(4) Provide on a quarterly basis the net sales and cost of goods sold attributable to the sale of the PRODUCTS in the United States during the CLASS PERIOD, as these terms are used in Generally Accepted Accounting Practices.**

**(5) Provide on a quarterly basis the advertising and promotional expenses attributable to the sale of the Products in the United States during the Class Period.**

**(6) State the amount of money YOU spent on the advertising and promotion of the PRODUCTS in the United States for each year in the CLASS PERIOD or fraction thereof.**

Kraft objects and refuses to respond to these interrogatories on grounds including that the phrase "advertising and promotion" is supposedly vague. That term, however, is a standard industry term. Therefore, to the extent Kraft does not understand what "advertising and promotion" means such that it cannot respond to this interrogatory, please explain the ambiguity so that we may be more specific in our request.

Kraft also objects that its advertising and promotional spending, net sales, and cost of goods sold during the class period are not relevant to certification issues. However, Kraft's national advertising spending is relevant to the question of whether Kraft's behavior may be proved on a class-wide basis, and to the issues of numerosity and commonality, and Kraft's sales and cost of goods sold is relevant to issues including numerosity, commonality and the propriety of certifying a nationwide California law class. Therefore, please confirm that Kraft will provide full responses to these interrogatories.

Interrogatory No. 11

**Identify the name, address, and phone number of any advertising agencies YOU used during the CLASS PERIOD for services relating to the PRODUCTS.**

Plaintiffs challenge Kraft's advertising in this action. The identity of third parties who may have relevant information about that advertising is therefore highly relevant and a proper interrogatory inquiry. Kraft's refusal to respond on the purported basis that the interrogatory calls for irrelevant information is absurd and, we believe, obstructionist. Moreover, Kraft's objection that identifying the advertising agencies that worked on advertising for the few products in this case over the course of ten years is not burdensome. Therefore, please confirm Kraft will respond to this interrogatory in full.

Interrogatory No. 13

**Identify, by name and address, all stores and/or distributors carrying YOUR PRODUCTS in the United States during the CLASS PERIOD, including the name and address of all such stores and distributors.**

In response to this interrogatory, Kraft stated it would "supplement its Response with a list of customers located in California who are or were distributors or retailers of some or all of the Products during some or all of the time period covered by the applicable statute of limitations." Kraft has, as yet, produced no such supplemental list.

In any event, Kraft's unilateral limitation of information in both geographic and temporal scope is improper, as discussed above. Plaintiffs seek a nationwide class and the proportion of Kraft's customers present in California is relevant to the question of whether California law may apply to a nationwide class. Please confirm that Kraft will produce the supplemental list described with respect to each of the 50 states for the full time period, or propose a reasonable alternative, such as a sampling and stipulation that the information is the same throughout the proposed class period.

### Verification

When will Kraft provide the required verification of its Interrogatory Responses?

**4.    Kraft's RFP Responses**

### Request for Production No. 2

**All of YOUR document retention policies in effect during the CLASS PERIOD.**

Defendant objects that its document retention policies are not relevant to class certification issues, and further that the time period is excessive. Document retention policies, however, are routinely produced early in discovery and are relevant to class certification because they will allow Plaintiffs to ascertain the completeness of any production and the extent to which they will need to question Kraft's witnesses about documents that once existed but were destroyed or that were destroyed by Kraft but may be in the possession of other parties. Moreover, the standard for discovery is matters likely to lead to the discovery of admissible evidence—the discovery itself need not be strictly relevant to class certification issues.

As a compromise, we would ask Kraft to immediately produce all document retention policies that have been in effect the four years prior to the filing of the complaint, and further limited to business units involved with the production and marketing of the products at issue in the complaint. We note, moreover, that Ms. Strobel recently testified that Kraft does not have any document retention policy. If Ms. Strobel is correct, please provide a supplemental response to that effect.

Please let me know if your client accepts this compromise or has other suggestions to resolve this issue.

Requests for Production No. 3-4

(3) **Organization charts sufficient to show YOUR employees who, during the CLASS PERIOD, were involved in the MARKETING, manufacturing, or developing any of the PRODUCTS.**

(4) **DOCUMENTS sufficient to show the identity of any suppliers, vendors, or distributors involved in the MARKETING, manufacturing, or developing of any of the PRODUCTS during the CLASS PERIOD.**

Kraft objects based on the grounds that the requests are not relevant to class certification, are ambiguous, and are overly broad and unduly burdensome because there are no geographic and temporal limits.

The identification of Kraft's employees, suppliers and vendors involved in marketing, manufacturing or developing the Kraft PHVO Products at issue in this case is clearly calculated at obtaining admissible evidence, since those persons may testify to relevant facts or produce relevant documents.

Moreover, Request No. 3 is quite specific. However, if there are multiple types of its documents which Kraft understands to be "organization chart" responsive to this request, Kraft should produce all such charts. Alternatively, if Kraft does not understand "organization chart," please advise us the specific ambiguity so that we may rephrase the request more specifically.

Finally, we do not believe the temporal limit is excessive, even if it extends past what Kraft considers to be the statute of limitations, as we discussed above, especially provided that conduct occurring outside the purported statute of limitations period is likely to be relevant to the sales and marketing activity that occurred within the purported statute of limitations. The geographic limit on all requests for production is the United States, which is appropriate given that Plaintiffs have alleged a nationwide class and Kraft sells its products in all fifty states.

Requests for Production Nos. 6-11

(6) **All DOCUMENTS summarizing the sales, [under] Generally Accepted Accounting Principles, attributable to the sale of the PRODUCTS in the United States during the CLASS PERIOD.**

(7) **All DOCUMENTS summarizing the cost of goods sold attributable to the sale of the PRODUCTS in the United States during the CLASS PERIOD.**

(8) **All DOCUMENTS summarizing the advertising and promotional expenses attributable to the sale of the PRODUCTS in the United States during the CLASS PERIOD.**

(9) **All DOCUMENTS summarizing the research and development expenses attributable to the PRODUCTS during the CLASS PERIOD.**

(10) All DOCUMENTS summarizing the operating income, as defined under Generally Accepted Accounting Principles, attributable to the sale of the PRODUCTS in the United States during the CLASS PERIOD.

