UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1028-GW (AGRx) | | Date | July 25, 2011 |
|---|---|---|---|---|
| Title | Evangeline Red et al. v. Kraft Foods Inc., et al. | | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Respondent: |

**Proceedings:**   **RE PLAINTIFFS' MOTIONS TO COMPEL**

On June 15, 2011, Plaintiffs Evangeline Red and Rachel Whitt filed motions to compel various discovery responses and an accompanying joint stipulation. (Dkt. No. 109-111.) This matter is appropriate for adjudication without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

The discovery cut-off date for class certification discovery is July 28, 2011. (Dkt. No. 108.)

Plaintiffs argue they are "entitled to discovery of additional information relevant to issues on class certification, and which comprise the common proof necessary to show the propriety of certifying the putative class." (Joint Stipulation (JS) at 2.) Defendants Kraft Foods Inc., Kraft Foods North America and Kraft Foods Global, Inc. (collectively, "Kraft Foods") argues that Plaintiffs' motion seeks to compel responses to discovery that "are not reasonably related to whether Plaintiffs have met the class certification requirements under Rule 23(a) and 23(b)." (*Id.* at 7.)

Plaintiffs describe the proposed class as "all U.S. purchases of the Kraft brands at issue, from January 1, 2000 to the present."[1]  (*Id.* at 3.)

*Legal Standard*

Whether discovery will be permitted regarding class certification "'lies within the sound discretion of the trial court.'" *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir.

---

[1] Plaintiffs' motion for class certification clarifies that "the class definition is limited to consumers who purchased the PHVO Products for personal and household consumption." (Motion at 16, Dkt. No. 95-1.) The Kraft Foods products at issue include: Teddy Grahams Chocolatey Chip Graham Snacks, Teddy Grahams Honey Graham Snacks, Vegetable Thins Baked Snack Crackers, Ritz Crackers Roasted Vegetable, Ritz Crackers Hint of Salt, Ritz Crackers Reduced Fat, Ritz Crackers Whole Wheat, Original Premium Saltine Crackers, Honey Maid Honey Grahams, Honey Maid Low Fat Honey Grahams and Ginger Snaps. (Exh. 1 at 4 ¶ 10 to Weston Decl.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1028-GW (AGRx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | Evangeline Red et al. v. Kraft Foods Inc., et al. | | |

2009) (citation omitted).

"Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *see Vinole*, 571 F.3d at 942 (same). "[W]here the plaintiffs fail to make even a prima facie showing of Rule 23's prerequisites . . . the burden is on the plaintiff to demonstrate that discovery measures are likely to produce persuasive information substantiating the class action allegations." *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977).

"In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination." *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

### *Time Frame For Discovery*

Plaintiffs first complain that Kraft Foods asserted a general objection to discovery dating back to January 1, 2000, the start date for the proposed class. (JS at 18.) Kraft Foods agreed to provide information dating back four years prior to the filing of the complaint on February 11, 2010.

Plaintiffs make no showing that the requested time frame for discovery is at all relevant to the issue of whether class certification is appropriate. Instead, Plaintiffs argue that discovery dating back to January 1, 2000 would be "relevant to Plaintiffs' claims." (*Id.* at 19; *Id.* at 18 (contending plaintiffs are entitled to "full discovery" on "the currently-operative Complaint").) Kraft Foods responds, and Plaintiffs' papers do not dispute, that Plaintiffs' claims do not rely on packaging prior to 2006. In any event, Plaintiff's motion is denied without prejudice to renewal if a class is certified.

### *Geographic Scope of Discovery*

Plaintiffs complain that Kraft Foods lodged a general objection to production of its nationwide sales. (JS at 21.) Kraft Foods responds that it produced the actual advertisements and packaging that may have been seen by consumers nationwide. (*Id.* at 22.) Kraft Foods contends its nationwide sales are irrelevant to class certification.

Again, Plaintiffs make no showing that Kraft Foods' nationwide sales are at all relevant to the issue of whether class certification is appropriate. Instead, Plaintiffs argue that the information "is relevant to Plaintiffs' claims." (*Id.* at 22.) Plaintiffs' motion is denied without prejudice to renewal if a class is certified.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1028-GW (AGRx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | Evangeline Red et al. v. Kraft Foods Inc., et al. | | |

*Requests for Production of Documents*

Kraft Foods agreed to produce documents responsive to Request No. 2. (*Id.* at 24.)

