1 **JENNER & BLOCK LLP**
Kenneth K. Lee (Cal. Bar No. 264296)
2 klee@jenner.com
633 West 5th Street, Suite 3500
3 Los Angeles, CA  90071-2054
Phone:       (213) 239-5100
4 Facsimile:  (213) 239-5199

5 **JENNER & BLOCK LLP**
Dean N. Panos (*pro hac vice*)
6 dpanos@jenner.com
Jill M. Hutchison (*pro hac vice*)
7 jhutchison@jenner.com
353 N. Clark Street
8 Chicago, IL 60654-3456
Phone:       (312) 222-9350
9 Facsimile:  (312) 527-0484

10 Attorneys for Defendants Kraft Foods Global, Inc.,
improperly sued as Kraft Foods North America, and Kraft Foods Inc.
11

12                 UNITED STATES DISTRICT COURT

13           FOR THE CENTRAL DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15 EVANGELINE RED and RACHEL WHITT, on Behalf of Themselves and All Others Similarly Situated, | No. CV10-01028-GW (AGRX) |
| 16 | **DEFENDANTS' MOTION TO STRIKE DECLARATION OF DR. NATHAN WONG IN SUPPORT OF CLASS CERTIFICATION** |
| 17 Plaintiffs, vs. | |
| 18 KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and KRAFT FOODS GLOBAL, INC., | Judge: Hon. George H. Wu Action Filed:  February 11, 2010 |
| 19 | |
| 20 Defendants. | |

21

22

23

24

25

26

27

28

1                                        *   *   *

2           PLEASE TAKE NOTICE that, on September 8, 2011, at 8:30 a.m., or as soon

3 thereafter as the Court is available, in Courtroom 10 of the federal courthouse located

4 at 312 North Spring Street, Los Angeles, California 90012, pursuant to Federal Rule

5 of Evidence 702, Defendants Kraft Foods Global, Inc., improperly sued as Kraft

6 Foods North America, and Kraft Foods Inc. (collectively, "Kraft") will and hereby do

7 move the Court to strike the Declaration of Dr. Nathan Wong filed in support of

8 Plaintiffs' Motion for Class Certification, on the ground that the contents of the

9 declaration are irrelevant and unreliable.

10          Defendants' Motion is based on this Notice of Motion and Motion, the attached

11 Memorandum of Points and Authorities, any additional briefing on this subject, and

12 the evidence and arguments that will be presented to the Court at the hearing on this

13 matter.

14

15 Dated: July 28, 2011                         JENNER & BLOCK LLP

16                                         /s Kenneth K. Lee

17                                         By: Kenneth K. Lee

18                                         Attorneys for Defendants Kraft Foods
                                        Global, Inc., improperly sued as Kraft
19                                         Foods North America, and Kraft Foods
                                        Inc.

20

21

22

23

24

25

26

27

28

1

**INTRODUCTION**

2      Plaintiffs submitted in support of their motion for class certification a four-page

3   Declaration of Dr. Nathan Wong.  Dkt. No. 99.  Dr. Wong does not claim to have

4   studied the products at issue in this case or to have opinions about those products.

5   Rather, Dr. Wong contends that, if he *were* to study the Products, he *would* be able to

6   render "various" opinions about their potential health effects.  *Id.* ¶ 11.  Because his

7   testimony is both unreliable and irrelevant, Dr. Wong's declaration cannot assist the

8   Court with its class-certification decision and must, therefore, be stricken.

9

**FACTUAL BACKGROUND**

10      Plaintiffs seek certification of a class of consumers who purchased 13 different

11   types of Nabisco-brand snack food products over a period of 11 years on the ground

12   that Kraft allegedly misled them into believing that they were highly nutritious.  *See*

13   Motion for Class Certification ("Mot.") at 2-3.  Plaintiffs do not claim to have suffered

14   physical injuries as a result of consuming the Products, but allege only that they were

15   harmed because they paid more for the snacks than they would have if the labels on

16   the snacks did not contain the challenged statements.  FAC ¶¶ 134, 135; Ex. 36 at 15-

17   16 (Red Supp. Resp. to Interrog. No. 8); Ex. 37 at 15-16 (Whitt Supp. Resp. to

18   Interrog. No. 8).[1]

19      In support of their motion for class certification, Plaintiffs filed a four-page

20   declaration from Dr. Nathan Wong.  Dkt. No. 99.  Dr. Wong's declaration does not

21   cite any scientific studies or suggest that Dr. Wong has studied the Products or any of

22   the papers produced in this case.  Rather, Dr. Wong claims that "*[i]f* called upon to do

23   so, after reviewing the ingredients and formulation for each of the Kraft products at

24   issue, [he] *could* render and substantiate various opinions as to the potential health

25

26   _____

27   [1] Cited exhibits are attached to the concurrently-filed Declaration of Jill M. Hutchison
    in Support of Kraft's Opposition to Plaintiffs' Motion for Class Certification.

