# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 10-1028-GW(AGRx) |
| Title | *Evangeline Red, et al. v. Kraft Foods, Inc., et al.* |
| Date | September 29, 2011 |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez/Kane Tien | Rosalyn Adams | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Gregory S Weston
John Joseph Fitzgerald
Melanie Persinger
Ronald Marron

Attorneys Present for Defendants:

Kenneth K Lee
Dean N. Panos

**PROCEEDINGS:** PLAINTIFF'S MOTION FOR CLASS CERTIFICATION (filed 05/13/11)

DEFENDANTS' MOTION TO STRIKE DECLARATION OF DR. NATHAN WONG IN SUPPORT OF CLASS CERTIFICATION (filed 07/28/11)

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's final ruling. Plaintiff's Motion for Class Certification (filed 05/13/11) **[95]** is **DENIED.** Defendants' Motion to Strike Declaration of Dr. Nathan Wong in Support of Class Certification (Filed 07/28/11) **[117]** is deemed moot.

The Court grants Plaintiffs leave to file a new Motion for Class Certification with the following briefing schedule:

| | |
|---|---|
| Motion for Class Certification filing deadline | December 19, 2011 |
| Opposition | January 19, 2012 |
| Reply | February 9, 2012 |
| Hearing on Motion for Class Certification | **February 23, 2012 at 8:30 am** |

All other dates are vacated.

Defendant's counsel will file a Proposed Order Dismissing related case CV 10-7301 Danielle Morton v. Kraft Foods Inc., et al.

: 42

Initials of Preparer   KTI

*Red v. Kraft Foods*, Case No. CV-10-1028
Tentative Ruling on Motion for Class Certification

**INTRODUCTION**

Before the Court is the motion ("Motion") of Plaintiffs Evangeline Red and Rachel Whitt ("Plaintiffs") to certify a nationwide class for the causes of action alleged in their Second Amended Complaint ("SAC") against Defendants Kraft Foods, Inc., Kraft Foods North America, Inc., and Kraft Foods Global, Inc. (collectively, "Defendants" or "Kraft"). In addition, Plaintiffs seek the appointment of Red and Whitt as Class Representatives, and of The Weston Firm and The Law Offices of Ronald A. Marron, APLC, as Class Counsel. For the following reasons, the Motion would be DENIED, without prejudice.

**BACKGROUND**

Plaintiffs seek certification of their claims for violation of the Unfair Competition Law ("UCL") - Cal. Bus. & Prof. Code, §§ 17200 et seq., the False Advertising Law ("FAL") - id. §§ 17500 et seq., and the Consumer Legal Remedies Act ("CLRA") - Cal. Civ. Code §§ 1750 et seq. on behalf of a nationwide class. Each of these claims for relief arises from Plaintiffs' allegations that the labeling of certain Kraft foods products, including Teddy Grahams, Vegetable Thins, Ritz Crackers, Premium Saltine Crackers, Honey Maid Grahams, and Ginger Snaps, is deceptive and misleading. The gist of Plaintiffs' complaint (as it was originally pled) was that the presence of trans fat, or PHVO, in the subject products made certain of Kraft's claims about their healthfulness - for example that they are "wholesome," that they "support kids' growth and development," that "nutritionists recommend" eating them, that they represent "sensible solutions," "steps to a better you," and a "smart choice" - deceptive. Subsequently, Plaintiffs added a number of claims that were either unrelated or only tangentially related to their trans fat claims. For example, they alleged that such statements as "Made with Real Vegetables," "Graham," and "Made with Ginger and Molasses" were misleading to consumers. On January 13, 2011, this Court issued an Order denying Kraft's motion to dismiss Plaintiffs' Second Amended Complaint ("SAC"). Kraft's Answer was filed on January 28, 2011.

In their Motion for Class Certification, Plaintiffs summarize their claims as they relate to each of the specified products as follows:

> **1. Teddy Grahams**
> Teddy Grahams contain PHVO, highly processed and refined flour, and highly-refined added sugar. On behalf of the Class, Plaintiffs challenge several specific Teddy Grahams claims. They also challenge the overall misleading impression of healthfulness they convey when taken together on its label and with Kraft's heavy long-term advertising campaign aimed at convincing parents of young children they are a nutritious snack. See Exs. 1-32 (challenged claims include "graham," "honey," "smart snack,"

"sensible snacking," "sensible solution," "smart choice" "wholesome," "wholesome choice for your whole family," and "support kids' growth and development").

