**JENNER & BLOCK LLP**
Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
Kelly M. Morrison (Cal. Bar No. 255513)
kmorrison@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA  90071-2054
Phone:      (213) 239-5100
Facsimile:  (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
Jill M. Hutchison (*pro hac vice*)
jhutchison@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone:      (312) 222-9350
Facsimile:  (312) 527-0484

Attorneys for Defendants Kraft Foods Global, Inc.,
improperly sued as Kraft Foods North America, and Kraft Foods Inc.

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELINE RED and RACHEL WHITT, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and KRAFT FOODS GLOBAL, INC.,<br><br>Defendants. | No. CV10-01028-GW (AGRX)<br><br>**KRAFT FOODS' STATUS REPORT REGARDING THE MOOT NATURE OF PLAINTIFFS' CLAIMS**<br><br>Hearing Date: June 4, 2012<br>Time: 8:30 a.m.<br>Courtroom: 10<br>Judge: Hon. George H. Wu<br>Action Filed: February 11, 2010 |

  In opposing Plaintiffs' Rule 23(b)(2) class certification motion, Kraft Foods previously offered the declaration of Ellen Smith, the chief counsel of the snacks division who, among other things, reviews the labels of the products at issue. She stated that Kraft Foods had stopped using all of the challenged statements at issue (except for "Made with Real Vegetables") on the disputed snacks. Indeed, she stated that Kraft Foods had stopped using many of them years *before* this lawsuit was filed, and that it had "no plans" to use them again in the future. *See* Dkt. 221-1 (Declaration of Ellen Smith).

  This Court issued a tentative opinion stating that Plaintiff's Rule 23(b)(2) certification motion was not necessarily moot because a lawyer (as opposed to a "marketing decision-maker" ) "merely state[d] that to the best of her knowledge the company currently 'has no plans' to use the label." Dkt. No. 232 (Tentative Op. at 6). The Court, however, at the hearing invited Kraft Foods to submit a declaration from a marketing decision-maker who could more definitively state that that Kraft Foods would not use the challenged statements in the future.

  Kraft Foods submits the declaration of a senior vice president that should remove any lingering doubt that Plaintiffs' request for an injunctive-only class is moot. As Kraft Foods' Senior Vice President – Biscuit, Jay A. Cooper has "responsibility for all claims made as part of the packaging, advertising, and marketing" of the products at issue. *See* Declaration of Jay A. Cooper at ¶ 1 (attached as Exhibit A). In short, he is the business and marketing "decision-maker" for any statements that may be made on the packaging of Kraft Foods snacks.

  He has stated under the penalty of perjury that the following statements — "Sensible Snacking," "Sensible Solution," "Smart Choices," and "A good source of Calcium Iron Zinc to help Support Kids' Growth and Development" — are no longer being used on the packaging of the products at issue, and that "Kraft Foods has no intention of using and *will not be using*" these statements in the "*packaging,*

*advertising, or marketing material at any time in the future.*" Cooper Decl. at ¶¶ 4-7 (emphasis added).

In light of Mr. Cooper's sworn declaration, Plaintiffs' request to certify an injunctive relief-only class is moot. There is nothing left for this Court to do with respect to the allegedly misleading statements because Kraft Foods has ceased using them on the challenged products, and its Senior Vice President has stated under oath that it will not use them "at any time in the future." Plaintiffs simply cannot show that they face a "cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." Tentative Op. at 6 (*citing Am. Fed'n of Gov't Employees, AFL-CIO v. Brown*, 866 F. Supp. 16, 20 (D.D.C. 1994)).

On June 19, Kraft Foods' counsel met-and-conferred with Plaintiffs' counsel, and provided the details of this declaration. Plaintiffs' counsel, however, insisted that the declaration would not moot this litigation because they claim that Kraft Foods should not be able to use any "health and wellness" claims if its products still contain trace amounts of trans fat (partially hydrogenated vegetable oil). Kraft Foods' counsel responded that Plaintiffs' definition of a "health and wellness" claim is far too vague and is a moving target that appears to expand or change by the briefing. In any event, Plaintiffs can initiate a new lawsuit if Kraft Foods supposedly uses a new "health and wellness" claim that is not the subject of this lawsuit.

Therefore, the only remaining statement at issue now is "Made with Real Vegetables."[1] As noted in Kraft Foods' brief in opposition to the Rule 23(b)(2) class

---

[1] As this Court noted in its tentative opinion, Plaintiffs' third motion for class certification defined ten subclasses in detail but challenged only four statements, three of which are now rendered moot in light of Kraft Foods' declaration (*see* Tentative Op. at 2-3 (citing Plaintiffs' class certification motion)):

"Plaintiffs now propose ten different subclasses:

(1) The Ginger Snaps Subclass: All persons who purchased in the Class States, between April 1, 2008 and December 31, 2010, Ginger Snaps in packaging bearing the phrase "sensible solution."

