| | |
|---|---|
| **THE WESTON FIRM** | **LAW OFFICES OF RONALD A.** |
| GREGORY S. WESTON (239944) | **MARRON, APLC** |
| *greg@westonfirm.com* | RONALD A. MARRON (175650) |
| JACK FITZGERALD (257370) | *ron@consumersadvocates.com* |
| *jack@westonfirm.com* | MAGGIE K. REALIN (263639) |
| MELANIE PERSINGER (275423) | *maggie@consumersadvocates.com* |
| *mel@westonfirm.com* | SKYE RESENDES (278511) |
| COURTLAND CREEKMORE (182018) | *skye@consumersadvocates.com* |
| *courtland@westonfirm.com* | 3636 4th Street, Suite 202 |
| 1405 Morena Blvd., Suite 201 | San Diego, CA 92103 |
| San Diego, CA 92110 | Telephone: (619) 696-9006 |
| Telephone: (619) 798-2006 | Facsimile: (619) 564-6665 |
| Facsimile: (480) 247-4553 | |

*Lead Counsel for Plaintiffs and the Proposed Class*
[additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELINE RED and RACHEL WHITT, on behalf of themselves and all others similarly situated, | Case No. 2:10-cv-01028 GW(AGRx) Pleading Type: Class Action Action Filed: February 11, 2010 |
| Plaintiffs, | **PLAINTIFFS' SUPPLEMENTAL REPLY IN SUPPORT OF SECOND RENEWED MOTION FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(B)(2)** |
| v. | |
| KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and KRAFT FOODS GLOBAL, INC., | Judge: The Hon. George Wu Date: August 23, 2012 Time: 8:30 a.m. Location: Courtroom 10 |
| Defendants. | |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................ii

INTRODUCTION ..................................................................................................1

ARGUMENT ..........................................................................................................3

    I.    PLAINTIFFS' CLAIMS SEEKING TO ENJOIN KRAFT'S USE OF THE FOUR COOPER STATEMENTS ARE NOT MOOT ..................................................................................................3

    II.    THE MERITS OF PLAINTIFFS' CLAIMS FOR ADDITIONAL FORMS OF INJUNCTIVE RELIEF CLAIMS ARE NOT AT ISSUE ...............................................................................5

    III.    THE LANGUAGE PLAINTIFFS CHALLENGE IS PROPERLY AT ISSUE ........................................................................6

        A.    None of Plaintiffs' Challenges are Precluded by the Allegations in the Second Amended Complaint..................6

        B.    Plaintiffs' Challenges Do Not Exist in a Vacuum and the Court has Not Dismissed Any Phrases Identified in Plaintiffs' Supplemental Submission..................................8

        C.    Kraft's Request for Reconsideration of the Court's Orders Upholding Challenges to "Made With" and Other Ingredient Statements is Improper and Erroneous.............................9

    IV.    PLAINTIFFS' SUPPLEMENTAL SUBMISSION IS PROPER ...............13

CONCLUSION .....................................................................................................15

i

*Red et al. v. Kraft Foods Inc.*, Case No. 2:10-cv-01028 GW (AGRx)
REPLY IN SUPPORT OF SUPPLEMENTAL SUBMISSION IN SUPPORT OF CLASS CERTIFICATION

# TABLE OF AUTHORITIES

**Cases**

*Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.*,
   421 F.3d 981 (9th Cir. 2005) ..................................................................................12

*Colgan v. Leatherman Tool Group, Inc.*,
   135 Cal. App. 4th 663 (2006) ..................................................................................5

*Consumers Union of U.S., Inc. v. Alta-Dena Certified Dairy*,
   4 Cal. App. 4th 963 (1992) ......................................................................................6

*Day v. AT&T Corp.*,
   63 Cal. App. 4th 325 (1998) ..............................................................................12, 13

*Dvora v. Gen. Mills, Inc.*,
   2011 U.S. Dist. LEXIS 55513 (C.D. Cal. May 16, 2011) ..........................................10

*Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) ..................................................................................................4

*Henderson v. Gruma Corp.*,
   2011 U.S. Dist. LEXIS 41077 (C.D. Cal. Apr. 11, 2011) ..........................................11

*Johnson v. Gen. Mills, Inc.*,
   2011 U.S. Dist. LEXIS 154213 (C.D. Cal. Mar. 3, 2011) ............................................8

*Rooney v. Cumberland Packing Corp.*,
   2012 U.S. Dist. LEXIS 58710 (S.D. Cal. Apr. 16, 2012) ..........................................12

