# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1028-GW(AGRx) | | Date | October 25, 2012 |
|---|---|---|---|---|
| Title | *Evangeline Red, et al. v. Kraft Foods, Inc., et al.* | | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Ronald A. Morrow | Kenneth K. Lee |
| John Joseph Fitzgerald, IV | Dean N. Panos - by telephone |

**PROCEEDINGS:**      **STATUS CONFERENCE**

The Court's Tentative "Final" Ruling is circulated and attached hereto.  Court hears oral argument.
Court to issue order.

|  | 1 | : | 00 |
|---|---|---|---|

Initials of Preparer      JG

*Evangeline Red, et al. v. Kraft Foods, Inc., et al.*, Case No. CV-10-1028
Tentative "Final" Ruling on Plaintiff's Second Renewed Motion for Class Certification

## I. Background

On October 11, 2012, the Court held a fourth hearing (the "October Hearing") on Plaintiffs' Second Renewed Motion for Class Certification.[1] *See* Docket No. 253. At the October Hearing, the Court left open two matters. First, the Court determined that the parties should both submit proposed orders binding Kraft to commitments concerning product labeling that would moot the majority of Plaintiffs' claims. Second, the Court invited further argument as to whether Plaintiffs' remaining claims, based on packaging bearing the label "Made with Real Vegetables," failed as a matter of law.

## II. Analysis

### A. Kraft's Proposed Order Moots the Majority of Plaintiffs' Claims

Previously, the Court indicated that it would deny class certification as to eight of the ten injunctive relief subclasses proposed by Plaintiffs, if and only if Kraft agreed to be bound by a Court order consistent with the terms of a declaration submitted by Kraft Senior Vice President Jay Cooper (the "Cooper Declaration," Docket No. 233, Ex. A). *See* Docket No. 245 at 2-5. The Court held that if Kraft agreed to be bound by such an order, then the majority of Plaintiffs' class claims would be moot upon the issuance of that order, because Plaintiffs would have obtained the sought after injunctive relief - *i.e.* a court order that would prohibit Kraft's use of the challenged packaging. At the October Hearing, the parties debated whether a court order binding Kraft not to use the challenged phrases only on the *precise* packaging identified in Plaintiffs' Second Amended Complaint ("SAC") would be sufficient to moot Plaintiffs' claims, as that might permit Kraft to make a minute, subtle adjustment to the packaging and thus escape the strictures of the court order. Now, Kraft's proposed order adopts a suggestion the Court made at the October Hearing, namely that it agree to be bound, by court order, not to use the packaging challenged in the SAC or packaging "substantially or materially similar" thereto, that also bears a challenged phrase. *See* Docket No. 255-1. The Court has already analyzed the mootness issue *ad nauseum* and will not reiterate that analysis here. The Court thus finds that based upon entry of Kraft's proposed order found at Docket No. 255-1, the Court DENIES class certification as to Plaintiffs' proposed subclasses 1 and 3 through 9, as the claims asserted therein will be moot upon issuance of the Court's order.

Plaintiffs also submitted a proposed order, which envisions that the Court certify *all* of the proposed subclasses, even though the proposed order also enjoins Kraft from using the majority of the challenged labels. Plaintiffs appeared to misunderstand the reason the Court permitted both parties to submit a proposed order; the Court had already held by the time of the

---

[1] Plaintiffs have moved for class certification three times. The first two times, Plaintiffs sought certification as a Rule 23(b)(3) class for monetary damages. In both instances, this Court denied certification. *See* Docket Nos. 145, 216. Plaintiffs then filed a third class certification motion for injunctive relief only pursuant to Rule 23(b)(2), and this hearing is the fifth the Court will have held in connection with this third class certification motion.

October Hearing that with a properly worded order in place, Plaintiffs' claims encompassed in subclasses 1 and 3-9 would be moot and thus certification would be denied. The Court, however, generously provided Plaintiffs another opportunity to suggest its own language as to such an order. Plaintiffs apparently took this as an opportunity to attempt to relitigate the issue of whether *any* court order could moot their claims, as their proposed order envisions the certification of all ten subclasses. Obviously, such a proposal is not relevant to the dispute at this juncture, and Plaintiffs have thus missed their opportunity to offer in good faith any language that could have been used in the court order that will bind Kraft.[2]

### B. Plaintiffs' Claims Based on Use of the Phrase "Made with Real Vegetables" Fail as a Matter of Law

The Court addressed in depth in its previous tentative ruling whether the claims raised in the two non-mooted subclasses fail as a matter of law. Docket No. 253. The class claims at issue are:

> Subclass #2) The Vegetable Thins Subclass: All persons who purchased in California, on or after January 1, 2007, Vegetable Thins in packaging bearing the phrases "Vegetable Thins" and "made with real vegetables," and displaying images of vegetables.

