| | |
|---|---|
| **THE WESTON FIRM** | **JENNER & BLOCK LLP** |
| GREGORY S. WESTON (239944) | KENNETH K. LEE (264296) |
| greg@westonfirm.com | klee@jenner.com |
| JACK FITZGERALD (257370) | 633 West 5th Street, Suite 3500 |
| jack@westonfirm.com | Los Angeles, CA 90071 |
| MELANIE PERSINGER (275423) | Telephone: (213) 239-5100 |
| mel@westonfirm.com | Facsimile: (213) 239-5199 |
| COURTLAND CREEKMORE (182018) | |
| courtland@westonfirm.com | DEAN N. PANOS (*pro hac vice*) |
| 1405 Morena Blvd., Suite 201 | dpanos@jenner.com |
| San Diego, CA 92110 | JILL M. HUTCHISON (*pro hac vice*) |
| Telephone: (619) 798-2006 | jhutchison@jenner.com |
| Facsimile: (480) 247-4553 | 353 N. Clark Street |
| | Chicago, IL 60645 |
| **LAW OFFICES OF RONALD A. MARRON, APLC** | Telephone: (312) 222-9350 |
| | Facsimile: (312) 527-0484 |
| RONALD A. MARRON (175650) | |
| ron@consumersadvocates.com | **Attorneys for Defendants** |
| 3636 4th Avenue, Suite 202 | |
| San Diego, CA 92109 | |
| Telephone: (619) 696-9006 | |
| Facsimile: (619) 564-6665 | |

**Lead Counsel for Plaintiffs**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELINE RED and RACHEL WHITT, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, AND KRAFT FOODS GLOBAL, INC.,<br><br>Defendants. | Case No. 2:10-cv-01028 GW(AGRx)<br>Pleading Type: Class Action<br><br>**JOINT DOCUMENT REGARDING REMAINING ISSUES**<br><br>Judge: The Hon. George Wu |

*Red et al. v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028 GW (AGRx)
JOINT STATEMENT REGARDING REMAINING ISSUES

Plaintiffs Evangeline Red and Rachel Whitt, and Defendants Kraft Foods Inc., Kraft Foods North America, and Kraft Foods Global, Inc., submit this joint document in response to the Court's October 26, 2012 Order requesting the parties file a joint document concerning any remaining issues in the case that still need to be ruled upon by the Court. (Dkt. No. 259.)

## Plaintiffs' Statement

While Plaintiffs' class certification motions have been denied, Plaintiffs will pursue their individual monetary claims—as is their right[1]—and therefore request

---

[1] *C.f. Aberdeen v. Toyota Motor Sales, U.S.A., Inc.*, 422 Fed. Appx. 617, 618-19 (9th Cir. 2011) (Mem.) (after denying certification, "the district court erred . . . in dismissing the case and should have retained jurisdiction to decide Aberdeen's individual claims"); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 500 (9th Cir. 1992) (noting that district court denied motion for certification then granted summary judgment for defendant "after approximately thirty depositions had been taken and thousands of documents produced . . . with respect to Hanon's individual claims"); *Hunter v. Digital Equipment Corp.*, 136 Fed. Appx. 28, 29 (9th Cir. 2005) (Mem.) (upholding dismissal of class claims but holding that plaintiff "should have been allowed to proceed with Claim 1, on an individual basis"); *Huey v. Teledyne, Inc.*, 608 F.2d 1234, 1238-40 (9th Cir. 1979) (denial of class certification is not a final decision but "may force to trial some small claims to assure that the denial . . . will be reviewed"); *Rothman v. Gen. Nutrition Corp.*, 2011 U.S. Dist. LEXIS 134515, at *21 (C.D. Cal. Nov. 17, 2011) ("Plaintiff's Motion to Certify Class is DENIED. Plaintiff is to proceed as an individual."); *Parker v. FedEx Nat'l LTL, Inc.*, 2011 U.S. Dist. LEXIS 156562, at * (C.D. Cal. Apr. 11, 2011) ("Prohibiting Parker from filing a class certification motion [pursuant to C.D. Cal. Civ. L.R. 23-3] will not have an impact on his rights, as he can still proceed as an individual litigant . . . ."); *Juarez v. Jani-King of Cal., Inc.*, 273 F.R.D. 571, 585 (N.D. Cal. Mar. 4, 2011) ("[T]he Court DENIES Plaintiffs' Amended Motion for Class Certification. The case shall proceed as an action on behalf of [plaintiffs] individually."); *Flores v. CVS Pharm.*, 2010 U.S. Dist. LEXIS 118098, at *23 (C.D. Cal. Sept. 7, 2010) ("Plaintiff's Motion for Class Certification is DENIED. The matter shall proceed as an individual action."); *Fine v. ConAgra Foods, Inc.*, 2010 U.S. Dist. LEXIS 101830, at *11 ("Plaintiff's Motion for Class Certification is DENIED. Plaintiff is to proceed as an individual."); *Arrunategui v. ConocoPhillips Co.*, 2010 U.S. Dist. LEXIS 142237,

