# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1028-GW(AGRx) | Date | April 11, 2013 |
|---|---|---|---|
| Title | *Evangeline Red, et al. v. Kraft Foods, Inc., et al.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

None Present                                                    None Present

**PROCEEDINGS:       (IN CHAMBERS): FINAL RULING ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

On April 8, 2013, the Court held a hearing on Plaintiffs' motion for attorneys' fees. The Court issued a tentative ruling ("Tentative Order", Docket No. 299), which is incorporated by reference herein, explaining the Court's reasons for awarding $84,669.80 in fees and $2,300 in costs to Plaintiffs based on their limited success in this lawsuit.

Having considered the material submitted by Plaintiffs regarding the total number of hours spent preparing their application for fees, and in light of the fact that this application was partially successful, the Court has determined that Plaintiffs are entitled to compensation for an additional 36 hours of attorney work and 3 hours of law clerk and paralegal work reasonably expended in preparing their fee motion. *See In re Nucorp Energy, Inc.*, 764 F.2d 655, 660, 663 (9th Cir. 1985) ("In statutory fee cases, federal courts, including our own have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable."). Plaintiffs assert that they devoted over 300 hours to the preparation of their fee application. *See* Pl. Reply, Docket No. 298, at 18; *see also* Time Entries, Docket No. 285, at 26-28, 40-42, 48, 50-51, 64-67, 78-81, 82-84. But for reasons expressed by the Court in its tentative ruling (*see* Tentative Order at 8-10) and during the April 8 hearing, the Court finds that the 300-plus total hours sought for the fee application – which sought compensation for claims repeatedly rejected by this Court – to be unreasonable.[1] "[T]he district court has the discretion to exclude from the initial fee calculation hours that were not reasonably expended, for example, cases that are overstaffed."

---

[1] Indeed, 300 hours of attorney time devoted to the fee application exceeds what the Court deemed reasonable in litigating the entirety of the limited substantive issue on which Plaintiffs prevailed in this Action. Moreover, Plaintiffs' total proposed hours for the fee motion appear to exceed the time Plaintiffs spent on any other brief filed in this case.

Initials of Preparer   JG

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1028-GW(AGRx) | Date | April 11, 2013 |
|---|---|---|---|
| Title | *Evangeline Red, et al. v. Kraft Foods, Inc., et al.* | | |

*Ruff v. County of Kings*, 700 F. Supp. 2d 1225, 1227 (E.D. Cal. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)); *see also Welch v. Metropolitan Life Ins. Co,* 480 F.3d 942, 949 (9th Cir. 2007) ("[B]ecause of the district court's superior understanding of the litigation, the court's conclusion that the hours spent propounding discovery were excessive or otherwise unnecessary is entitled to considerable deference.").

Consistent with its prior analysis concerning the novelty and difficulty of the dispute (Tentative Order at 9-10), the Court finds that Plaintiffs' senior attorneys should not have billed more than 20% of the time devoted to the fee application. *See Webb v. Sloan*, 330 F.3d 1158, 1170 (9th Cir. 2003) (a reduction in hours is appropriate if the court reasonably concludes that preparation of a motion "demanded little of counsel's time"). Having already determined the reasonable rates for Plaintiffs' attorneys (Tentative Order at 9-10), the Court will use those same figures here. The reasonable rate for senior attorneys is $550, the reasonable rate for junior attorneys is $352, and the reasonable rate for law clerks and paralegals is $211.66.[2] Multiplying the number of reasonable hours (36 for attorneys, 3 for law clerks and paralegals) expended litigating the fee application by the reasonable hourly rates, the Court concludes that the value of additional attorneys' fees should be: (1) $3,960 for senior attorneys; (2) $10,137.60 for junior attorneys; and (3) $634.98 for law clerks and paralegals. Therefore, the total additional award for preparing Plaintiffs' fee application should be $14,732.58.

The remainder of the Court's Tentative Order is hereby adopted as final. Adding the instant amount to the amounts listed in its prior Order, the Court finds that Plaintiffs are entitled to a total award of attorneys' fees and costs in the amount of $101,702.38.

---

[2] At the April 8 hearing, Plaintiffs indicated that they agreed with these rates.

Initials of Preparer    JG    :