**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
JACK FITZGERALD (257370)
*jack@westonfirm.com*
MELANIE PERSINGER (275423)
*mel@westonfirm.com*
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone:  (619) 798 2006
Facsimile:   (480) 247 4553

LAW OFFICES OF RONALD A. MARRON, APLC
RONALD A. MARRON (175650)
*ron@consumersadvocates.com*
B. SKYE RESENDES (278511)
*skye@consumersadvocates.com*
ALEXIS M. WOOD (270200)
*alexis@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA 92109
Telephone:  (619) 696 9006
Facsimile:   (619) 564 6665

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELINE RED and RACHEL WHITT<br><br>Plaintiffs,<br><br>v.<br><br>KRAFT FOODS INC., KRAFT FOODS NORTH AMERICA, and KRAFT FOODS GLOBAL, INC.,<br><br>Defendants. | Case No. 2:10-cv-01028 GW(AGRx)<br>Pleading Type: Class Action<br>Action Filed: February 11, 2010<br><br>**PLAINTIFFS' SUPPLEMENT RE: COURT'S JUNE 5, 2014 TENTATIVE ORDER RE MOTION FOR ATTORNEY FEES**<br><br>Judge:     The Honorable George Wu<br>Location:  Courtroom 10 |

At the June 5, 2014 hearing on Plaintiffs' Motion to Attorney's Fees, Plaintiffs stated they thought a portion of the Court's Tentative Order was unduly harsh and critical, and the Court stated it would consider revising it following the submission of a short written supplement.[1]

Specifically, the first full paragraph on page nine states Plaintiffs' counsel engaged in "overbilling," obtained "poor results" and demonstrated "overall bad judgment … throughout the litigation and settlement process."

First, Plaintiffs hope the Court will consider modifying its "overbilling" language. As they stated in brief and declaration, the time spent on this case was comparable or less than similar class actions. *See* Fitzgerald Decl., Doc. 338-2, at ¶ 29. Even if the Court views this time spent as excessive, there are two ways "overbilling" is used. In one case, it means billing a client for work that was never performed, or for more time than was actually spent on a task, a violation of ethical rules. In the second sense, and likely the Court's intended meaning, overbilling refers to "overworking" tasks.

Second, the results obtained here should not be described as "poor." The vast majority of cases filed as class actions are dismissed without *any relief* for the putative class or name plaintiffs. *See* Fitzgerald Decl., Doc. 338-2, at ¶¶ 30-32. Here, the Permanent Injunction was sufficient to moot all of the injunctive relief claims they sought to certify, and the cash settlement was larger than the entire amount Plaintiffs spent on the products, and thus larger than they could have obtained at trial.

Third, Plaintiffs do not think that the Court should, enjoying the benefits of hindsight, second-guess their counsel's judgment so harshly. In this case they filed a lengthy complaint that specifically described each and every claim on Kraft's products they believed was deceptive, supported this with pictures of each product and label, and many citations to government and scholarly sources. They went on to defend most of the

---

[1] Defendants also were granted leave to file a supplement requesting portions of the Order be redacted or modified to preserve the confidentiality of portions of the settlement agreement. Plaintiffs do not oppose such redactions.

1

*Red et al. v. Kraft Foods Inc.*, Case No. 2:10-cv-01028 GW (AGRx)
PLAINTIFFS' SUPPLEMENT RE COURT'S JUNE 5, 2014 TENTATIVE ORDER

complaint against multiple attacks, then diligently pursued discovery, filed motions for class certification, and finally convinced the Court, after multiple briefs, to impose a broader injunction than Kraft initially proposed to moot the case.

The two particular instances cited of "bad judgment" are (1) seeking too much in fees and (2) spending too long and demanding too much in the settlement process. For the first issue, while Plaintiffs sought much more in fees than was awarded, their requested amount was not frivolous. In fee shifting cases, a fee award equal to the prevailing party's lodestar is "presumptively reasonable." *Moore v. E-Z-N-Quick*, 2014 U.S. Dist. LEXIS 57448, at *14-15 (E.D. Cal. Apr. 24, 2014). It may also be adjusted upward for "contingency risk" and excellent "results." *Graham v. DaimerChrysler Corp.*, 34 Cal. 4th 553, 579 (2004). This was indisputably a contingency case, and as described above, Plaintiffs certainly have a colorable case that their results are excellent, so they respectfully believe that, while mostly unsuccessful, their fee motion was not in bad judgment. *See Cabrales v. Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991) ("Lawsuits usually involve many reasonable disputed issues and a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough.")

Second, while it did take a long time to negotiate and draft a settlement, the agreement is an unusual one that required careful drafting and legal research in order to properly preserve Plaintiffs' (1) right to appeal, (2) right to serve as a class representative, notwithstanding the release of individual claims, and (3) right to seek fees.

With regard to the time spent on settlement, the law regarding standing for appeal and to represent classes when one's own claims have been released, settled, or otherwise mooted is far from clear, with conflicting authority. *Compare O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 574 (6th Cir. 2009); *Greisz v. Household Bank, N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) *and Ticconi v. Blue Shield of Cal. Life & Health Ins. Co.*, 160 Cal. App. 4th 528, 549 (2008); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011). Some standing cases turned on the precise wording of settlement agreements, and ensuring that, despite their intentions, they did not inadvertently release these rights, was

2

*Red et al. v. Kraft Foods Inc.*, Case No. 2:10-cv-01028 GW (AGRx)
PLAINTIFFS' SUPPLEMENT RE COURT'S JUNE 5, 2014 TENTATIVE ORDER

1  a valid source of anxiety that resulted in the settlement agreement consuming much more
2  time than usual to negotiate, research, and draft. For this reason, Plaintiffs submit that
3  taking this time was not in bad judgment.
4       For these reasons, Plaintiffs respectfully request the Court modify page 9 of its
5  Tentative Order.

7  DATED: June 9, 2014            Respectfully Submitted,

/s/Gregory S. Weston
Gregory S. Weston

**THE WESTON FIRM**
GREGORY S. WESTON
JACK FITZGERALD
MELANIE PERSINGER
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone: (619) 798-2006
Facsimile: (480) 247-4553

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON
SKYE RESENDES
ALEXIS WOOD
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Counsel for Plaintiffs*

3

*Red et al. v. Kraft Foods Inc.*, Case No. 2:10-cv-01028 GW (AGRx)
PLAINTIFFS' SUPPLEMENT RE COURT'S JUNE 5, 2014 TENTATIVE ORDER