**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVANGELINE RED and RACHEL WHITT, on Behalf of Themselves and All Others Similarly Situated,<br><br>   Plaintiffs-Appellants,<br><br> v.<br><br>KRAFT FOODS INC.; KRAFT FOODS NORTH AMERICA; KRAFT FOODS GLOBAL, INC.,<br><br>   Defendants-Appellees. | No. 15-55760<br><br>D.C. No.<br>2:10-cv-01028-GW-AGR<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted February 15, 2017
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and MURPHY,[**] District Judge.

Appellants Evangeline Red and Rachel Whitt appeal the district court's

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

entry of two orders denying in part their motions for attorneys' fees under the Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1780(e), and California's private attorney general statute, Cal. Civ. Proc. Code § 1021.5. We have jurisdiction under 28 U.S.C. § 1291, *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 897–98 (9th Cir. 2001), and affirm both fee awards.

"We review the factual determinations underlying an award of attorneys' fees for clear error and the legal premises a district court uses to determine an award de novo." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1147–48 (9th Cir. 2001) (citation omitted). "If we conclude that the district court applied the proper legal principles and did not clearly err in any factual determination, then we review the award of attorneys' fees for an abuse of discretion." *Id.* at 1148.

**1.** We affirm the district court's initial award of $101,702.38 in attorneys' fees and costs. The district court properly reduced appellants' $3.3 million fee request as grossly excessive in light of the very limited success appellants actually achieved in their lawsuit. *See Chavez v. City of Los Angeles*, 224 P.3d 41, 54 (Cal. 2010) (holding that a reduced fee award is appropriate where a claimant achieves only limited success). "[F]ees are not awarded for time spent litigating claims unrelated to the successful claims, and the trial court 'should award only that amount of fees that is reasonable in relation to the results obtained.'" *Id.* at 53

(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983)).

Here, the district court did not clearly err in finding that appellants' success was very limited because they did not prevail on their primary claims, they failed three times to certify a class, most of their claims failed as a matter of law, and there was no liability finding. Further, the court properly found that the narrow stipulated injunction did not *cause* appellees (collectively, Kraft) to stop using the enjoined phrases on its packaging because Kraft had stopped using most of the phrases before appellants' lawsuit was filed. The court also found that the stipulated injunction did not cause Kraft to adjust its ingredients, reformulate its products, or change its business practices. Based on these factual findings, which were not clearly erroneous, the district court did not abuse its discretion in awarding fees only for the hours appellants reasonably expended in securing the stipulated injunction, working on motions in which they succeeded, and bringing their initial fee request.

**2.** The district court did not err in applying blended hourly rates of $550 for partners and senior associates, $352 for junior associates, and $211.66 for law clerks and paralegals. "There is no requirement that the reasonable market rate mirror the *actual* rate billed." *Syers Props. III, Inc. v. Rankin*, 172 Cal. Rptr. 3d 456, 463 (Ct. App. 2014). The blended rates used were reasonable averages consistent with the prevailing market rates charged in similar cases within the

3

Central District of California.  *See, e.g.*, *POM Wonderful, LLC v. Purely Juice, Inc.*, No. CV 07-2633 CAS JWJx, 2008 WL 4351842, at *4 (C.D. Cal. Sept. 22, 2008).[1]

**3.**  We also affirm the district court's second fee award of $11,368.25.  In ruling on appellants' renewed fee motion seeking $1.9 million, the district court did not abuse its discretion in denying the duplicative fee requests it had already considered in appellants' initial fee motion.  *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); C.D. Cal. L.R. 7-18.  Moreover, the district court properly reduced the excessive fees that appellants requested for settling their individual claims and bringing their second fee motion, which was almost identical to the first.  *See Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1047 (9th Cir. 2000).  Lastly, the district court did not abuse its discretion by imposing a negative multiplier of .75 to address counsel's egregious and excessive billing practices.  *See Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992); *Perez v. Safety-Kleen Sys., Inc.*, 448 F. App'x 707, 709 (9th Cir. 2011).

**4.**  The district court provided adequate explanations for both its fee awards.  The court's rationale was clear and it provided sufficient reasons to justify the extent of the cuts ordered.  *See Masalosalo by Masalosalo v. Stonewall Ins. Co.*,

---

[1]  Because we conclude that the blended rates were proper, we need not address whether appellants waived their right to challenge the blended rates.  *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (stating that waiver is a discretionary determination).

718 F.2d 955, 957 (9th Cir. 1983). The district court was not required to specify each charge that it found to be unreasonable. *Gorman v. Tassajara Dev. Corp.*, 100 Cal. Rptr. 3d 152, 198 (Ct. App. 2009). "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). As such, the district court "may take into account [its] overall sense of a suit" in calculating a reasonable fee, and we "must give substantial deference to [its] determinations, in light of '[its] superior understanding of the litigation.'" *Id.* (quoting *Hensley*, 461 U.S. at 437).

    **5.** Lastly, the district court properly construed the CLRA by applying the statute's fee-shifting provision liberally, as required under California Civil Code section 1760. The court specifically cited section 1760 as the basis for awarding anything at all to appellants and explained that, if not for the CLRA's liberal application, it would have found Kraft to be the prevailing party. On this record, such a conclusion would not have been erroneous in the absence of section 1760.

    Appellants shall bear all costs of appeal. *See* Fed. R. App. P. 39(a)(2).

    **AFFIRMED.**