(11) All DOCUMENTS summarizing the gross margin, [under] Generally Accepted Accounting Principles, for the PRODUCTS and any other similar products not containing trans fat manufactured, sold, or licensed for sale by YOU in the United States during the CLASS PERIOD.

Kraft objects to each of these requests on grounds that, among other things, the requests are not relevant to class certification, and that the time period of the requests exceeds what Kraft believes is the applicable statute of limitations.

Each request is relevant to issues Plaintiffs will raise on class certification. Specifically, Plaintiffs seek a nationwide California law class. Information relating to Kraft's sales of the Kraft PHVO Products during the Class Period, and related financial and sales information, is relevant to the question of whether the Court may constitutionally apply California law to a nationwide class. Many of these requests also relate to Rule 23 requirements. For example, Kraft's cost of goods sold is relevant to both the question of numerosity and to whether Plaintiffs can prove damages can be calculated on a class-wide basis, i.e. commonality.

Request for Production No. 12

All DOCUMENTS or COMMUNICATIONS sent or received by YOU from or to any health care professional, science-related organization, or nutrition-related organization regarding the PRODUCTS, including, but not limited to, letters, correspondence and reports.

Kraft objects to this request on grounds that it is not relevant to class certification, but this request is relevant to whether the requirements of Federal Rule of Civil Procedure 23(b)(2) are satisfied, i.e. whether Kraft has acted or refused to act in a manner generally applicable to all class members, rendering injunctive or declaratory relief appropriate to the class as a whole.

Request for Production No. 13

All DOCUMENTS that refer to or discuss the United States Food and Drug Administration and the advertising, MARKETING, sale or distribution of the PRODUCTS.

Kraft has agreed to produce responsive documents, but arbitrarily limits its response in geographic scope to California, and to the time period Kraft believes is the statute of limitations period. Such limitations are improper, but in any event, Plaintiffs have not yet received any

documents referring to or discussing the United States Food and Drug Administration. Therefore, please clarify whether Kraft is withholding any documents responsive and, if so, on what bases.

Moreover, Kraft did not produce a privilege log. Therefore, please confirm Kraft is not withholding any documents responsive to these requests on the basis of privilege, or produce a privilege log.

Requests for Production Nos. 14 and 15

**(14) Exemplars of all sales materials, promotional materials and advertisements including, but not limited to, print, radio, and television advertisements, packaging, product labeling and point of sale literature which in anyway refer to, depict and/or discuss the PRODUCTS, including all versions and drafts.**

**(15) Exemplars of all packaging, labeling, instructions, package inserts and informational brochures relating to the PRODUCTS, including all versions, drafts, and revisions.**

Kraft has agreed produce responsive documents that reflect actual packaging or marketing of the products in California during the time period covered by the applicable statute of limitations. Plaintiffs, however, are seeking certification of a nationwide class beginning January 1, 2000 and so Kraft must provide responsive documents that reflect packaging or marketing of the products nationwide during the Class Period.

Moreover, Kraft did not produce a privilege log. Therefore, please confirm Kraft is not withholding any documents responsive to these requests on the basis of privilege, or produce a privilege log.

Request for Production No. 16

**All DOCUMENTS RELATING TO, constituting or comprising substantiation of claims made by YOU about the PRODUCTS to third parties during the CLASS PERIOD, including requests by third parties for claims substantiation and YOUR response(s).**

Kraft objects that this is not relevant to class certification issues, but this request is relevant to whether the requirements of Federal Rule of Civil Procedure 23(b )(2) are satisfied, i.e. whether Kraft has acted or refused to act in a manner generally applicable to all class members, rendering injunctive or declaratory relief appropriate to the class as a whole. Moreover, to the extent "claims" was ambiguous, we clarify that the request refers to the advertising claims at issue in this action as detailed in the currently-operative complaint, i.e., the SAC. Please confirm Kraft will produce responsive documents.

<u>Requests for Production Nos. 17, 18, and 20</u>

**(17) All DOCUMENTS that evidence, discuss, or reflect when and where print, radio or television advertisements relating to the PRODUCTS were disseminated in the United States during the CLASS PERIOD including, without limitation, media plans.**

**(18) All DOCUMENTS which evidence, memorialize, summarize or discuss any decision about how to MARKET or advertise the PRODUCTS in the United States during the CLASS PERIOD.**

**(20) All DOCUMENTS which evidence, reflect, or discuss any potential or actual revisions or modifications made in the packaging or advertisement of the PRODUCTS.**

Kraft objects to these requests as seeking documents that are not relevant because they concern advertisements disseminated outside of California. However, Plaintiffs are seeking nationwide class certification and so Kraft should not limit its responses to California. Neither should Kraft limit its responses to what they contend is the applicable statute of limitations because conduct which occurred outside the statute of limitations period is likely, in any event, to be relevant to the sales and marketing activity that occurred within the statute of limitations.

Moreover, Kraft did not produce a privilege log. Therefore, please confirm Kraft is not withholding any documents responsive to these requests on the basis of privilege, or produce a privilege log.

<u>Requests for Production Nos. 19, 55-58</u>

**(19) All DOCUMENTS which constitute, evidence, embody, refer to or discuss any focus group report, consumer survey, study, report, poll or any other MARKETING analysis or research conducted in connection with the promotion, advertising, packaging, labeling, distribution or sale of the PRODUCTS during the CLASS PERIOD.**

**(55) All DOCUMENTS constituting or RELATING TO any internal studies, market analyses, competitive analyses or other research RELATING TO the labels of the PRODUCTS.**

**(56) All DOCUMENTS constituting or RELATING TO any internal studies, market analyses, competitive analysis or other research CONCERNING actual or anticipated consumer reactions to or perceptions of the PRODUCTS, including without limitation the labeling of the PRODUCTS.**

**(57) All DOCUMENTS CONCERNING any projections, predictions, estimates, forecasts, analyses, summaries, surveys, or reports RELATING TO the impact on consumers (actual or projected) of advertising the PRODUCTS in any manner alleged by Plaintiffs in the currently-operative Complaint to be unlawful, including, for example, any**

such projections, predictions, estimates, forecasts, analyses, summaries, surveys or reports RELATING TO any of the specific labeling statements Plaintiffs challenge.