The parties have grouped together various categories of document requests at issue.

Request Nos. 3-4: These requests seek organization charts of employees and documents sufficient to show the identity of any suppliers, vendors or distributors who were involved in marketing, manufacturing, or developing any of the products at issue during the class period.

Plaintiffs make no showing that these requests are relevant to the issue of whether class certification is appropriate. Plaintiffs cite a case that purportedly analyzed an organization chart in determining whether to certify a class, but the case is wholly distinguishable. *Thornberry v. Delta Air Lines*, 1978 U.S. Dist. LEXIS 18601, at *15-*16 (N.D. Cal. April 3, 1978). In *Thornberry*, the proposed classes consisted of various categories of female Delta employees. *Id.* at *1. Delta's corporate structure was divided into six divisions, with each division subdivided into several departments. (*Id.*) The court looked at the organization chart to determine which divisions and departments should be included in the proposed classes. *Id.* at *14-*15 & n.5. By contrast, in this case Plaintiffs have not shown how Kraft Foods' organization charts could help identify the proposed classes of purchasers.

Request Nos. 12-13, 16, 44-54, 59: These requests generally seek communications with various third parties regarding the products at issue, the amounts of various ingredients in the products at issue, and the effects of artificial trans fat on human or animal health.

Kraft Foods agreed to produce its "advertising and marketing in California" for products identified in the Second Amended Complaint [SAC]." (JS at 29-30.) As discussed above, Kraft Foods represents that it produced the actual advertisements and packaging that may have been seen by consumers nationwide. (*Id.* at 22.)

Plaintiffs contend that these requests will provide evidence of Kraft Foods' knowledge of the "adverse effects of trans fat and other objectionable substances in its products." (*Id.* at 31.) Plaintiffs assert the requested information "will help substantiate their allegations that trans fat is extremely dangerous, that other substances in the amounts in the Kraft products are unhealthy and objectionable, and therefore that the injunctive relief Plaintiffs seek is more important than money damages." (*Id.* at 32.) In addition, to the extent formulations of the products have changed, such changes may warrant the creation of subclasses. (*Id.*)

Plaintiffs "seek to enjoin Kraft from continuing the practice of deceiving consumers with health and wellness claims concerning the Kraft PHVO Products." (Motion at 16, Dkt. No. 95-1.) Plaintiffs' motion for class certification states they will rely on expert testimony "on the health effects of the Kraft PHVO Products." (*Id.* at 19; *see* Dr. Wong Decl., Dkt. No. 99.) Thus, while Kraft Foods' documents

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1028-GW (AGRx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | Evangeline Red et al. v. Kraft Foods Inc., et al. | | |

responsive to Request No. 59 may ultimately be relevant to the merits of Plaintiffs' claims, Plaintiffs have not shown that such discovery is necessary to adjudicate class certification issues. Moreover, there is no indication Kraft Foods relies upon changes in its product formulations to challenge class certification. Plaintiffs' motion will be denied without prejudice.

Request Nos. 23, 36: These requests seek information about pricing of and total profit from the sale of the products at issue. Plaintiffs argue that the requested information is necessary to "prove they can calculate damages on a class-wide basis." (JS at 35.) However, Plaintiffs do not explain how the requested information would be used in a damage analysis in this false advertising case. Plaintiffs cite an antitrust case in which an expert proffered common methods of showing class-wide impact of anticompetitive conduct by proof that the antitrust defendants charged higher than competitive prices. *Pecover v. Electronic Arts Inc.*, 2010 U.S. Dist. LEXIS 140632, at *63, *66 (N.D. Cal. Dec. 21, 2010). Plaintiffs cite another antitrust case in which the court stated that "[t]he question, then, is whether what [the expert] did do is sufficient to support a finding that the class was damaged by the price-fixing conspiracy and is sufficient to support a finding on a class wide basis of the amount or amounts of the overcharge." *In re Methionine Antitrust Litigation*, 2003 U.S. Dist. LEXIS 14828, at *10-*11 (N.D. Cal. Aug. 22, 2003). In contrast, Plaintiffs do not explain the role of any of the requested information in a proposed method of class-wide proof of injury or damages.