28

1    effects of consuming" certain ingredients contained in the Products. *Id.* ¶ 11

2    (emphasis added).

3                                   **ARGUMENT**

4    **I.     To Be Admitted, Expert Testimony Must Be Relevant And Reliable.**

5            Federal Rule of Evidence 702 authorizes admission of expert testimony only if

6    the testimony (1) "will assist the trier of fact to understand the evidence or to

7    determine a fact in issue," and (2) is "the product of reliable principles and methods"

8    applied "reliably to the facts of the case." In other words, "any and all scientific

9    testimony or evidence admitted" must be "not only relevant, but reliable." *Daubert v.*

10   *Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). As the "gatekeep[er]," the

11   Federal Rules of Evidence "assign to the trial judge the task of ensuring that an

12   expert's testimony both rests on a reliable foundation and is relevant to the task at

13   hand." *Id.* at 597; *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).

14   The party offering the expert testimony bears the burden of demonstrating that it is

15   both relevant and "'logically advances a material aspect' of its case." *Boca Raton*

16   *Cmty. Hosp., Inc. v. Tenet Health Care Corp.*, 582 F.3d 1227, 1232 (11th Cir. 2009).

17          Because the Supreme Court mandates a "rigorous analysis" of the evidence

18   relevant to class certification, these principles apply equally at the class-certification

19   stage. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) ("rigorous

20   analysis" requires a plaintiff to "affirmatively demonstrate," and not merely plead,

21   "his compliance with [Rule 23]"). Thus, "when an expert's report or testimony is

22   critical to class certification, . . . a district court *must* conclusively rule on any

23   challenge to the expert's qualifications or submissions prior to ruling on a class

24   certification motion." *Am. Honda Motor Co., Inc. v. Allen*, 600 F.3d 813, 815-16 (7th

25   Cir. 2010) (emphasis added); *see also Sher v. Raytheon Co.*, No. 09-15798, 2011 WL

26   814379, at *3 (11th Cir. Mar. 9, 2011) (holding district court erred in "refus[ing] to

27   conduct a *Daubert*-like critique of the proffered expert's qualifications"). "Failure to

28   make this inquiry prior to certification would result in th[e] court's failure to conduct

1  the 'rigorous analysis' required by the Supreme Court." *Rhodes v. E.I. du Pont de*

2  *Nemours & Co.*, No. 06-530, 2008 WL 2400944, at *10 (S.D. W. Va. June 11, 2008). [2]

3  **II.     Dr. Wong's Testimony Is Improper and Irrelevant.**

4         Dr. Wong states no opinion that could assist with the Court's class-certification

5  decision.  Nor does Dr. Wong state that he has engaged in any consideration of the

6  facts in dispute.  Rather, Dr. Wong opines that, "after reviewing the ingredients and

7  formulation for each of the Kraft products at issue, [he] *could* render and substantiate

8  various opinions as to the potential health effects of consuming" the snacks.  Dkt. No.

9  99 ¶ 11 (emphasis added).  Unsupported hypothetical testimony such as this does not

10  assist the Court "to understand the evidence or to determine a fact in issue," as

11  required by the Federal Rules and must, therefore, be stricken.  Fed. R. Civ. P. 702;

12  *see also Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206,

13  213-14 (2d Cir. 2009) ("a trial judge should exclude expert testimony if it is

14  speculative or conjectural").  Furthermore, Dr. Wong's "expert" testimony cannot be

15  presented because he has failed to provide a written report in accordance with Rule

16  25(a)(2)(B) (identifying various information required in expert report).

17

18

19

_____

20  [2]  Although neither it nor the Ninth Circuit has decided the issue, the U.S. Supreme
21  Court recently criticized a district court's conclusion that *Daubert* does not apply at
    the class-certification stage.  *Wal-Mart*, 131 S. Ct. at 2553-54.  Moreover, even the
22  "more lenient" standard applied by some district courts prior to *Wal-Mart* required the
23  court to ensure that expert testimony is "sufficiently probative to be useful in
    evaluating whether class certification requirements have been met" and that "the basis
24  of the expert opinion is not so flawed that it would be inadmissible as a matter of
25  law."  *See Williams v. Lockheed Martin Corp.*, No. 09-1669, 2011 WL 2200631, at
    *15-16 (S.D. Cal. June 2, 2011) (quoting *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189,
26  191 (N.D. Cal. 2009) and *In re First Am. Corp. ERISA Litig.*, No. 07-1357, 2009 WL
27  928294, at *1 (C.D. Cal. Apr. 2, 2009)) (granting motion to strike expert declaration
    that "did not assist the Court").
28

1    Even assuming, *arguendo*, that Dr. Wong's declaration did state an opinion

2    about the health effects of consuming the Products, that opinion is irrelevant and,

3    therefore, not useful to the Court.