### 2. Vegetable Thins

Vegetable Thins contain PHVO, high-fructose corn syrup, highly processed and refined flour, highly-refined added sugar, and the chemical "flavor enhancers" DG and MSG. Plaintiffs challenge the Vegetable Thins packaging claim "Made With Real Vegetables" as well as the overall false impression of healthfulness the packaging conveys with the product name and the prominent depiction of ripe fresh vegetables. See Exs. 33-34.

### 3. Ritz Crackers

Ritz Crackers contain PHVO, HFCS, highly processed and refined flour, and highly-refined added sugar. Plaintiffs challenge several Ritz Cracker claims, both individually and for the overall false impression they convey together-especially as part of a long-term advertising campaign-that Ritz Crackers are a healthy and nutritious snack. See Exs. 35-42 (challenged claims include "sensible solution," "whole wheat," "nutritionists recommend," "steps to a healthier you," "made with real vegetables," and "with real vegetables roasted in").

### 4. Premium Saltines

Premium Saltines contain PHVO, HFCS, and highly processed and refined enriched flour. Plaintiffs challenge the Premium Saltines claims "sensible snacking," and "sensible solution," which convey the false impression that Premium Saltines are a healthy and nutritious snack. See Exs. 43-49.

### 5. Honey Maid Grahams

Honey Maid Grahams contain PHVO, HFCS, and highly processed and refined flour. Plaintiffs challenge several Honey Maid Grahams claims, both individually and the overall impression they convey together-especially as part of a long-term advertising campaign-that Honey Maid Grahams are a healthy and nutritious snack. See Exs. 50-70 (challenged claims include "graham," "honey," "made with real honey," "the honey you love," "no high fructose corn syrup," depictions of bees and real honey, whole grain graphics, "sensible snacking," "sensible solution," "steps to a healthier you," "nutritionists recommend," "wholesome," "wholesomeness," "wholesome recipe," "wholesome snacking," "wholesome morning snacking!," "wholesome everyday snacking!," "wholesome goodness!," "wholesome graham goodness," "delicious wholesome goodness," and "great wholesome snack for kids").

**6. Ginger Snaps**
During the Class Period, Ginger Snaps contained PHVO, HFCS, and highly processed and refined flour. On behalf of the Class, Plaintiffs challenge the Ginger Snaps claims, "Made with Real Ginger & Molasses!," and "Sensible Solution." See Exs.71-73.

Motion at 5-6. With their Motion, Plaintiffs have submitted voluminous documentation - presumably obtained during discovery - that supports the unsurprising conclusion that Kraft's labeling claims were intended to influence consumer behavior. In addition, they have submitted the Declaration of Dr. Nathan Wong, stating that he would be able to testify regarding the potential health effects of the ingredients in the subject products. Although Defendants have objected to the contents of the Wong Declaration, it does not appear to be in any way germane to the issue of whether the class should be certified and, therefore, has not been considered in depth.

**LEGAL STANDARD**

Rule 23 provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court. See Armstrong v. Davis, 275 F.3d 849, 872 n.28 (9th Cir. 2001). Before certifying a class, the trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Rule 23 of the Federal Rules of Civil Procedure. Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996). The proponent of the class bears the burden of demonstrating that class certification is appropriate. In re N.D. Cal., Dalkon Shield IUD Prods. Liab. Litig., 693 F.2d 847, 854 (9th Cir. 1982). The party seeking certification must satisfy all requirements of Rule 23(a) and one of the subsections of Rule 23(b). Valentino, 97 F.3d at1234. Rule 23(a) requires that the party seeking certification show:

(1) the class is so numerous that joinder of all members is impracticable;[1]
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
(4) the representative parties will fairly and adequately protect the interests of the class.

A class may be certified under Rule 23(b) where: (1) there is a risk of inconsistent of unfair adjudication; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, making injunctive or declaratory relief appropriate as to the class as a whole; or (3) questions of law or fact common to members of the class predominate and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

In determining whether a plaintiff has met his burden of demonstrating that each element of Rule 23 has been satisfied, the Court generally does not consider the merits of plaintiff's claims. See Burkhalter Travel Agency v. MacFarms Int'l, Inc., 141 F.R.D. 144, 152 (N.D. Cal. 1991). Rather, the court must take the substantive allegations of the complaint as true. See

---

[1] Here, Defendants do not dispute that the numerosity requirement would be satisfied.