(Continued…)

certification motion (Dkt. No. 221), several new decisions from district courts in the Ninth Circuit — which were issued after the parties had briefed the motion to dismiss in 2010 — underscore that "Made with Real Vegetables" is not actionable. *See Henderson v. Gruma Corp.*, No. 10-04173, 2011 WL 1362188, at *11-13 (C.D. Cal.

---

(2) The Vegetable Thins Subclass: All persons who purchased in the Class States, on or after January 1, 2007, Vegetable Thins in packaging bearing the phrase "made with real vegetables."

(3) The Premium Saltines Subclass: All persons who purchased in the Class States, between February 11, 2006 and June 30, 2011, Premium Saltines in packaging bearing the phrases "sensible snacking," or "sensible solution."

(4) The Teddy Grahams 1 Subclass: All persons who purchased in the Class States, between April 1, 2006 and June 1, 2009, 10-ounce or 9.5 ounce varieties of Teddy Grahams in packaging bearing the phrases "sensible snacking" or "sensible solution."

(5) The Teddy Grahams II Subclass: All persons who in the Class States, between January 1, 2009 and December 31, 2011, 10-ounce or 9.5-ounce varieties of Teddy Grahams in packaging bearing the phrase "help support kids' growth and development."

(6) The Honey Maid Grahams Subclass: All persons who purchased in the Class States, between February 11, 2006 and April 1, 2010, Honey Maid Grahams in packaging bearing the phrases "sensible snacking," or "sensible solution."

(7) The Ritz Whole Wheat Subclass: All persons who purchased in the Class States, between January 1, 2007 and June 30, 2010, the Whole Wheat variety of Ritz Crackers in packaging bear the phrase "sensible solution."

(8) The Ritz Reduced Fat Subclass: All persons who purchased in the Class States between February 11, 2006 and June 30, 2010, the Reduced Fat variety of Ritz Crackers in Packaging bearing the phrases "sensible snacking" or "sensible solution."

(9) The Ritz Low Salt Subclass: All persons who purchased in the Class States, between January 1, 2007 and June 30, 2010, Low Sodium or Hint of Salt varieties of Ritz Crackers in packaging bearing the phrase "sensible solution."

(10) The Ritz Roasted Vegetable Subclass: All persons who purchased in the Class States, on or after February 11, 2006, the Roasted Vegetable variety of Ritz Crackers in packaging bearing the phrase "made with real vegetables." Tentative Op. at 3 (quoting Plaintiffs' class certification motion)."

Apr. 11, 2011) (the statement "With Garden Vegetables" is not likely to deceive a reasonable consumer as a matter of law because it includes "avocado powder, dehydrated onion, garlic powder, and bell pepper." *See also Rooney v. Cumberland Packing Corp*, No. 12-33, 2012 WL 1512106 (S.D. Cal. April 16, 2012) (dismissing false advertising claim as a matter of law because a reasonable consumer would know that "Sugar in the Raw" is not unprocessed and unrefined sugar in light of "common industry marketing").

Accordingly, this Court should deny Plaintiffs' motion to certify a Rule 23(b)(2) injunctive relief-only class, and address the remaining statement at issue in this case.

Dated: June 26, 2012

JENNER & BLOCK LLP

/s/ Kenneth K. Lee
By: Kenneth K. Lee

Attorneys for Defendants

# Exhibit A

**JENNER & BLOCK LLP**
Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Phone:      (213) 239-5100
Facsimile:  (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
Jill M. Hutchison (*pro hac vice*)
jhutchison@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone:  (312) 222-9350
Fax:    (312) 527-0484

Attorneys for Defendants Kraft Foods Group, Inc. (f/k/a Kraft Foods Global, Inc.), improperly sued as Kraft Foods North America, and Kraft Foods Inc.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELINE RED and RACHEL WHITT, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and KRAFT FOODS GLOBAL, INC.,<br><br>Defendants. | No. CV10-01028 (GW) (AGRX)<br><br>**DECLARATION OF JAY COOPER IN SUPPORT OF KRAFT FOODS GROUP, INC.'S OPPOSITION TO PLAINTIFFS' SECOND RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>Hearing Date: July 2, 2012<br>Time: 8:30 a.m.<br>Courtroom: 10<br>Judge: Hon. George H. Wu<br>Action Filed: February 11, 2010 |

I, Jay A. Cooper, declare:

1. I am Senior Vice President – Biscuit of Kraft Foods Group, Inc. (formerly known as Kraft Foods Global, Inc.) (hereinafter "Kraft Foods"). I have held the position of Senior Vice President – Biscuit at the Kraft Foods Snacks & Confectionery Business Unit, located in East Hanover, New Jersey, since 2008. As Senior Vice President – Biscuit, I am responsible for a portfolio of products that includes the products at issue in this suit: Teddy Grahams Graham Snacks (including Cinnamon, Honey, and Chocolatey Chip varieties), Vegetable Thins Baked Snack Crackers, Ritz Crackers (including Roasted Vegetable variety, Hint of Salt variety, Reduced Fat variety, and Whole Wheat flavor), Original Premium Saltine Crackers, Honey Maid Grahams (including Honey and Low Fat Honey varieties), and Old Fashioned Ginger Snaps (collectively "the Products"). As Senior Vice President – Biscuit, I have knowledge of and responsibility for all claims made as part of the packaging, advertising, and marketing of the Products. I am aware of Kraft Foods' plans and intentions for future packaging, advertising, and marketing of the Products. The facts detailed below are within my personal knowledge. If called as a witness, I could and would testify competently to those facts.