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th cir. 2008) ......................................................................................8

ii

*Red et al. v. Kraft Foods Inc.*, Case No. 2:10-cv-01028 GW (AGRx)
REPLY IN SUPPORT OF SUPPLEMENTAL SUBMISSION IN SUPPORT OF CLASS CERTIFICATION

# INTRODUCTION

The procedural history of this action is recounted in detail in Plaintiffs' supplemental submission in support of class certification. (Dkt. No. 235 at 3-15.) In short, facing declining revenues from the sale of its various junk food products targeted at children, Kraft had a choice: improve the products by reformulating them, or simply lie about the products' healthfulness on their labels. After weighing both options, Kraft choose the latter, and made hundreds of millions in profits defrauding the mothers of young children. Now, with Plaintiffs seeking to hold it responsible for years of bad acts—most reprehensibly continuing to use the artificial trans fat in children's products with a variety of false health claims refined by extensive consumer and psychological research—Kraft seeks to escape all liability; not after a trial on the merits, but with a single declaration by an employee saying that some, but not all, of the egregiously false claims on its labels are no longer in use and the company does not currently plan to continue them.

The Court and Plaintiffs have repeatedly invited Kraft to *actually* moot some of the claims in this case by consenting to a judgment and order permanently enjoining Defendants from using the four accused packaging statements it claims to have ceased using.[1] But Kraft has continually refused, and now does so once again. (Suppl. Opp. at 5.)

When first presented with such a declaration, the Court examined the cases Kraft relied upon and found they generally depended upon entry of a court order, "obviously present[ing] a stronger argument for mootness than the instant situation." (June 6, 2012 Tentative Order, Dkt. No. 232 at 6.) At the hearing, Kraft's counsel represented that given additional time, his client would consider entering into such an order, and following the hearing, Plaintiffs requested they negotiate the content of an order.

---

[1] *See, e.g.*, Exhibit 1 hereto, July 2, 2012 Hrg. Tr., at 24 ("I'll give [defense counsel] . . . a response . . . as to . . . whether or not your client is willing to go along with some sort of stipulated Court Order; and if so, what would be included in that Court Order.").)

1

*Red et al. v. Kraft Foods Inc.,* Case No. 2:10-cv-01028 GW (AGRx)
PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF CLASS CERTIFICATION

Instead, Kraft turned in yet another declaration, which Plaintiffs did not even see until shortly before the next hearing. (*See* Dkt. No. 233.)

Reviewing the second Kraft employee declaration, the Court found it slightly improved, but still maintained it would only "definitely find Defendants' position sufficient if Kraft would agree to abide by a Court order[.]" (July 2, 2012 Tentative Order, Dkt. No. 234 at 2 n.1.) It reiterated this at the hearing:

> [U]nless at some point defendants actually say, you know, we're willing to enter into a Court Order which bars us from using this language [only then] I don't see the need to issue injunctive relief if they've already agreed to it. . . .
>
> Yeah, it's something that would be pursuant to a Court Order.

(July 2, 2012 Hrg. Tr. at 13.)

Such a requirement for a binding order, not just a mere declaration of an employee, is founded on the exact mootness cases Kraft itself cited. And the logic of this requirement is clear when applied to the facts of this case.

First there is Kraft's propensity for this behavior, which the Court has noted. (*See* Suppl. Br. at 18 (quoting April 12, 2012 Hrg. Tr. at 6)).

Second, the extrinsic evidence Plaintiffs present (*id.* at 17-19), shows the dubiousness of Kraft's assertions, made in declarations not subject to cross-examination, that it has completely discontinued use of the accused phrases.

Third, Kraft continues to benefit from the increased sales and goodwill from the use of the accused language by brick-and-mortar and especially online retailers.

Fourth, Kraft's decision to partially abate the conduct *only after being sued*, and then *only on the eve of certification*, to avoid it, shows that absent the threat of being held legally accountable for its behavior, it will continue to cavalierly disregard the law, the truth, and basic morality in pursuit of sales.

Fifth, Kraft's steadfast refusal to stipulate to an enforceable court order, after being encouraged by the Court multiple times, raises doubts that there is no reasonable

2

*Red et al. v. Kraft Foods Inc.*, Case No. 2:10-cv-01028 GW (AGRx)
PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF CLASS CERTIFICATION

possibility of Kraft engaging in the challenged behavior again, and if does, leaves Plaintiffs, the class and the public no legal recourse.