> Subclass #10) The Ritz Roasted Vegetable Subclass: All persons who purchased in California, on or after February 11, 2006, the Roasted Vegetable variety of Ritz Crackers in packaging bearing the phrases "Roasted Vegetable Ritz" and "made with real vegetables," and depicting images of vegetables.

*See* Docket No. 236, Decl. of Jack Fitzgerald, Ex. 18. The Court invited oral argument as to this matter at the October Hearing, and the Court now finds that Defendant has the better of this dispute. To summarize, the Court finds that Defendant has successfully distinguished *Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008), a case that had previously appeared to be the stumbling block in its seeking to dismiss this UCL claim as a matter of law, in arguing that *Williams* involved an affirmative misrepresentation, whereas here the challenged phrase "Made with Real Vegetables" is, as Plaintiffs concede, a true representation.

In order to state a claim under the UCL, FAL, or CLRA, Plaintiffs must allege that Defendant's representations are likely to deceive a reasonable consumer. *Williams*, 552 F.3d at 938; *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (2003). "The term 'likely' indicates that deception must be probable, not just possible." *McKinnis v. Sunny Delight Beverages Co.*, No. CV 07-02034-RGK (JCx), 2007 U.S. Dist. LEXIS 96108, at *7 (C.D. Cal. Sept. 4, 2007) (citing *Freeman*, 68 F.3d at 289). Obviously, the familiar *Iqbal/Twombly* standard also applies: "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

---

[2]Plaintiffs also attempt to relitigate in the proposed order many of the claims that this Court has already found to be non-actionable for various reasons. Defendant aptly summarizes these instances and cites to the relevant docket numbers where the Court has previously addressed each issue. *See* Docket No. 256 at 2-3.

misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)); *Williams*, 552 F.3d at 938 (citing *Twombly* plausibility standard in context of UCL, CLRA and FAL claims). In *Williams*, the Ninth Circuit made clear that granting a motion to dismiss a UCL claim is a "rare situation," providing the example that dismissal would be proper if "the advertisement itself made it *impossible* for the plaintiff to prove that a reasonable consumer was likely to be deceived." 552 F. 3d at 939 (discussing *Freeman*, 68 F.3d at 285) (emphasis added). Even a true advertisement can be deceptive and thus actionable under the UCL if "couched in such a manner that is likely to mislead or deceive the consumer." *Day v. AT&T Corp.*, 63 Cal. App. 4th 325, 332-33 (1998).

In *Williams*, the plaintiffs "challenged the use of the words 'Fruit Juice' juxtaposed alongside images of fruits such as oranges, peaches, strawberries, and cherries. . . . because the product contained *no fruit juice from any of the fruits pictured on the packaging* and because the only juice contained in the product was white grape juice from concentrate." 552 F.3d at 939-40 (emphasis added). In other words, *Williams* involved a challenge to an affirmative misrepresentation, and the Ninth Circuit held that the claim was not suitable for dismissal as a matter of law, because a factfinder could find that "a number of features of the packaging Gerber used for its Fruit Juice Snacks product which could likely deceive a reasonable consumer. The product is called 'fruit juice snacks' and the packaging pictures a number of different fruits, potentially suggesting (*falsely*) that those fruits or their juices are contained in the product." *Id.* at 939 (emphasis added).[3] Moreover, *Williams* held that the existence of the nutritional information and ingredients list printed on the packaging did not render the claim suitable for dismissal, because the "FDA [does not] require[] an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to *correct those misinterpretations* and provide a shield for liability for the deception." *Id.* at 939-40.