that the Court lift the discovery stay[2] and schedule a case management conference.

Plaintiffs will also file a motion for attorneys' fees in connection with the Court's Order enjoining Kraft from using certain phrases (Dkt. No. 260), as well as other changes to Kraft's behavior prompted by this lawsuit.[3] Plaintiffs have met

---

at *19-20 (C.D. Cal. Jan. 26, 2010) ("Plaintiffs' Renewed Motion for Class Certification is DENIED. The Plaintiffs are to proceed as individuals."); *Mendoza v. Home Depot, U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 13025, at *32 (C.D. Cal. Jan. 21, 2010) ("[T]he Court DENIES Plaintiffs' Motion for Class Certification. The Class claims are struck. Plaintiffs' claims may now proceed as individual claims."); *Howard v. Gap, Inc.*, 2009 U.S. Dist. LEXIS 105196, at *22 (N.D. Cal. Oct. 29, 2009) ("Although a class has not been certified, this action shall proceed as to plaintiff's individual claims . . . .").

[2] Discovery thus far was expressly limited to class certification issues. Below, Defendants argue that the Court should "reject" Plaintiffs' request for merits discovery because they believe the value of Plaintiffs' claims is low. But a litigant's entitlement to discovery does not depend on the value of her claims, and Plaintiffs are entitled to pursue their claims individually notwithstanding the denial of class certification. Defendants also assert that "[i]f Plaintiffs were to act in good-faith, this case could be easily settled without continued litigation . . . ." Plaintiffs are, of course, willing to discuss settlement, but Kraft has not extended them an offer. And Kraft's assertion ignores the case's posture: "An order that grants or denies class certification may be altered or amended before final judgment," Fed. R. Civ. P. 23(c)(1)(C), and the Court previously indicated it would entertain a renewed certification motion if Plaintiffs develop certain evidence through merits discovery. *See* Apr. 26, 2012 Hrg. Tr. at 14, 20 (In response to question, "would we possibly be allowed to submit a renewed motion if we discover a price premium in discovery?," stating, "Let's get that in and out of the way first; . . . if it's found to be misleading, . . . I would entertain, as you say, at that point in time . . . the issue of damages."). If Plaintiffs are not successful in this regard, they will likely, at the appropriate time, appeal the denial of class certification, the outcome of which will likely affect the case's value, either by rendering class claims viable or by bringing finality to the Court's decision denying certification. All these issues—not just the value of Plaintiff's individual claims—will need to inform any settlement discussions.

[3] Below, Kraft asserts that such a motion is "premature" based on its contention that "Plaintiffs are not entitled to any attorneys' fees because they have not

2

and conferred with Defendants, are currently preparing the motion, and expect to file it in early January. Defendants have indicated they wish to see the motion before agreeing upon a briefing schedule. Accordingly, after filing the motion, Plaintiffs will meet and confer with Defendants on a briefing schedule for the opposition and reply.

### Defendants' Statement

Kraft Foods opposes Plaintiffs' efforts to lift the stay of discovery in pursuit of their individual claims, and believes that a formal briefing schedule for motion for attorneys' fees is premature at this point.