(58) All DOCUMENTS CONCERNING any projections, predictions, estimates, forecasts, analyses, summaries, surveys, or reports RELATING TO the impact on YOUR revenue and profit (actual or projected) of advertising the PRODUCTS in any manner alleged by Plaintiffs in the currently-operative Complaint to be unlawful, including, for example, any such projections, predictions, estimates, forecasts, analyses, summaries, surveys or reports RELATING TO any of the specific labeling statements Plaintiffs challenge.

In response to these requests, Kraft agreed to produce:

• "non-privileged, responsive documents from the time period covered by the applicable statute of limitations" (request nos. 19, 56);

• "non-privileged, responsive documents, if any exist, from the time period covered by the applicable statute of limitations" (request no. 55); and

• "non-privileged, responsive documents concerning market research regarding the actual product labels from the time period covered by the applicable statute of limitations" (request Nos. 57-58).

Setting aside the propriety of the limited temporal scope of discovery offered, it is apparent after the deposition of Ms. Strobel that Kraft has failed to produce very many such responsive documents. For example, Ms. Strobel testified that in connection with her function as Kraft's Director of Kraft's Consumer Insights from July 2009 to the present, in which she regularly deals with focus group reports, consumer surveys, studies, reports, polls, and other marketing analysis, and that she communicates regularly by email. Such documents clearly fall within this request, yet Kraft's entire production appears to include only a single email, but in any event, at least very few emails. This is just one example of Kraft's deficiency.

We would like to discuss Kraft's response to this request, including what procedures would be appropriate in order for Kraft to supplement its response, for example, including searching the emails of various individuals Ms. Strobel identified, etc.

Moreover, Kraft did not produce a privilege log. Therefore, please confirm Kraft is not withholding any documents responsive to these requests on the basis of privilege, or produce a privilege log.

Request for Production No. 23

All DOCUMENTS which reflect, summarize, analyze or discuss the pricing of the PRODUCTS, including wholesale or retail prices.

Kraft Foods objects to this Request as seeking documents that are not relevant to class certification issues. However, the pricing of products is relevant to show that Plaintiffs can prove that they can calculate damages on a class-wide basis. Kraft also objects on grounds that this Request is overly broad and unduly burdensome because the there is no geographic or temporal limit on the documents requested. We do not believe the temporal limit is excessive, even if it extends past what Kraft believes to be the statute of limitations, given that conduct which occurred outside the statute of limitations period is likely to be relevant to the sales and marketing activity that occurred within the statute of limitations. The geographic limit on all requests for production is the United States, which is appropriate given that Plaintiffs have alleged a nationwide class and Kraft sells its products in all fifty states. To the extent Kraft is withholding documents on the basis of confidentiality, a protective order has now been entered in this action.

### Request for Production No. 29

**DOCUMENTS sufficient to show in which U.S. states the PRODUCTS were available during the CLASS PERIOD, including any changes thereto.**

This request seeks information relevant to class certification as it concerns the geographic scope of the class. We therefore do not believe that your objection that this is not relevant to class certification issues has merit.

### Requests for Production Nos. 30 and 31

**(30) For each of YOUR PRODUCTS, DOCUMENTS sufficient to show the amount and percentage of units manufactured in the United States that were manufactured entirely in California for each year of the CLASS PERIOD.**

**(31) For each of YOUR PRODUCTS, DOCUMENTS sufficient to show the amount and percentage of units manufactured in the United States that were manufactured partly in California for each year of the CLASS PERIOD.**

The location of Kraft's marketing and manufacturing is relevant to determining the proper scope of the class, as well as the propriety of a nationwide California law class. Specifically, Plaintiffs seek documents substantiating the claim that the certification of a nationwide California law class would not be so unfair to Kraft as to offend Due Process as described by the Supreme Court in *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797 (1985). Please confirm Kraft will produce documents responsive to these requests.

Request for Production No. 32

**For each of YOUR PRODUCTS, DOCUMENTS sufficient to show the amount and percentage of your sales in the United States that were sold in California for each year of the CLASS PERIOD.**

In your response to Request 32, you state that Kraft will propose a stipulation in lieu of production of documents but has not yet done so. Plaintiffs are amenable to such a stipulation by which Kraft identifies for each of the past two years in which Kraft has complete information, the percentage of United States sales of the products identified in the complaint that occurred in California and additionally that the percentage did not vary by a material amount in previous years that are at issue in the complaint. Please let me know if Kraft will so stipulate, or else propose an alternative stipulation.

Request for Production Nos. 33 and 34

**(33) For each of YOUR PRODUCTS, DOCUMENTS sufficient to show the amount and percentage of funds spent on television advertisements in California media markets relative to the amount and percentage of funds spent on television advertisements that did not reach California media markets, for each year during the CLASS PERIOD.**

**(34) For any advertisement of any PRODUCT that ran on television during the CLASS PERIOD, DOCUMENTS sufficient to show (a) the location where the advertisement was produced and filmed, and (b) the company or companies that produced and filmed the advertisement.**

Kraft objects to these requests as seeking documents that are not relevant to the class certification issues. However, this information is necessary to show that Defendant has sufficient contacts with the chosen venue to make jurisdiction proper, as well as to demonstrate the propriety of a nationwide California law class. Plaintiffs will be unable to obtain class certification if they cannot show that the Court has jurisdiction to hear the case. Kraft's remaining objections are meritless for the reasons previously discussed. Therefore, please confirm Kraft will produce documents responsive to this request.