Request Nos. 30-34: Plaintiffs state that they would accept a "stipulation by which Kraft identifies for each of the past two years in which Kraft as complete information, (a) the percentage of United States sales of the products identified in the complaint that occurred in California, (b) the percentage of units of the products manufactured in California, and (c) a statement that the percentage of each did not vary by a material amount during the previous years of the proposed class period." (JS at 40 n.10.)

Kraft responded by stating that, in response to Request Nos. 30-31, none of the products at issue were manufactured in California. (*Id.* at 41.) In response to Request No. 32, Kraft Foods agreed to "provide its best estimate of the percentage of the products sold in the United States [that] were sold in California." (*Id.*) Kraft Foods has not located documents responsive to Request Nos. 33-34.

*Interrogatories*

Interrogatory No. 1: This interrogatory requests that Kraft Foods identify all products it sold during the class period. Plaintiffs have made no showing that this information is relevant to the question of whether class certification is appropriate in this case.

Interrogatory No. 3: This interrogatory requests the precise amount of partially hydrogenated oil and trans fat for each product to the nearest one hundred milligrams and any changes. Plaintiffs argue that "Kraft's advertising is misleading because of the products' trans fat content." (JS at 45.) At this stage, Kraft will be ordered to state whether each product at issue (see footnote 1 above) contains

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1028-GW (AGRx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | Evangeline Red et al. v. Kraft Foods Inc., et al. | | |

partially hydrogenated oil and trans fat during the period 2006 to the present. Although Kraft Foods is correct that it has the option to produce business records, it must do so in a manner that satisfies Fed. R. Civ. P. 33(d).

Interrogatory Nos. 4-6: These interrogatories seek information regarding sales, cost of goods sold, and advertising expenses for the products at issue. Plaintiffs have not shown how this information is relevant to the issue of whether class certification is appropriate for the same reasons discussed above in connection with Document Request Nos. 23 and 36.

Interrogatory No. 11: This interrogatory seeks the identity of Kraft Foods' advertising agencies for the products at issue. Plaintiffs have not shown that this discovery is relevant to the class certification issue.

### *Rule 30(b)(6) Deposition Topics*

Topic No. 2 generally asks for the ingredients and formula of the products at issue. Plaintiffs argue that "any substantial differences in the formula of the products during the class period may exclude certain groups and/or require certain subclasses." (JS at 50.) There is no indication Kraft Foods relies upon changes in its product formulations to challenge class certification. Plaintiffs' motion will be denied without prejudice.

Topic Nos. 3-6, 11: Kraft Foods states that it stipulated that the products at issue were sold in all fifty states. (*Id.* at 53.) This stipulation obviates the need for topic no. 5. In all other respects, Plaintiffs have not shown that the topics – manufacture and distribution, sales figures, profit and revenue – are relevant to the issue of class certification.

Topic No. 8 is Kraft Foods' knowledge or research of the effects of Kraft PHVO products on consumers' health. Plaintiffs argue that this topic is relevant to "the question of whether the challenged advertisements were deceptive, or likely to deceive reasonable consumers." (*Id.* at 53-54.) Plaintiffs have not shown, however, that this topic is relevant to the question of class certification.

Topic Nos. 9-10: The only dispute about these topics appear to relate to the pre-2006 time frame which has already been addressed above. (*Id.* at 55.) Plaintiffs make no showing that the requested time frame for discovery is relevant to the issue of whether class certification is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1028-GW (AGRx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | Evangeline Red et al. v. Kraft Foods Inc., et al. | | |

    IT IS HEREBY ORDERED that Plaintiffs' motion to compel is GRANTED IN PART as follows:

1. On or before July 28, 2011, Kraft Foods is ordered to produce documents in response to Document Request No. 2 as agreed, and to provide its best estimate of the percentage of United States sales of the products at issue that were sold in California in response to Document Request No. 32.

2. In all other respects, Plaintiffs' motion to compel production of documents is denied without prejudice at this stage of the proceedings.

3. On or before July 28, 2011, Kraft Foods is ordered to answer Interrogatory No. 3 as modified by this order.

4. In all other respects, Plaintiffs' motion to compel further responses to interrogatories is denied without prejudice at this stage of the proceedings.

5. Plaintiffs' motion to compel Rule 30(b)(6) witnesses is denied without prejudice at this stage of the proceedings.

cc: Parties

Initials of Preparer    mp