4    First, Plaintiffs are not seeking relief for physical injuries caused by the snacks

5    and, therefore, testimony about the supposed health effects of the snacks would do

6    nothing to advance their claims.  To the contrary, Plaintiffs declared in response to an

7    interrogatory that they are "not mak[ing] any personal injury claims" and, therefore,

8    evidence regarding physical injuries allegedly caused by the Products is "irrelevant."

9    Ex. 36 at 15-16 (Red Supp. Resp. to Interrog. No. 8); Ex. 37 at 15-16 (Whitt Supp.

10   Resp. to Interrog. No. 8).  Dr. Wong's declaration should thus be stricken on the

11   ground that it does not "fit" Plaintiffs' liability theory.  *Boca Raton*, 582 F.3d at 1233-

12   34 (affirming exclusion of expert opinion "for lack of fit with [plaintiff's] liability

13   theory").

14   Second, even if somehow relevant to the merits of Plaintiffs' claims, testimony

15   about purported health effects has no bearing on the propriety of class certification.

16   Plaintiffs contend that Dr. Wong's declaration demonstrates "Plaintiffs will show by

17   common evidence that the consumption of [certain] ingredients causes and

18   exacerbates heart disease, cancer, and diabetes."  Mot. at 4.  But Dr. Wong's

19   declaration does not "show" anything; it merely speculates that he *could* provide an

20   opinion if given the opportunity to conduct the necessary (but unspecified) analysis.

21   Moreover, because Plaintiffs are not pursuing claims for physical injuries, a

22   claimed ability to show "by common evidence" that the consumption of certain

23   ingredients causes certain physical injuries does nothing to advance Plaintiffs' burden

24   of demonstrating compliance with Rule 23's commonality or predominance

25   requirements.  Simply stated, to satisfy Rule 23, a common question must be relevant

26   to the putative class claims.  *See Wal-Mart*, 131 S. Ct. at 2551 (Rule 23(a)(2) requires

27   a plaintiff to show that the claims of the putative class "depend upon a common

28   contention" that, once determined, "will resolve an issue that is central to the validity

4

1  of each one of the claims in one stroke"). Dr. Wong's declaration must be stricken for

2  the additional reason that the opinion he claims he could render is irrelevant to the

3  class-certification issues before the Court. *See In re First Am. Corp.*, 2009 WL

4  928294, at \*3-4 (striking expert declaration that was "irrelevant to the Rule 23

5  analysis").

6  **III.    Dr. Wong's Testimony Is Unreliable.**

7         In addition to being relevant, expert testimony must be "scientifically valid."

8  *Daubert*, 509 U.S. at 593. Plaintiffs, however, have submitted "a skeletal, four-page

9  expert report" that fails to provide any foundation for its ultimate conclusion. *Weiner*

10  *v. Snapple Beverage Corp.*, No. 07-8742, 2010 WL 3119452, at \*6 (S.D.N.Y. Aug. 5,

11  2010). Among other things, Dr. Wong's declaration does not indicate the

12  methodology he would undertake before "render[ing] and substantiat[ing] various

13  opinions as to the potential health effects of consuming" the Products. *See* Dkt. No.

14  99 ¶ 11; Fed. R. Evid. 702 (to be admissible, an expert opinion must be "the product

15  of reliable principles and methods"). Nor does he demonstrate (1) that the proposed

16  methodology has been subjected to peer review and publication, (2) the known or

17  potential rate of error for the technique, or (3) the theory or technique's general

18  acceptance in the relevant scientific community. *See Boyd v. City & County of San*

19  *Francisco*, 576 F.3d 938, 945 (9th Cir. 2009).

20         In sum, "[g]iven the paucity of detail in [the declaration], particularly the

21  absence of any indication that [Dr. Wong] has considered whether, and how, his

22  proposed methodology could account for the specific circumstances of this case," Dr.

23  Wong's opinion – to the extent he even states an opinion – is "speculative and,

24  therefore, unreliable." *Weiner*, 2010 WL 3119452, at \*8; *see also Heisler v. Maxtor*

25  *Corp.*, No. 06-6634, 2011 WL 1496114, at \*7 (N.D. Cal. Apr. 20, 2011) (striking

26  expert report where plaintiffs "offer[ed] no evidence that [the expert's] approach is an

27  accepted method for analyzing defects such as those at issue"). Dr. Wong's

28  declaration must be excluded as unreliable.

## CONCLUSION

For the foregoing reasons, Kraft respectfully requests that the Court strike Dr. Wong's declaration as irrelevant and unreliable, and decline to consider it in connection with Plaintiffs' motion for class certification.

Dated:  July 28, 2011

JENNER & BLOCK LLP

/s Kenneth K. Lee
By: Kenneth K. Lee

Attorneys for Defendants Kraft Foods Global, Inc., improperly sued as Kraft Foods North America, and Kraft Foods Inc.

MOTION TO STRIKE DECLARATION OF DR. NATHAN WONG