Blackie v. Barrack, 524 F.2d 891, 901 (9th Cir. 1975). Nevertheless, as the Supreme Court has recently noted:

> Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule -- that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc. We recognized in [General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 157-158, n. 13, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)] that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," 457 U.S., at 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740, and that certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied," id., at 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740; see id., at 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740 ("[A]ctual, not presumed, conformance with Rule 23(a) remains . . . indispensable"). Frequently that "rigorous analysis" will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped. "'[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" Falcon, supra, at 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 469, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978); some internal quotation marks omitted). Nor is there anything unusual about that consequence: The necessity of touching aspects of the merits in order to resolve preliminary matters, e.g., jurisdiction and venue, is a familiar feature of litigation. See Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 676-677 (CA7 2001) (Easterbrook, J.).

Wal-Mart Stores, Inc. v. Dukes, 180 L. Ed. 2d 374, 390-91 (2011).[2]

## ANALYSIS
### A. Preliminary Questions Concerning Standing

It is proper for the Court to address the issue of standing before addressing the issue of class certification. See Easter v. Am. West Fin., 381 F.3d 948, 962 (9th Cir. 2004). Here, Kraft has raised challenges to standing relating to both the potential members of the proposed class and

---

[2] To the extent that Defendants read the quoted language from Wal-Mart Stores as requiring plaintiffs to "prove common class-wide injury even at the class certification stage," Suppl. 4:4-5, this Court disagrees. Rather, Plaintiffs must show that the claims of the class "depend upon a common contention . . . of such a nature that it is capable of classwide resolution - which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Wal-Mart Stores, Inc., 180 L. Ed. 2d at 389.

as to the named plaintiffs. The challenges relating to the proposed class are the more serious ones.

1. <u>Is the proposed class adequately defined?</u>

In their moving papers, Plaintiffs initially sought certification of their claims for violation of the UCL. FAL, and CLRA on behalf of the following Class:

> All persons who purchased in the United States, after January 1, 2000, one or more of the following Kraft: products for their own or household use and not for resale or distribution: Teddy Grahams; Ritz Crackers Whole Wheat, Roasted Vegetables, Hint of Salt, or Reduced Fat varieties; Premium Saltine Crackers; Honey Maid Grahams; Ginger Snaps; and Vegetable Thins. Excluded from the Class are officers, directors, and employees of Kraft and their immediate families, and the Court, its officers, and their immediate families.

Motion at 2-3. Defendants urge that the foregoing class definition is overly broad. Referring to chronological sets of packaging for thirteen different products during the class period, <u>see</u> Declaration of Jill Hutchison (Hutchinson Decl.), Exhs. 1-13, Defendants note that for large parts of the class period, most of the challenged statements did not appear on any packaging or advertisement, and, even when they did appear, were used in only some versions of that particular snack. For example, only some of the Premium Saltines manufactured in 2006-2010 had the statement "Sensible Snacking" on the packaging, and the "Smart Choices" label appeared on only four of the products (all of them Teddy Grahams) for only about six months of the 11-year class period. Indeed, Defendants assert that the products had 57 different packages with varying claims during the proposed class period, most of which did not have the challenged statements.

In their Reply, Plaintiffs concede that two of the products, Ritz and Premium Saltines, did not bear any challenged packaging during parts of the class period. Accordingly, in their Reply, Plaintiffs purport to offer the following class definition:

> All persons who purchased in the United States, on or after January 1, 2000, one or more of the following Kraft products for their own or household use, and not for resale or distribution: (1) Teddy Grahams; (2) Honey Maid Grahams; (3) Ginger Snaps; (4) Vegetable Thins; (5) Ritz Crackers with packaging bearing any of the following statements and images: "real vegetables," depictions of vegetables, "sensible solution," "nutritionists recommend," "steps to a healthier you," and "whole wheat"; and (6) Premium Saltine Crackers with packaging bearing the phrase "sensible snacking," or "sensible solution." Excluded from the Class are officers, directors, and employees of Kraft and their immediate families, and the Court, its officers, and their immediate families.