2. Kraft Foods Global, Inc. changed its name to Kraft Foods Group, Inc. on March 16, 2012, when it became a Virginia corporation.

3. The phrases "Sensible Snacking," "Sensible Solution," "Smart Choices Program," and "A good source of Calcium Iron Zinc to Help Support Kids' Growth and Development" have been used on certain of the Products' packaging, advertising, and marketing materials in the past. The phrase "Sensible Snacking" appeared on the front of certain packages as part of a yellow and blue box, also referred to as a "flag" or "callout," that included that phrase over a short list of product attributes ("Sensible Snacking"). The phrase "Sensible Solution" appeared on the front of certain packages

DECLARATION OF JAY COOPER ISO KRAFT FOODS GROUP, INC.'S
OPPOSITION TO PLAINTIFFS' SECOND RENEWED MOTION FOR CLASS CERTIFICATION
CV10-01028 (GW) (AGRX)

- 1 -

as part of a light green and dark green box, also referred to as a "flag" or "callout," that included that phrase over a short list of product attributes ("Sensible Solution"). The phrase "Smart Choices Program" appeared on the front of certain packages as part of a green and white box, also referred to as a "flag" or "callout," that included that phrase over the number of calories per serving and the number of servings per package ("Smart Choices"). The phrase "A good source of Calcium Iron Zinc to Help Support Kids' Growth and Development" appeared in a checklist-style flag ("Help Support Kids' Growth and Development") on the packaging of certain Teddy Grahams Graham Snacks products.

    4.    Sensible Snacking is no longer used on the packaging of the products included in the Original Premium Saltines Subclass definition ("Original Premium Saltines"), the products in the Teddy Grahams I Subclass definition ("Teddy Grahams I"), the products in the Honey Maid Grahams Subclass definition ("Honey Maid Grahams"), or Ritz Crackers Reduced Fat flavor. Kraft Foods has no intention of using and will not be using Sensible Snacking on Original Premium Saltines, Teddy Grahams I, Honey Maid Grahams, or Ritz Crackers Reduced Fat flavor packaging, advertising, or marketing material at any time in the future.

    5.    Sensible Solution is no longer used on the packaging of the product included in the Old Fashioned Ginger Snaps Subclass definition ("Ginger Snaps"), Teddy Grahams I, Honey Maid Grahams, Ritz Crackers Whole Wheat flavor, Ritz Crackers Reduced Fat flavor, or Ritz Crackers Hint of Salt flavor. To the best of my knowledge, Sensible Solution was not used on the Original Premium Saltines packaging. Sensible Solution is not currently used on Original Premium Saltines packaging. Kraft Foods has no intention of using and will not be using Sensible Solution on Ginger Snaps, Teddy Grahams I, Honey Maid Grahams, Ritz Crackers Whole Wheat flavor, Ritz Crackers Reduced Fat flavor, Ritz Crackers Hint of Salt

DECLARATION OF JAY COOPER ISO KRAFT FOODS GROUP, INC.'S
OPPOSITION TO PLAINTIFFS' SECOND RENEWED MOTION FOR CLASS CERTIFICATION
CV10-01028 (GW) (AGRX)

- 2 -

flavor, or Original Premium Saltines packaging, advertising, or marketing material at any time in the future.

6. Help Support Kids' Growth and Development is no longer used on the packaging of products in the Teddy Grahams II Subclass ("Teddy Grahams II"). Kraft Foods has no intention of using and will not be using Help Support Kids' Growth and Development on Teddy Grahams II packaging, advertising, or marketing material at any time in the future.

7. Smart Choices is no longer used on the packaging of Teddy Grahams I or Teddy Grahams II. Kraft Foods has no intention of using and will not be using Smart Choices on Teddy Grahams I or Teddy Grahams II packaging, advertising, or marketing material at any time in the future.

FURTHER AFFIANT SAITH NOT.

I AFFIRM, UNDER THE PENALTIES FOR PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.

Dated: June 19, 2012

_____
Jay A. Cooper

DECLARATION OF JAY COOPER ISO KRAFT FOODS GROUP, INC.'S
OPPOSITION TO PLAINTIFFS' SECOND RENEWED MOTION FOR CLASS CERTIFICATION
CV10-01028 (GW) (AGRX)

- 3 -