Finally, even if the Cooper Declaration were sufficient to moot the claims addressed therein,[2] it says nothing about Plaintiffs' other challenges, and does not even reach *all* the forms of injunctive relief Plaintiffs seek with respect to the Cooper Statements.

The Court bent over backwards to humor Kraft's inappropriate merits argument that the case is moot, giving it two additional hearings on the issue. This was *never* an appropriate argument for class certification, because the question of mootness is one of merits. Kraft has taken advantage of the Court's indulgence on this issue to obtain further delay, which should end now with the Court granting class certification with the refined subclass definitions Plaintiffs provided in response to the Court's request. (Dkt. No. 236-18.)

## ARGUMENT

### I. PLAINTIFFS' CLAIMS SEEKING TO ENJOIN KRAFT'S USE OF THE FOUR COOPER STATEMENTS ARE NOT MOOT

In light of its refusal to accede to an Order enjoining Kraft from using the Cooper Statements, Kraft's Supplemental Opposition has done nothing to address the many reasons Plaintiffs provided why their injunctive claims are not moot. (*See generally* Suppl. Br. at 16-21.) Indeed, Kraft does not even address the section of Plaintiffs' Supplemental Submission showing that the Cooper Declaration is unenforceable and thus an illusory promise of resolution. (*See* Suppl. Br. at 20-21.)

Kraft asserts that "Plaintiffs have offered no evidence that there is a 'reasonable expectation' that Kraft Foods will resume using these phrases" (Suppl. Opp. at 6), but besides wrong, this argument flips the burden of proof on its head. As the Court

---

[2] *E.g.*, the "Cooper Statements": (1) "Sensible Snacking," (2) "Sensible Solution," (3) "Smart Choices," and (4) "Help Support Kids' Growth and Development." *See* Suppl. Br. at 1 & n.1.

3

recognized earlier, "**Defendants** of course bear the burden of showing that Plaintiffs' claims are moot" (Dkt. No. 232 at 6 (emphasis added)), not the other way around.

Here, Kraft has not, by virtue of the Cooper Declaration, definitively shown "no reasonable possibility" of engaging in the challenged behavior. Rather, Plaintiffs demonstrated that there is a reasonable possibility of future repetition because: (a) some of the phrases that Cooper claims were discontinued actually still appear on current product packaging, bearing future expiration dates, and currently available on the shelves of mainstream grocery stores; (b) the Cooper Statements are widely used in online advertising and sales of the Products;[3] and (c) Kraft's repeated use of health and wellness advertising for years, and its unexplained refusal to enter into an enforceable Court Order rather than rely on an unenforceable declaration from a single employee that may not even be with Kraft in the future, render its promises unreliable.[4]

In sum, Kraft has not satisfied its "***formidable burden*** of showing that it is ***absolutely clear*** that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000) (emphasis added).

Of course, even if it had shown that its behavior with respect to the Cooper Statements were moot, these are only a fraction of the challenged phrases, and Plaintiffs' desire to enjoin them only a fraction of the requested injunctive relief in this case. Thus, in any event, the case is not moot and should be certified for class treatment under Rule 23(b)(2).

---

[3] *Compare* Suppl. Opp. at 4 (acknowledging that a case is not moot unless "interim relief or events have completely and irrevocably eradicated the *effects* of the alleged violation" (emphasis added) (quoting July 2, 2010 Tentative Order, Dkt. No. 234 at 1 (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)))). Benefits to Kraft's sales and goodwill are alleged "effects" of its false and deceptive advertising. *See* SAC ¶ 133.

[4] On several occasions, Kraft has addressed the invitation to enter into a Court Order by contending that it is not "required" (July 2, 2012 Hrg. Tr. at 5; Suppl. Opp. at 5), but it has never explained the reason for its refusal.

4

*Red et al. v. Kraft Foods Inc.,* Case No. 2:10-cv-01028 GW (AGRx)
PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF CLASS CERTIFICATION

## II. THE MERITS OF PLAINTIFFS' CLAIMS FOR ADDITIONAL FORMS OF INJUNCTIVE RELIEF CLAIMS ARE NOT AT ISSUE

Kraft contends that the injunctive relief requested in the SAC is "meritless." (Suppl. Opp. at 9-11.) But this is a procedural motion for class certification, not a test of the merits following adequate discovery. Kraft's argument is procedurally improper.