Plaintiffs properly cite *Williams* as setting a high bar for dismissal of UCL claims. However, a close reading of *Williams* and its progeny discloses that, in Defendant's words, the case "merely bars a defendant from correcting an affirmative misrepresentation on the front packaging through a back of the box ingredient list." Docket No. 256 at 3. *See, e.g., Hairston v. South Beach Beverage Co., Inc.*, CV 12-1429-JFW (DTBx), 2012 U.S. Dist. LEXIS 74279, at *15 (C.D. Cal. May 18, 2012) (citing *Williams* and dismissing as a matter of law UCL claim because the product's "ingredient list is consistent with the front label statement"). Indeed, a number of courts have dismissed UCL claims as a matter of law post-*Williams*, especially where, as previously noted by this Court, the claim alleges that a consumer will read a true statement on a package and will then disregard "well-known facts of life" and assume things about the products *other than* what the statement actually says. *See Delacruz v. Cytosport, Inc.*, No. 11-3532, 2012 U.S. Dist. LEXIS 51094, at *18-19, 33 (N.D. Cal. Apr. 11, 2012) (dismissing without prejudice a claim that "0g Trans Fat" is misleading simply because the product contained certain *other* fats and oils which plaintiff did not allege to be transfats); *Williamson v. Apple*, No. 5:11-cv-00377 EJD, 2012 U.S. Dist. LEXIS 125368, at *17-19 (N.D. Cal. Sept. 4, 2012) ("the

---

[3]It should be further noted that the "fruit juice" item in *Williams* was a "food product developed for toddlers" and part of the defendant's "'Graduates for Toddlers' product line." 552 F.3d at 937.

3

representations taken as a whole would not lead the 'reasonable consumer' to believe that the glass housing on the iPhone 4 was indestructible or drop-proof because . . . it is a well-known fact of life that glass can break under impact, even glass that has been reinforced. This much is known to the ordinary, reasonable consumer."). Similarly, here, Plaintiffs' theory of the case is that the packaging "suggests the product is *healthy* and contains a *significant amount* of vegetables" (SAC ¶ 98, emphasis added), because the packaging boasts that the crackers are made with real vegetables and depicts vegetables. The fact remains that the product is a box of crackers, and a reasonable consumer will be familiar with the fact of life that a cracker is not composed of primarily fresh vegetables.[4]

Moreover, while unpublished and thus without precedential weight, the Court cannot ignore two post-*Williams* Ninth Circuit rulings affirming dismissals of UCL claims as a matter of law, both in cases where no affirmative misrepresentation was alleged. *Stuart v. Cadbury Adams USA, LLC*, 458 Fed. App'x 689, 690-81 (9th Cir. Nov. 21, 2011) (affirming dismissal with prejudice of UCL claim because no amendment "would cure Stuart's allegations concerning the deceptive nature of Cadbury's claim that Trident White 'whitens teeth' or of Cadbury's failure to make clear that its product only works with proper oral hygiene"); *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 Fed. App'x 113, 115 (9th Cir. Apr. 5, 2012) (affirming dismissal with prejudice of UCL claim because "it is implausible that a reasonable consumer would interpret 'Original Sundae Cone,' 'Original Vanilla,' and 'Classic,' to imply that Drumstick is more wholesome or nutritious than competing products" and "it strains credulity to claim that a reasonable consumer would be misled to think that an ice cream dessert . . . is healthier than its competitors simply by virtue of these . . . descriptors."). Similarly, here, it strains credulity to imagine that a reasonable consumer will be deceived into thinking a box of crackers is healthful or contains huge amounts of vegetables simply because there are pictures of vegetables and the true phrase "Made with Real Vegetables" on the box. *See Henderson v. Gruma Corp.*, No. 10-4173, 2011 U.S. Dist. LEXIS 41077, at *33-34 (C.D. Cal. Apr. 11, 2011) (dismissing with prejudice "Plaintiffs' claims associated with the phrase 'With Garden Vegetables'" because the product at issue there did "in fact contain vegetables that can be grown in a garden . . . The labeling statement does not claim a specific amount of vegetables in the product, but rather speaks to their presence in the product, which is not misleading [as a matter of law]."). All in all, the instant case is distinguishable from *Williams* in that the case at bar does not concern affirmative misrepresentations, and Plaintiffs' claims are thus suitable for dismissal as no factfinder could find that the challenged packaging is likely to deceive a reasonable consumer.

### III.  Conclusion

The Court would deny class certification as to the claims for injunctive relief as to proposed subclasses 1 and 3-9 because they are already or will be mooted by the Court's entry of Defendant's proposed court order regarding the use of certain phrases on future packaging (*see* Docket No 255-1). In addition, the Court would find that, as to subclasses 2 and 10, Plaintiffs' claims fail as a matter of law.

---

[4]As defined in *Webster's Ninth New Collegiate Dictionary* (1990) at 302, a "cracker" is a "dry thin crispy baked product that may be leavened or unleavened."

4