<u>First,</u> Plaintiffs' request to lift the stay of discovery should be rejected because the costs of discovery will greatly outweigh and overwhelm any purported damages in this case. This Court has already denied both Rule 23(b)(2) and 23(b)(3) class certification, and has also held that many of Plaintiffs' claims are non-actionable as a matter of law. The scope of this case has been narrowed to only a handful of snacks that Plaintiffs purportedly purchased over the course of a few years. And contrary to Plaintiffs' insinuation that they received only minimal discovery, they in fact obtained over 4,000 pages of documents — including all of Kraft's packaging, promotional materials, marketing plans, and consumer and industry research for the products at issue — and deposed 30(b)(6) witnesses on Kraft's marketing and consumer research.

Accordingly, the value of Plaintiffs' individual claims is minimal – probably less than one hundred dollars. Plaintiffs' sole relief for their individual claims should be limited to the supposed price premium that they paid for Kraft Foods' products bearing the challenged statements. But even if they sought a complete refund of their purchases, their claimed damages would be extremely small. And

---

prevailed." But this is the exact issue raised by the motion and to be decided *after* briefing. Plaintiffs obviously disagree.

3

1 injunctive relief is no longer available in light of the Court's mootness order.  If
2 Plaintiffs were to act in good-faith, this case could be easily settled without
3 continued litigation which will be unnecessarily burdensome and expensive.[4]

      <u>Second</u>, Kraft Foods believes that a briefing schedule for motion for attorneys' fees is premature at this time. Kraft Foods believes that Plaintiffs are not entitled to any attorneys' fees because they have not prevailed in this case.  But if Plaintiffs insist on filing a motion for attorneys' fees, Kraft Foods would request that it be able to review it before agreeing to a briefing schedule.

---

[4] Plaintiffs suggest that they may file yet *another* class certification motion, even though they (unsuccessfully) sought to certify a class multiple times.  This underscores that the Court should not indulge Plaintiffs' tactics to prolong this case further.

4

| | | |
|---|---|---|
| 1 | DATED: November 20, 2012 | Respectfully Submitted, |
| 2 | | |
| 3 | /s/Gregory S. Weston | /s/ Kenneth Lee _____ |
| 4 | Gregory S. Weston | JENNER & BLOCK LLP |
| | | Kenneth K. Lee |
| 5 | **THE WESTON FIRM** | 633 West 5th Street, Suite 3500 |
| 6 | GREGORY S. WESTON | Los Angeles, CA  90071-2054 |
| | JACK FITZGERALD | Telephone:   (213) 239-5100 |
| 7 | MELANIE PERSINGER | Facsimile:    (312) 239-5199 |
| 8 | COURTLAND CREEKMORE | |
| | 1405 Morena Blvd., Suite 201 | JENNER & BLOCK LLP |
| 9 | San Diego, CA 92110 | Dean N. Panos (*pro hac vice*) |
| 10 | Telephone:   (619) 798-2006 | dpanos@jenner.com |
| | Facsimile:    (480) 247-4553 | Jill M. Hutchison (*pro hac vice*) |
| 11 | | jhutchison@jenner.com |
| 12 | **LAW OFFICES OF RONALD A. MARRON, APLC** | 353 N. Clark Street |
| | | Chicago, IL 60654-3456 |
| 13 | RONALD A. MARRON | Telephone:   (312) 222-9350 |
| 14 | 3636 4th Avenue, Suite 202 | Facsimile:    (312) 527-0484 |
| | San Diego, CA 92109 | |
| 15 | Telephone:   (619) 696-9006 | **Counsel for Kraft Foods Inc., Kraft Foods North America, Kraft Foods Global, Inc.** |
| 16 | Facsimile:    (619) 564-6665 | |
| 17 | **Lead Counsel for Plaintiffs** | |
| 18 | | |
| | **MILSTEIN ADELMAN, LLP** | |
| 19 | Gillian L. Wade | |
| 20 | Sara D. Avila | |
| | 2800 Donald Douglas Loop North | |
| 21 | Santa Monica, CA 90405 | |
| 22 | Telephone:   (310) 396-9600 | |
| | Facsimile:    (310) 396-9635 | |
| 23 | | |
| 24 | **Additional Counsel for Plaintiffs** | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

5

*Red et al. v. Kraft Foods Inc. et al.*, Case No. 2:10-cv-01028 GW (AGRx)
JOINT STATEMENT REGARDING REMAINING ISSUES