Request for Production No. 35

**For each of YOUR PRODUCTS, DOCUMENTS sufficient to show or calculate YOUR total revenue from the sale of such PRODUCTS in the United States for each year in the CLASS PERIOD.**

The request for Kraft's revenue from sales of the products at issue during the class period is likely to produce admissible evidence related to the class certification prerequisite of numerosity. Plaintiffs will agree to withdraw this request if Kraft stipulates that it will not oppose

class certification on the grounds of numerosity and that the proposed class in the complaint, were it to be certified, would contain at least 1,000 members. Will Kraft so stipulate?

### Request for Production No. 36

**For each of YOUR PRODUCTS, DOCUMENTS sufficient to show or calculate YOUR total profit from the sale of PRODUCTS in the United States for each year in the CLASS PERIOD.**

Kraft Foods objects to this request as seeking documents that are not relevant to class certification issues. However, the profit information sought is necessary so Plaintiffs can show they can can calculate damages on a class-wide basis. Kraft's remaining objections are meritless for the reasons previously discussed. Therefore, please confirm Kraft will produce documents responsive to this request.

### Requests for Production Nos. 37-39

**(37) All DOCUMENTS constituting or RELATING TO advertisements during the CLASS PERIOD for the KRAFT PHVO PRODUCTS.**

**(38) For each of the PRODUCTS, all labels used during the CLASS PERIOD, and DOCUMENTS sufficient to show the period of time during which such label was used.**

**(39) For each of the PRODUCTS, all newspaper advertisements used during the CLASS PERIOD and DOCUMENTS sufficient to show the period of time during which each such advertisement was used.**

While agreeing to produce documents in response to each of these requests, Kraft unilaterally limits its response to "actual advertisements," only if they were used in California, and only if they were used during the time period Kraft believes is within the statute of limitations. As discussed above, these limitations are improper. Moreover, with respect to each of these requests, Kraft failed to produce documents sufficient to identify the time period during which each label or advertisement used was in effect, as requested. Please confirm Kraft will produce documents responsive to the full request.

Moreover, Kraft did not produce a privilege log. Therefore, please confirm Kraft is not withholding any documents responsive to these requests on the basis of privilege, or produce a privilege log.

### Request for Production No. 40

**(40) For each of the PRODUCTS, (a) all radio and television advertisements used during the CLASS PERIOD, (b) transcriptions of each such radio and television**

advertisement, and (c) DOCUMENTS sufficient to show the period of time during which each such radio or television advertisement was used.

**(41) For each of the PRODUCTS, all Internet advertising used during the CLASS PERIOD, including native form HTML files and image files used on YOUR internet sites.**

**(42) For each of the PRODUCTS, all other advertisements used during the CLASS PERIOD, including, without limitation, any direct mail, coupons, circulars, fliers, or handouts, and DOCUMENTS sufficient to show the period of time during which each such advertisement was used.**

Kraft agreed to produce documents, but Plaintiffs have received transcripts of apparently two ads. Moreover, for the reasons discussed, Kraft's geographical and time limitations on its agreed production to these requests are improper. Moreover, with respect to each of these requests, Kraft failed to produce documents sufficient to identify the time period during which each label or advertisement used was in effect, as requested. Please confirm Kraft will produce these as previously agreed or state that no such documents exist.

Moreover, Kraft did not produce a privilege log. Therefore, please confirm Kraft is not withholding any documents responsive to these requests on the basis of privilege, or produce a privilege log.

Request for Production No. 43

**For each of the PRODUCTS, DOCUMENTS sufficient to show the year and date when YOU began producing the PRODUCT.**

Kraft objects to this request as seeking documents that are not relevant to class certification issues. However, the time periods in which Defendant produced each product is relevant to determining the class period, as well as showing that Plaintiffs can prove damages on a class-wide basis. Moreover, this request is extremely narrow and concerns basic information about this action. Therefore, please confirm Kraft will produce responsive documents, or a summary document responsive to the request.

Requests for Production Nos. 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, and 54

**(44) DOCUMENTS sufficient to show the amount of partially hydrogenated oil used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.**

**(45) DOCUMENTS sufficient to show the amount of high fructose corn syrup used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.**

**(46) DOCUMENTS sufficient to show the makeup of vegetable powder used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.**

(47) DOCUMENTS sufficient to show the amount of honey used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

(48) DOCUMENTS sufficient to show the amount of unbleached enriched flour used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

(49) DOCUMENTS sufficient to show the amount of graham flour used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

(50) DOCUMENTS sufficient to show the amount of ginger used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

(51) DOCUMENTS sufficient to show the amount of molasses used in each of the PRODUCTS DURING the CLASS PERIOD, including any changes thereto.

(52) DOCUMENTS sufficient to show the amount of disodium 5'-guanylate used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

(53) DOCUMENTS sufficient to show the amount of monosodium glutamate used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

(54) DOCUMENTS sufficient to show the amount of hydrolyzed soy and wheat protein used in each of the PRODUCTS during the CLASS PERIOD, including any changes thereto.

Kraft objects to these requests as seeking documents that are not relevant to class certification issues. However, this request is relevant to whether the requirements of Federal Rule of Civil Procedure 23(b)(2) are satisfied, i.e. whether Kraft has acted or refused to act in a manner generally applicable to all class members, rendering injunctive or declaratory relief appropriate to the class as a whole. Moreover, the proportions of ingredients in the Kraft PHVO Products, and any changes thereto during the Class Period, informs the commonality and typicality requirements of Rule 23, since any substantial differences in the formula of the products during the class period may exclude certain groups and/or require certain subclasses. Kraft also objects on the grounds that there are no geographic or temporal limits on the request. We do not believe the temporal limit is excessive, even if it extends past what you consider to be the statute of limitations, given that conduct which occurred outside the statute of limitations period is likely to be relevant to the sales and marketing activity that occurred within the statute of limitations. The geographic limit on all requests for production is the United States, which is appropriate given that Plaintiffs have alleged a nationwide class and Kraft sells its products in all fifty states. Therefore, please confirm Kraft will produce responsive documents, or a summary document responsive to the request.