In their Supplemental Submission, Dkt. No. 235, Plaintiffs identified additional forms of injunctive relief besides the enjoinment of the false claims. These are not new, but found in the SAC's Prayer and include: (a) enjoining Kraft from using non-FDA regulated health and wellness claims on foods containing trans fat and the other objectionable ingredients in its products identified in the SAC; (b) requiring Kraft to engage in a corrective advertising campaign; and (c) requiring Kraft to recall and destroy unlawful packaging and advertisements. (*See* Suppl. Br. at 22-25.) Kraft had many opportunities in Rule 12 briefing to challenge these requests if they believed them to be "meritless," but it did not. Nor has the Court ever issued an order dismissing, striking or otherwise precluding Plaintiffs from seeking such relief. Plaintiffs have identified ample case law supporting the imposition of these types of relief. (*Id.*) While at the appropriate stage it will become important for the Court and parties to fully assess the necessity and propriety of these requests, that is not now, on class certification.

But even if the Court were to consider now—before any merits discovery or determination of Kraft's liability, intention and moral culpability—whether Plaintiffs' injunctive relief requests are proper, it should certainly find that they are. Plaintiffs demonstrated the propriety of requests with authority, and Kraft's assertion that it does not understand what Plaintiffs mean by a corrective advertising campaign (*see* Suppl. Opp. at 10) is disingenuous—just as Leatherman was required in *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663 (2006) to tell the public that its tools were not "Made in the U.S.A.," Kraft can be compelled to tell the public that its trans fat snacks are not "wholesome" "Sensible Solutions" that "Help Kids' Growth and Development."

5

*Red et al. v. Kraft Foods Inc.*, Case No. 2:10-cv-01028 GW (AGRx)
PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF CLASS CERTIFICATION

Kraft's assertion that it is powerless to intervene where third parties are selling Kraft's snacks based on the accused packaging (*id.* at 11) is equally disingenuous. Kraft presumably owns rights to the high-quality stock photographs these online grocers use and can enforce them. Moreover, it is unlikely any third party would refuse to substitute an appropriate product photo upon Kraft's request, and if any do, these can be dealt with on an *ad hoc* basis. This remote possibility does not undermine the propriety of Plaintiffs' request for this injunctive relief. And although Kraft contends that Plaintiff lacks authority for this type of relief (an issue that is not properly before the Court), the concern of Plaintiffs' that Kraft is continuing to benefit from the use of these maligned phrases by third parties is the exact one the court raised in *Consumers Union of U.S., Inc. v. Alta-Dena Certified Dairy*, 4 Cal. App. 4th 963, 972-73 (1992) as the basis of imposing mandatory injunctive relief in the form of a warning. (*See* Suppl. Br. at 24.)

### III. THE LANGUAGE PLAINTIFFS CHALLENGE IS PROPERLY AT ISSUE

Kraft advances two arguments in an attempt to undermine the viability of Plaintiffs' challenges to packaging statements that Kraft does not otherwise assert are moot because of voluntary cessation (e.g., those statements other than the Cooper Statements). Neither is availing.

### A. None of Plaintiffs' Challenges are Precluded by the Allegations in the Second Amended Complaint

In an attempt at a "gotcha" moment, Kraft argues that some challenges do not appear in the Second Amended Complaint, and contends that "this Court has already recognized [that] a plaintiff may not seek relief for alleged misrepresentations not identified in the complaint." (Suppl. Opp. at 12.) This is wrong. The Court actually said that, while "the Complaint may put certain claims in better context . . . it is the subclasses [that] define how the case is going to be litigated, not what's contained in the Complaint." (July 2, 2012 Hrg. Tr. at 15-16.) Moreover, the Court "presumed that . . . there are certain things supposedly that were contained ***in either the Complaint or***

6

*Red et al. v. Kraft Foods Inc.,* Case No. 2:10-cv-01028 GW (AGRx)
PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF CLASS CERTIFICATION

*something else which transpired in this litigation*, which the Court did not bar . . . and let's just see what it is." (*Id.* at 21 (emphasis added).)

Although the SAC may not specifically identify every instance in which challenged language appeared on every product, *all* of the challenged language appears in the pleading. Specifically, Kraft asserts that the Court should strike "Sensible Solution" in the proposed Saltines Subclass definition; "Sensible Snacking" in the proposed Ritz Reduced Fat Subclass definition; and "Sensible Snacking," "wholesome," "steps to a healthier you" and "nutritionists recommend" in the Honey Maid Graham Subclass definition. (Suppl. Opp. at 12-13.)