Request for Production No. 59

**All DOCUMENTS RELATING TO the effects of artificial trans fat on human or animal health.**

Kraft objects to this request as seeking documents that are not relevant to class certification issues. However, this information is necessary so that Plaintiffs can demonstrate viable proof on a class-wide basis that Kraft knew of the adverse effects of trans fat. Kraft also objects on the grounds that there are no geographic or temporal limits on the request. We do not believe the temporal limit is excessive, even if it extends past what you consider to be the statute of limitations, given that conduct which occurred outside the statute of limitations period is likely to be relevant to the sales and marketing activity that occurred within the statute of limitations. The geographic limit on all requests for production is the United States, which is appropriate given that Plaintiffs have alleged a nationwide class and Kraft sells its products in all fifty states. Therefore, please confirm Kraft will produce responsive documents, or a summary document responsive to the request.

Request for Production No. 61

**All DOCUMENTS received by you from customers or consumers of the PRODUCTS commenting or complaining about their content, labels, or adverse reactions.**

Kraft agreed to produce responsive documents with unilaterally-imposed geographic and temporal scope limitations, but in any event, Plaintiffs have not received any documents concerning customer complaints about the content or labels of your products, or adverse reactions thereto. We therefore request that Kraft produce these as previously agreed or state that no such documents exist (or if they do exist, on what basis Kraft is withholding any such documents notwithstanding its agreement to produce such documents).

Please let me know when you are available to meet and confer regarding these issues

Sincerely,

*Greg Weston*

Gregory S. Weston
THE WESTON FIRM

CC: Kenneth K. Lee; Ron Marron; Jack Fitzgerald

# Exhibit I

**Guajardo, Gabriella L.**

| | |
|---|---|
| **From:** | Merkouris, Jessica |
| **Sent:** | Friday, June 10, 2011 2:51 PM |
| **To:** | Guajardo, Gabriella L. |
| **Subject:** | FW: Red v. Kraft - Joint Stipulation Regarding Plaintiffs' Motion to Compel |
| **Attachments:** | Joint Stipulation Regarding Plaintiffs' Motion to Compel (Plaintiff Draft 5-26).docx; Notice of Motion to Compel.pdf; Declaration of Gregory Weston Regarding Plaintiffs' Motion to Compel.pdf |

---

**From:** Jack Fitzgerald [mailto:jack@westonfirm.com]
**Sent:** Thursday, May 26, 2011 8:05 PM
**To:** Panos, Dean N; Lee, Kenneth K.; Hutchison, Jill M.
**Cc:** greg@westonfirm.com; mel@westonfirm.com
**Subject:** Red v. Kraft - Joint Stipulation Regarding Plaintiffs' Motion to Compel

Dean,

Attached please find Plaintiffs' draft Joint Stipulation Regarding their Motion to Compel. Also attached are the related Notice of Motion and supporting declaration in substantially the form we will file them.

Please take note that pursuant to Local Rule 37-2.2, your client is required to deliver its portion of the Joint Stipulation within 7 days, after which we have 1 day to file it.

Very truly yours,
Jack

**Jack Fitzgerald**
The Weston Firm
2811 Sykes Court
Santa Clara, California 95051
Phone: (408) 459-0305
Cell: (650) 440-3170

---

**Jessica Merkouris**
**Senior Paralegal**
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel (312) 840-7826
Fax (312) 527-0484
JMerkouris@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

# Exhibit J

Page 1

1

2          UNITED STATES DISTRICT COURT
           CENTRAL DISTRICT OF CALIFORNIA
3          Case NO.: 2:10-CV-01028-GW (AGRx)
           Pleading Type:  Class Action
4

5    -------------------------------------*
     EVANGELINE RED and RACHEL WHITT, on
6    Behalf of Themselves and All Others
     similarly situated,
7
                         Plaintiffs,
8
           vs.
9
     KRAFT FOODS, INC., KRAFT FOODS NORTH
10   AMERICA,and KRAFT FOODS GLOBAL, INC.,
11                       Defendants.
     -------------------------------------*
12

13

14

15          DEPOSITION OF: JAMES LOW

16         DATE TAKEN: April 26, 2011

17             Livingston, NJ

18

19

20

21

22

23

24   Job # 37708

25   Reporter: Faith Kringer

1          A.     I don't know specifically.

2          Q.     And by Teddy, you know I mean the

3     Teddy Grahams; right?

4          A.     I understand.

5          Q.     And I'll refer to it as Teddy.

6          A.     Okay.

7          Q.     As you do; right?

8          A.     I would refer to it as Teddy or Teddy

9     Grahams.

10          Q.     Do you know any of the product

11     developers that worked on Teddy Grahams?

12          A.     I don't.

13          Q.     Do you know the names of any persons

14     associated with the Teddy product from -- let's say

15     from 2005 to presently that worked on any aspect of

16     Teddy?

17               MR. PANOS:  Well, I think he already

18     gave you several names.

19               MR. MARRON:  I mean, now that we've

20     been talking names so it might have refreshed his

21     recollection.

22               THE WITNESS:  Tracy Luckner was the

23     brand manager for a portion of that time.

24     BY MR. MARRON:

25          Q.     Anyone else?

1          A.    I can't recall a specific name.

2     People change jobs frequently, so it can be tough

3     to put dates and times next to a person's name.

4          Q.    Yes, but do you know anybody that may

5     have been associated with that product?

6               MR. PANOS:   Product, you mean Teddy

7     Grahams?

8               MR. MARRON:   I mean Teddy Grahams,

9     yes.

10               THE WITNESS:   May have?

11     BY MR. MARRON:

12          Q.    Yes.   Just anybody that you think that

13     you --

14          A.    It's possibly that Naomi Rosenfeld

15     worked on Teddy Grahams.

16          Q.    What was her position?

17          A.    I believe -- and, again, I'm not sure,

18     but I believe she was a brand manager on Teddy

19     Grahams.

20          Q.    Are you aware of any adverse health

21     claims made by people in the industry regarding

22     trans fats?

23               MR. PANOS:   I'm going to object to the

24     form and being outside the scope.   You can answer,

25     if you can.