The SAC does not identify these phrases specifically with respect to these products because, when it was filed in September 2010, Plaintiffs had not yet taken discovery and thereby obtained all relevant packaging and advertising. But each phrase is discussed somewhere in the SAC, and in terms general enough to apply to each product bearing them. *See, e.g.*, SAC ¶¶ 68, 99-109, 112, 131. Moreover, each challenged phrase has been vetted on multiple occasions in Rule 12 briefing. (*See* Dkt. Nos. 36, 40, 59, 67, 70, 79.) And there is nothing about Plaintiffs' challenge to a particular phrase that materially differs depending on the product, since each product's packaging is challenged on the same basis, that the health and wellness statements are misleading in light of the products' trans fat content. Finally, Kraft has long been aware that Plaintiffs challenge these phrases with respect to these products, because they were identified during class certification briefing after the benefit of packaging-related discovery. (*See* Dkt. No. 95-1 at 5-6.)

At most, then, Kraft's argument suggests good cause to grant Plaintiffs leave to amend the SAC, following certification, consistent with the evidence developed during pre-merits discovery, just as the Court permitted Kraft to amend its Answer to assert a statute of limitations defense (Dkt. No. 151) based on Kraft's argument that "Plaintiffs . . . have been on notice of the statute of limitations defense and in any event merits discovery has not yet commenced." (Dkt. No. 143 at 1.)

7

*Red et al. v. Kraft Foods Inc.,* Case No. 2:10-cv-01028 GW (AGRx)
PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF CLASS CERTIFICATION

### B. Plaintiffs' Challenges Do Not Exist in a Vacuum and the Court has Not Dismissed Any Phrases Identified in Plaintiffs' Supplemental Submission

Kraft argues that some challenged phrases, standing alone, are unactionable. (Suppl. Opp. at 13-15.) As Plaintiffs explained in their Supplemental Submission, this analysis is unavailing under the Ninth Circuit's decision in *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 n.3 (9th cir. 2008). (*See* Suppl. Br. at 11 (quoting *Johnson v. Gen. Mills, Inc.*, 2011 U.S. Dist. LEXIS 154213, at *5 (C.D. Cal. Mar. 3, 2011)).) In addition, Kraft is simply wrong that the Court has dismissed or otherwise rejected *any* of the claims Plaintiffs identify in their Supplemental Submission and revised proposed Subclass definitions.

First, Kraft accuses Plaintiffs of "def[ying] . . . the Court's orders" by including product names in their proposed revised Subclass definitions (Suppl. Opp. at 13-14), despite that they are invoked **only in connection with** other phrases. For example, Plaintiffs' proposed Teddy Grahams I Subclass is defined as: "All persons who purchased in California, between April 1, 2006 and June 1, 2009, 10-ounce or 9.5-ounce varieties of Teddy Grahams in packaging bearing the phrases 'Teddy Grahams,' 'Graham,' **and at least one of the following phrases**: 'wholesome,' 'sensible snacking' or 'sensible solution.'" (Dkt. No. 236-18 at 1 (emphasis added).) Thus, this does not run afoul of the Court's holding that Plaintiffs could not state claims "based *merely* on the names of the products" (Dkt. No. 145-1 at 6 (emphasis added)). This is equally true of the proposed revised Vegetable Thins, Honey Maid Grahams, Ritz Roasted Vegetables and Ritz Whole Wheat Subclasses over which Kraft complains. (*See* Dkt. No. 236-18.)

Second, Kraft cites the Court's recent comment during the July 2 hearing for the proposition that the Court "rejected" Plaintiffs' challenges to "wholesome." (Suppl. Opp. at 14.) Plaintiffs demonstrated in detail, however, why this comment was evocative of a tentative ruling which the Court later modified, and thus not an accurate statement of its

8

*Red et al. v. Kraft Foods Inc.,* Case No. 2:10-cv-01028 GW (AGRx)
PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF CLASS CERTIFICATION

prior, actual holdings. (Suppl. Br. at 2-3, 5-10.) Contrary to Kraft's suggestion, the Court *upheld* Plaintiffs' "wholesome" challenge. (Dkt. No. 36.)

Third, Kraft misrepresents the Court's two orders *upholding* Plaintiffs' challenges to "Nutritionists Recommend" and "Steps to a Healthier You" (Dkt. Nos. 36, 79), as *striking them down*, simply because the Court said in dicta that the phrases "are not likely to be determined to be deceptive" when tested on the merits. (Suppl. Opp. at 15 (titling section "The Court Has Already Indicated That The Phrases . . . Cannot, Standing Alone, Form the Basis of a Claim," and quoting June 24, 2010 Tentative Order, Dkt. No. 36 at 10).)