Page 112

1    product improvement, consumer promotion, a

2    sponsorship, all of those things.

3              As far as who I would talk to within

4    the marketing organization, it depends.  We have a

5    wide variety of groups within the marketing

6    organization of Kraft beginning with our CMO who

7    sits in Northfield, a marketing services

8    organization that includes planners, that includes

9    consumer research organization, that includes

10   cohort analysis, that includes pricing analytics,

11   includes consumer promotions, consumer relationship

12   management, consumer and customer engagement, sales

13   people who -- that are although technically not

14   part of the marketing organization -- might also be

15   consulted depending on the advertising and where

16   and how it was going to run, as well as other brand

17   marketers, our advertising director, just a wide

18   range of people.  It depends.

19        Q.   Is your -- the amount of your greatest

20   involvement in the marketing is -- and correct me

21   if I'm wrong -- but it's mostly in the design of

22   the packaging?

23              MR. PANOS:  Object to the form of the

24   question.  I don't think that's what he said.

25              MR. MARRON:  No.  I'm asking it.

# Exhibit K

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EVANGELINE RED and RACHEL
WHITT, on Behalf of Themselves and
All Others Similarly Situated,

          Plaintiffs,

    vs.

KRAFT FOODS INC., KRAFT
FOODS NORTH AMERICA, and
KRAFT FOODS GLOBAL, INC.,

          Defendants.

Case No. CV10-01028 (GW) (AGRX)
Pleading Type:  Class Action

**STIPULATION REGARDING
NUMEROSITY AND STATES
WHERE PRODUCTS WERE SOLD**

Judge: Hon. George H. Wu
Action Filed:  February 11, 2010

Defendant Kraft Foods Global, Inc.[1] ("Kraft Foods"), by its attorneys Jenner & Block LLP, hereby stipulates as follows:

1.    The class proposed in the Second Amended Complaint, were it to be certified, would contain at least 1,000 members.

2.    The class proposed in the Second Amended Complaint is so numerous that joinder of all members would be impracticable. Kraft Foods will not assert a lack of numerosity as a basis to oppose class certification.

3.    The products specifically shown in the labels incorporated in pages 16 to 48 of the Second Amended Complaint were sold to numerous of Kraft Foods' customers, who it is believed offered them for sale in all fifty states for purchase by

---

[1] Only Kraft Foods is a proper party to this suit.  Nonetheless, Kraft Foods also enters this stipulation on behalf of Kraft Foods North America and Kraft Foods Inc.

consumers.

**IT IS SO STIPULATED.**

Dated: June 10 , 2011

KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and KRAFT FOODS GLOBAL, INC.

_____

By one of their attorneys

JENNER & BLOCK LLP
Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
Stacy S. Jakobe (*pro hac vice*)
sjakobe@jenner.com
Jill M. Hutchison (*pro hac vice*)
jhutchison@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone:       (312) 222-9350
Fax:          (312) 527-0484

JENNER & BLOCK LLP
Kenneth K. Lee (Cal. Bar No. 264296)
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Phone:       (213) 239-5100
Fax:          (312) 239-5199

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of June 2011, a copy of the Stipulation Regarding Numerosity and States Where Products Were Sold was served on the following parties by U.S. Mail and by e-mail:

Gregory S. Weston
The Weston Firm
888 Turquoise Street
San Diego, CA 92109
858-488-1672
480-247-4553 (fax)
greg@westonfirm.com

John Joseph Fitzgerald, IV
The Weston Firm
888 Turquoise Street
San Diego, CA 92109
858-488-1672
858-247-4553 (fax)
jack@westonfirm.com

Melanie Rae Persinger
The Weston Firm
888 Turquoise Street
San Diego, CA 92109
858-488-1672
858-247-4553 (fax)
mel@westonfirm.com

Ronald A. Marron
Law Offices of Ronald A. Marron, APLC
3636 4th Street, Suite 202
San Diego, CA 92103
619-696-9066
619-564-6665 (fax)
ron.marron@gmail.com

Dated: June 10, 2011

KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and KRAFT FOODS GLOBAL, INC.

_____

By one of their attorneys

JENNER & BLOCK LLP
Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
Stacy S. Jakobe (*pro hac vice*)
sjakobe@jenner.com
Jill M. Hutchison (*pro hac vice*)
jhutchison@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456

Phone:     (312) 222-9350
Fax:       (312) 527-0484

JENNER & BLOCK LLP
Kenneth K. Lee (Cal. Bar. No. 264296)
633 West 5th Street
Los Angeles, CA  90071-2054
Phone:     (213) 239-5100
Fax:       (213) 239-5199

Attorneys for Defendants

# Exhibit L

Page 1

1

2            UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
3            Case NO.: 2:10-CV-01028-GW (AGRx)
             Pleading Type:  Class Action

4

5    ------------------------------------*
     EVANGELINE RED and RACHEL WHITT, on
6    Behalf of Themselves and All Others
     similarly situated,

7
                             Plaintiffs,
8
             vs.
9
     KRAFT FOODS, INC., KRAFT FOODS NORTH
10   AMERICA, and KRAFT FOODS GLOBAL, INC.,

11                           Defendants.
     ------------------------------------*

12

13

14

15              DEPOSITION OF: JAMES LOW

16             DATE TAKEN: April 26, 2011

17                  Livingston, NJ

18

19

20

21

22

23

24   Job # 37708

25   Reporter: Faith Kringer

Page 230

1    change to the Teddy Grahams packaging?

2    A        During this timeframe, with the documents

3    that have been provided, yes, there was research

4    conducted.

5            Q        Do you have any firsthand

6    experience other than just your review of documents

7    in preparation for this deposition about that

8    research?

9    A        About the Teddy Grahams research?  No,

10   because I was not at Kraft during most of that.

11           Q        Okay.  When was that research done?

12   A        The Teddy Grahams packaging research?  I

13   mean, again, I would have to go back to these

14   documents.  I would assume that it was completed in

15   '08, '09 timeframe, at least it had to have been

16   '08, because '09 is when I took over in the middle

17   of the year and we didn't do -- we hardly did

18   anything on Teddy Grahams, if we did anything.