In any event, a supplemental brief on mootness concerning a pre-merits discovery class certification motion brought under Rule 23(b)(2) is not the appropriate stage or vehicle for a determination of whether specific phrases, standing alone and taken out of context, satisfy California's reasonable consumer test applicable to Plaintiffs' claims. (*Compare* Suppl. Opp. at 15 (requesting that the Court "confirm[5] that the[se] . . . statements are not deceptive *as a matter of law*") (emphasis added).) Kraft makes no argument that these claims would not either fail or succeed as to the entire class.

### C. Kraft's Request for Reconsideration of the Court's Orders Upholding Challenges to "Made With" and Other Ingredient Statements is Improper and Erroneous

Now for a third time on class certification, Kraft seeks a merits-based reconsideration of the Court's *three* orders denying its motion to dismiss Plaintiffs' challenges to "Made With" statements, which Kraft admits it has not voluntarily ceased using, arguing that they are precluded "as a matter of law." (Suppl. Opp. at 16-18.) This time, Kraft also asserts that the Court erred when it upheld Plaintiffs' challenges to words like "graham," "honey," "ginger and molasses," and images of purported ingredients, like vegetables and honey. (Suppl. Opp. at 18-19.)

---

[5] The Court cannot, of course, "confirm" a holding it never made—or even came close to making.

9

The merits of these claims are not properly before the Court. They were properly before the Court during Rule 12 briefing, and the Court rejected Kraft's arguments on several occasions. (*See* Dkt. Nos. 36, 67, 79.) They may again come properly before the Court on a motion for summary judgment, or even a reconsideration motion filed in accordance with Local Rule 7-18. But they are not properly before the Court now, in a supplemental submission on mootness relating to a procedural class certification motion. But even if the Court were to consider now the merits of Kraft's reconsideration motion, it should certainly reject Kraft's argument.

First, contrary to the requirements of a reconsideration motion, Kraft largely rehashes the same arguments the Court repeatedly rejected when Kraft raised them years ago. *C.f.* C.D. Cal. Civ. L.R. 7-18 ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of . . . the original motion."). For example, Kraft asserts that "representations of ingredients included in the products [like 'graham,' 'honey,' and 'ginger and molasses'] . . . are not actionable because they refer to the products' characterizing flavors." (Suppl. Opp. at 18.) Tellingly, despite the Court issuing several *written decisions* addressing these arguments, for support Kraft cites a single remark in a November 2010 hearing transcript. (*Id.*) What the Court actually *held*, however, is that it would "decline to construe these usages as mere representations of 'characterizing flavor.'" (Dkt. No. 67 at 6.) Similarly, the Court held that "[n]one of the 'Honey' products illustrated in the SAC make any reference to honey 'flavor.' Thus they do not appear to be attempting to comply with the 'characterizing flavor' regulations." (Dkt. No. 79 at 4 (record citation omitted).)

Kraft cites the Court's decision in *Dvora v. Gen. Mills, Inc.* as supporting its characterizing flavor argument. It fails to note, however, that in *Dvora* the Court specifically explained "this is a different case than *Red*." 2011 U.S. Dist. LEXIS 55513, at *14 (C.D. Cal. May 16, 2011) (Wu, J.).

Similarly, Kraft again attempts to rely on its products' ingredient lists to cure its deception, despite the Court's repeatedly rejecting this argument. Kraft contends that

10

*Red et al. v. Kraft Foods Inc.,* Case No. 2:10-cv-01028 GW (AGRx)
PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF CLASS CERTIFICATION

"Vegetable Thins and Ritz Roasted Vegetable crackers are in fact made with real vegetables, as clearly disclosed on the nutrition facts panel. . . . And the packaging accurately indicates the relative amount by weight of each ingredient" so that consumers could become aware, by reviewing the fine-print ingredient list, "that these products contain more white flour than graham flour." (Suppl. Opp. at 19; *see also id.* at 20 ("As a quick look at the ingredient list shows . . . Ritz Crackers Roasted Vegetables is indeed made with real vegetables.").) Addressing identical Kraft arguments years ago, this Court held:

> Kraft's primary argument for dismissal is that the actual ingredients are disclosed in the ingredients list. Once again, *Williams* suggests that this would not be an appropriate basis for dismissing Plaintiffs' claims. . . . Plaintiffs allege that the phrase "Made with Real Ginger and Molasses" implies that Nabisco Ginger Snaps are flavored and sweetened with ginger and molasses, whereas they are primarily flavored and sweetened with refined white sugar and high fructose corn syrup. Here, too, the Court would reject Kraft's argument in favor of dismissal—which is essentially the claim that the claim "Made With Real Ginger and Molasses" cannot be misleading as long as the products contain some amount of ginger and molasses. Once again, *Williams*, at least, appears to caution otherwise.