19                   MR. FITZGERALD:  Okay.  This one,

20   please.

21                   (Whereupon a document titled

22   "Snacks B.U. Health and Wellness, Calorie Reduction"

23   dated March 30, 2010, is marked as Exhibit P-6 for

24   identification.)

25           Q        Miss Strobel, I'm handing you

# EXHIBIT M

**JENNER & BLOCK LLP**
Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Phone:      (213) 239-5100
Facsimile: (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
Stacy S. Jakobe (*pro hac vice*)
sjakobe@jenner.com
Jill M. Hutchison (*pro hac vice*)
jhutchison@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone:      (312) 222-9350
Fax:        (312) 527-0484

Attorneys for Defendants Kraft Foods Global, Inc., improperly sued as Kraft Foods North America, and Kraft Foods Inc.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELINE RED and RACHEL WHITT, on Behalf of Themselves and All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>    vs.<br><br>KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and KRAFT FOODS GLOBAL, INC.,<br><br>            Defendants. | No. CV10-01028 (GW) (AGRX)<br><br>**DECLARATION OF ELLEN M. SMITH IN SUPPORT OF KRAFT FOODS GLOBAL, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**<br><br>Judge: Hon. George H. Wu<br>Action Filed: February 11, 2010 |

I, Ellen M. Smith declare:

    1.    I am currently employed as Chief Counsel at Kraft Foods Global, Inc. ("Kraft Foods"), Snacks & Confectionery Business Unit.  I submit this Declaration in support of Defendant Kraft Foods Global, Inc.'s Opposition to Plaintiffs' Motion for Class Certification.  I have personal knowledge of the facts set forth below, and if called as a witness, I could and would testify competently to those facts.

    2.    I have held the position of Chief Counsel at the Kraft Foods Snacks & Confectionery Business Unit (and its predecessors, the Snacks Business Unit and the Snacks & Cereals Business Unit), located in East Hanover, New Jersey, since April 10, 2006.  From April 5, 2004 through April 9, 2006, I was employed as Senior Counsel – Snacks & Cereals (and Senior Counsel – Biscuits, Snacks & Confections) at this Kraft Foods location.  The Snacks & Confectionery Business Unit for which I currently serve as Chief Counsel has amongst its portfolio of products: Teddy Grahams Graham Snacks (including Cinnamon, Honey, Chocolatey Chip, and Mini Honey varieties), Vegetable Thins Baked Snack Crackers, Ritz Crackers (including Roasted Vegetable, Hint of Salt, Reduced Fat, and Whole Wheat varieties), Original Premium Saltine Crackers, Honey Maid Grahams (including Honey and Low Fat Honey varieties), and Ginger Snaps.

    3.    Kraft Foods' Snacks & Confectionery Business Unit is located in East Hanover, New Jersey.  The products at issue in Plaintiffs' Second Amended Complaint – Teddy Grahams Graham Snacks (including Cinnamon, Honey, Chocolatey Chip, and Mini Honey varieties), Vegetable Thins Baked Snack Crackers, Ritz Crackers (including Roasted Vegetable, Hint of Salt, Reduced Fat, and Whole Wheat varieties), Original Premium Saltine Crackers, Honey Maid Grahams (including Honey and Low Fat Honey varieties), and Nabisco Ginger Snaps (collectively the "Products") – are all managed by Kraft Foods' Snacks & Confectionery Business Unit.

DECLARATION OF ELLEN M. SMITH ISO KRAFT FOODS GLOBAL, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
CV10-01028 (GW) (AGRX)

- 1 -

4.      Kraft Foods has over 37,000 employees in the United States, the majority of whom are involved in some aspect of marketing, manufacturing, or developing Kraft Foods' products.  To the best of my knowledge, there is no central organization chart that shows all Kraft Foods employees, even within the Snacks & Confectionery Business Unit, that are responsible for the products at issue.

5.      Research and development related to the Products takes place at a Snacks & Confectionery Business Unit facility in East Hanover, New Jersey.  This research and development activity includes but is not limited to product formulations and packaging.

6.      The Snacks & Confectionery Business Unit has a Consumer Insights and Strategies group.  The Consumer Insights and Strategies group in East Hanover, New Jersey is responsible for analytics and understanding consumer needs related to the Products.

7.      The brand teams and brand managers for all of the Products are located at the Snacks & Confectionery Business Unit in East Hanover, New Jersey.  The brand teams and brand managers for each of the Products are responsible for running the day-to-day business related to the Products, developing and implementing strategic plans, and supporting any consumer research related to the Products.  The relevant brand manager or brand director is the primary person responsible for the marketing of the product and leads the development of marketing campaigns and advertising for that product.  The brand team for a particular product has responsibility for designing packaging for that product.

8.      I am generally aware of where products in the Snacks & Confectionery Business Unit are manufactured.  To the best of my knowledge and based on my investigation to date, none of the Products were manufactured in California at any time from 2006 to 2010.

DECLARATION OF ELLEN M. SMITH ISO KRAFT FOODS GLOBAL, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
CV10-01028 (GW) (AGRX)

- 2 -

9.    Facilities that manufactured Teddy Grahams Graham Snacks (including Cinnamon, Honey, Chocolatey Chip, and Mini Honey Snak Sak varieties) include facilities located in: Philadelphia, Pennsylvania; Toronto, Canada; Mexico City, Mexico; and Monterrey, Mexico.

10.    Vegetable Thins Baked Snack Crackers are produced solely in Canada. Facilities that manufactured Vegetable Thins are located in Toronto, Canada and Montreal, Canada.

11.    Facilities that manufactured Ritz Crackers (including Roasted Vegetable, Hint of Salt, Reduced Fat, and Whole Wheat varieties) include facilities located in: Richmond, Virginia; Philadelphia, Pennsylvania; and Chicago, Illinois.