(Dkt. No. 79 at 4-5.)

Alternatively, Kraft characterizes as "new case law" supporting its request for reconsideration the 15-month old decision in *Henderson v. Gruma Corp.*, 2011 U.S. Dist. LEXIS 41077 (C.D. Cal. Apr. 11, 2011). But until Kraft was on the verge of having a certification order entered against it, in the 15 months since the decision issued, at no time did Kraft seek reconsideration based on this case. And for good reason.

Besides having no binding effect on this Court, the decision in *Henderson* was distinguishable on the facts, because there the "Plaintiffs do not provide a specific argument as to how this statement is misleading." *Id.* at *33-34. More importantly, the

11

analysis in *Henderson* is short and cursory and did not even include oral argument, in contrast to this Court's three reasoned decisions that carefully examining the applicable regulations and the phrases in the context of the packaging as a whole in this case. *See id.*

Rather, to the extent the *Henderson* decision suggests that a factually accurate statement is not actionable under California law, *see id.* at *33 ("[t]he product does in fact contain vegetables than can be grown in a garden"), this is clear error. *See Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.*, 421 F.3d 981, 985 (9th Cir. 2005) ("The law encompasses not just false statements but those statements 'which may be accurate on some level, but will nonetheless tend to mislead or deceive . . . . A perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer . . . is actionable under these sections.'" (quoting *Day v. AT&T Corp.*, 63 Cal. App. 4th 325, 332 (1998))).

Kraft's reliance on the non-binding *Rooney v. Cumberland Packing Corp.*, 2012 U.S. Dist. LEXIS 58710 (S.D. Cal. Apr. 16, 2012) is also misplaced, and that case distinguishable on the facts, providing no reason for the court to reverse its prior holdings. *Rooney* involved allegations that the name of the product, "Sugar in the Raw," misleadingly suggested it was unprocessed, unrefined sugar. But undisputed evidence over which the court took judicial notice showed that what the product actually was, processed natural cane turbinado sugar, fell within the accepted definition of "raw" sugar, and that this was disclosed on the product's packaging. *See id.* at *10-12.

Kraft argues that Plaintiffs' challenges to "Made With" claims "must fail under *Rooney*" because "[a] 'significant portion of the general consuming public, acting reasonably' would understand that a box of processed crackers would not have fresh, unprocessed vegetables literally inside the box." (Suppl. Opp. at 17-18.) But this is a strawman, Plaintiffs' claim is not that "fresh, unprocessed vegetables literally inside the box" *See generally* Dkt. No. 67 at 5-6 (Order discussing nature of Plaintiff's challenges to "Made With" claims); Dkt. No. 79 at 2-4 (same).)

Finally, in content that is far afield from the supplemental briefing on mootness that the Court requested, Kraft extensively cites Plaintiffs' deposition for the proposition that "Plaintiffs acknowledged that these types of statements refer to the taste of certain products and not to whether they are 'healthy.'" (Suppl. Opp. at 20.) As Kraft is wont to do, these excerpts are taken out of context and incomplete.[6] In addition, whether the claims are actionable does not depend on Plaintiffs' individual experiences, but whether the phrase in the context of the packaging as a whole would likely deceive the public under California's reasonable consumer test, with the focus on Kraft's conduct.

Finally, in a footnote, Kraft contends that "[t]hese statements also cannot be deceptive as a matter of law because they are factually true and Plaintiffs did not dispute that at their depositions." (Suppl. Opp. at 20 n.12.) Unsurprisingly, Kraft offers no authority for its proposition that California law requires a Plaintiff to dispute the factual accuracy of a challenged claim during her deposition in order that her claims may thereafter proceed. Nor is there any, since under California law, even perfectly true statements are actionable. *Day*, 63 Cal. App. 4th at 332.

## IV. PLAINTIFFS' SUPPLEMENTAL SUBMISSION IS PROPER

Kraft initially contends that Plaintiff's Supplemental Submission is improper because it includes a brief and declaration. (Suppl. Opp. at 3-4.) But the Minute Entry on which Kraft relies (Dkt. No. 234) conveys only a fraction of the Court's instructions, which were more fully given during the July 2 hearing.