12.    Facilities that manufactured Original Premium Saltine Crackers include facilities located in: Portland, Oregon; Richmond, Virginia; Chicago, Illinois; Atlanta, Georgia; Fair Lawn, New Jersey; Princeton, Kentucky; and Philadelphia, Pennsylvania.

13.    Facilities that manufactured Honey Maid Grahams (including Honey and Low Fat Honey varieties) include facilities located in Chicago, Illinois; Philadelphia, Pennsylvania; Toronto, Canada; Atlanta, Georgia; McComb, Ohio; and Monterrey, Mexico.

14.    The facility that manufactured Ginger Snaps is located in Philadelphia, Pennsylvania.

FURTHER AFFIANT SAITH NOT.

I AFFIRM, UNDER THE PENALTIES FOR PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.

Dated: June 15, 2011

_____
Ellen M. Smith

DECLARATION OF ELLEN M. SMITH ISO KRAFT FOODS GLOBAL, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
CV10-01028 (GW) (AGRX)

- 3 -

# EXHIBIT N

1  **JENNER & BLOCK LLP**
   Kenneth K. Lee (Cal. Bar No. 264296)
2  klee@jenner.com
   633 West 5th Street, Suite 3500
3  Los Angeles, CA  90071-2054
   Phone:     (213) 239-5100
4  Facsimile:  (213) 239-5199

5  **JENNER & BLOCK LLP**
   Dean N. Panos (*pro hac vice*)
6  dpanos@jenner.com
   Stacy S. Jakobe (*pro hac vice*)
7  sjakobe@jenner.com
   Jill M. Hutchison (*pro hac vice*)
8  jhutchison@jenner.com
   353 N. Clark Street
9  Chicago, IL 60654-3456
   Phone:     (312) 222-9350
10 Fax:        (312) 527-0484

11 Attorneys for Defendants Kraft Foods Global, Inc., improperly sued as Kraft Foods
12 North America, and Kraft Foods Inc.

13

14                    UNITED STATES DISTRICT COURT

15                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

16

| 17 | EVANGELINE RED and RACHEL WHITT, on Behalf of Themselves and All Others Similarly Situated, | No. CV10-01028 (GW) (AGRX) |
| 18 | | |
| 19 | Plaintiffs,<br><br>vs. | **DECLARATION OF JILL M. HUTCHISON IN SUPPORT OF KRAFT FOODS GLOBAL, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** |
| 20 | KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and KRAFT FOODS GLOBAL, INC., | |
| 21 | | |
| 22 | Defendants. | Judge: Hon. George H. Wu<br>Action Filed: February 11, 2010 |
| 23 | | |

24

25

26

27

28

I, Jill M. Hutchison, declare:

1.     I am counsel for the Defendants – Kraft Foods Inc., Kraft Foods North America, and Kraft Foods Global, Inc. (collectively "Kraft") – in the matter captioned above. I have personal knowledge of the facts set forth below, and if called as a witness, I could and would testify competently to those facts.

2.     In March and April 2011, I made multiple trips to the Kraft Snacks business unit located in East Hanover, New Jersey for purposes of locating and collecting documents responsive to Plaintiffs' discovery requests.   At the Snacks business unit, I worked with a team of attorneys, paralegals, and computer forensics specialists to identify individuals who might have documents and information responsive to Plaintiffs' discovery requests.

3.     Attorneys on the team interviewed more than 55 individuals who, for some portion of the 2006 to 2010 time period, were involved in the marketing on one or more of the following products: Teddy Grahams Graham Snacks Cinnamon; Teddy Grahams Graham Snacks Honey; Teddy Grahams Graham Snacks Chocolatey Chip; Teddy Grahams Graham Snacks Mini Honey Snak Sak; Vegetable Thins Baked Snack Crackers; Ritz Crackers Roasted Vegetable; Ritz Crackers Hint of Salt; Ritz Crackers Reduced Fat; Ritz Crackers Whole Wheat; Original Premium Saltine Crackers; Honey Maid Grahams Honey; Honey Maid Grahams Low Fat Honey; and Nabisco Ginger Snaps (collectively "the products").

4.     We collected both hard copy and electronic documents from individuals we identified as having responsive information.

5.     For purposes of class certification discovery, for the thirteen products at issue, we collected and produced the final version of packaging, advertising, marketing, or promotional materials that were publicly disseminated in California and nationwide.   We also collected and produced the final versions of Kraft Foods' brand

DECLARATION OF JILL M. HUTCHISON ISO KRAFT FOODS GLOBAL, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
CV10-01028 (GW) (AGRX)

- 1 -

plans, marketing plans, market research, and other consumer insights reports. We produced over 3,800 pages of documents.

6.    Based our interviews with the more than 55 custodians who were still employed by Kraft as of March and April 2011, we understand that these individuals together have a massive number of e-mails. Among those involved in marketing and promotions, many individuals had thousands of e-mails in folders designated for a particular brand or product. Some individuals did not have a folder system within their e-mail but instead had thousands of "hits" when a product name was searched within their e-mails. Several individuals had so many e-mails that a search by product name timed out, and it was impossible to obtain a quantifiable estimate of the number of e-mails they may have.

7.    Even a targeted collection, utilizing searches and taking into account custodians' filing systems to locate documents related to the products, would be an enormous undertaking.

8.    Kraft Foods undertook extensive efforts to prepare the two Rule 30(b)(6) witnesses on the topics for which they were offered. These witnesses were provided with all of Kraft's packaging, advertising, brand and marketing plans, and consumer research from 2006 to 2010 for the products at issue. Both 30(b)(6) witnesses spent many hours reviewing these documents and obtaining information from Kraft Foods employees to be prepared to testify on the topics for which they were offered.

FURTHER AFFIANT SAITH NOT.

I AFFIRM, UNDER THE PENALTIES FOR PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.

Dated: ___June 13___, 2011           _____
                                                     Jill M. Hutchison

DECLARATION OF JILL M. HUTCHISON ISO KRAFT FOODS GLOBAL, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
CV10-01028 (GW) (AGRX)

- 2 -