During the last hearing, the Court noted that "the procedure is kind of like muddled at this point" (July 2, 2012 Hrg. Tr. at 6), and stated that it "want[s] the record

---

[6] *Compare, e.g.*, Red Dep. Tr. (Dkt. No. 184-2) at 138:8-13 (Q. Can you identify for me anything on the [Teddy Grahams] packaging that you see in front of you that you think is deceptive or gives you some concern? A. . . . [A]nd it says "honey." To me, honey is healthier than – it's natural.), 192:2-8 (Q. What about the product led you to believe that it was at least healthier than, say, for example, potato chips? A. It says "vegetables" on it, and it has the whole vegetables on top of there. Q. Okay. A. And it says "real vegetables."); Whitt Dep. Tr. (Dkt. No. 184-3) at 120:2-5 (Q. And why did you choose Vegetable Thins over the other crackers? A. It's vegetable, the box – pure vegetable – it says "real vegetables" in it.)

13

*Red et al. v. Kraft Foods Inc.,* Case No. 2:10-cv-01028 GW (AGRx)
PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF CLASS CERTIFICATION

to be complete on this, and . . . to reflect that apparently there are defendant's products with language other than 'made with real vegetables' that is still percolating out there in the marketplace" (*id.* at 11). After the parties discussed the procedural posture of challenged language that did not specifically appear in a subclass definition, the Court stated that because it "was unclear or [Plaintiffs] misperceived what the Court's position was" (*id.* at 18), it would "allow [Plaintiffs] to restate the classes to include . . . everything [they] want in terms of the claims" and "give the defense an opportunity to indicate if they feel that any of the amended language . . . includes claims or issues that the Court has already ruled upon," after which it would "decide what the final version of the language of these subclasses are" and proceed to the issue of "whether or not anything is mooted out at this stage given the position that defendants will take." (*Id.* at 18-19.)

Although Kraft protested, the Court stated that it is "going to allow [Plaintiffs] to litigate the matter just to make sure that . . . if this case ever goes up on appeal . . . the appellate court is not confused as to what happened." (*Id.* at 20.) It cautioned that any language Plaintiffs challenged "has to have . . . appeared somewhere before" (*id.*), and that it would not allow Plaintiffs to "pull a fast one and include something in these class definitions that [the Court has] already ruled upon" (*id.* at 19) or "pull[] out a phrase which has never been the subject of this action" (*id.* at 21). And it ensured Kraft that "[i]f that is the case, you'll point . . . to where that transpired in terms of my . . . hearings on the issue or my rulings, since I'm not precluding . . . the defense being allowed to make the argument." (*Id.* at 22.) In sum, the Court directed, "let's just get . . . [these] issues in front of me, and as to the disputes . . . I'll resolve them." (*Id.*) The Court then prescribed a schedule in which it not only gave Kraft an opportunity to oppose Plaintiff's submission, but afforded Plaintiffs the opportunity to reply (*id.* at 24-25), e.g., a briefing schedule. Plaintiffs are unclear how Kraft could expect them to address all these issues in a "simple declaration" (Suppl. Opp. at 1).

Kraft clearly understood this. It sought and obtained Plaintiffs' consent to, and its counsel then filed, a "Stipulation to Modify *Briefing Schedule*" for Plaintiffs' Supplemental Submission, in which it represented that "Defendants' *opposition brief* is due July 20," and "Plaintiffs' *reply brief* is due July 26", and stated that the parties "agree and stipulate to modify the *briefing schedule* . . . ." (Dkt. No. 238 (emphases added).)

## CONCLUSION

The Court should certify the proposed Class under Rule 23(b)(2).

DATED: August 7, 2012

Respectfully Submitted,

/s/Gregory S. Weston
Gregory S. Weston

**THE WESTON FIRM**
GREGORY S. WESTON
JACK FITZGERALD
MELANIE PERSINGER
COURTLAND CREEKMORE
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone: (619) 798-2006

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON
MAGGIE K. REALIN
SKYE RESENDES
3636 4th Street, Suite 202
San Diego, CA 92103
Telephone: (619) 696-9006

*Lead Counsel for Plaintiffs and the Proposed Class*

**MILSTEIN ADELMAN, LLP**
GILLIAN L. WADE
SARA D. AVILA
2800 Donald Douglas Loop North
Santa Monica, CA 90405

*Additional Counsel for Plaintiffs and the Proposed Class*

15

*Red et al. v. Kraft Foods Inc.,* Case No. 2:10-cv-01028 GW (AGRx)
PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF CLASS CERTIFICATION